**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of **DELAWARE**
(State)

Case number *(if known)* _____  Chapter **11**

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's name**

   LEAR CAPITAL, INC., a California corporation

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**

   95 4637197 __ __ __ __

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   |---|---|
   | 1990 S. Bundy Drive, Suite 600 | |
   | Number   Street | Number   Street |
   | | P.O. Box |
   | Los Angeles   CA   90025 | |
   | City   State   ZIP Code | City   State   ZIP Code |
   | | **Location of principal assets, if different from principal place of business** |
   | Los Angeles | 3601 N. Market Street |
   | County | Wilmington, DE 19802 |
   | | Number   Street |
   | | 1100 North Market Street, 11th Floor |
   | | Wilmington, DE 19801 |
   | | 1312 Lincoln Blvd., Santa Monica, CA 90401 |
   | | City   State   ZIP Code |

5. **Debtor's website (URL)**

   learcapital.com

Debtor  Lear Capital, Inc.
_____
Name

Case number *(if known)*_____

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

454390

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☒ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000. **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors. in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor    Lear Capital, Inc.
_____    Case number (if known) _____
          Name

9.  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.   District _____   When _____   Case number _____
                                           MM / DD / YYYY

         District _____   When _____   Case number _____
                                           MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases  If more than 1, attach a separate list.

☑ No

☐ Yes.   Debtor _____   Relationship _____

         District _____   When _____
                                                   MM / DD / YYYY

         Case number, if known _____

11. **Why is the case filed in *this* district?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number          Street

_____

_____
City                                        State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

         Contact name _____

         Phone _____

**Statistical and administrative information**

---

Debtor    Lear Capital, Inc.                                    Case number _(if known)_
          Name

13. **Debtor's estimation of available funds**

_Check one:_

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

14. **Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

15. **Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☒ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

16. **Estimated liabilities**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☒ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 2/28/2022
            MM / DD / YYYY

X _signature_                                    John Ohanesian
Signature of authorized representative of debtor    Printed name

Title President and CEO

Debtor    Lear Capital, Inc.
          _____
          Name

Case number (if known) _____

18. **Signature of attorney**    ✗ _____    Date  3/2/22
                                   Signature of attorney for debtor          MM / DD / YYYY

Jeffrey R. Waxman
_____
Printed name

Morris James LLP
_____
Firm name

500          Delaware Avenue, Suite 1500
_____
Number     Street

Wilmington                              DE       19801
_____     _____  _____
City                                 State    ZIP Code

302-888-5842                            jwaxman@morrisjames.com
_____     _____
Contact phone                        Email address

4159                                    DE
_____     _____
Bar number                           State

ACTION BY UNANIMOUS WRITTEN CONSENT
OF THE BOARD OF DIRECTORS
OF
**LEAR CAPITAL, INC.,**
a California corporation

The undersigned, being all of the Directors of LEAR CAPITAL, INC., (the "Corporation"), and pursuant to the laws of the State of California and the Bylaws of the Corporation, do hereby take the following actions by their unanimous written consent:

### CHAPTER 11 FILING

WHEREAS, the Corporation has resolved certain claims made by the State of New York and the City of Los Angeles and believes there are, or may be, other outstanding claims of its customers or other agencies that may be formalized in the future, although the Corporation does not believe it has any liability for any such claims that may be made, but recognizing that litigation of any such claims in multiple forums would be expensive and disruptive;

WHEREAS, in order to streamline all of the above referenced potential claims into one forum, a proposal has been made to the Directors of the Corporation to, among other things, (a) prepare, authorize, and direct a process to be commenced by the Corporation under Title 11 of the U.S. Code (the "Bankruptcy Code"), the Canadian Bankruptcy and Insolvency Act, or any similar or alternative insolvency-related options or regimes (a "Bankruptcy Proceeding"), (b) authorize and direct the Corporation's retention of professionals, (c) select and authorize the Corporation to negotiate, finalize, consummate, and otherwise proceed with transactions to be consummated through a Bankruptcy Proceeding, and (d) approve and authorize decisions impacting the employment or retention of the Corporation's employees, agents, contractors, and representatives;

WHEREAS, after due consideration taking into account the information available to it at this time, and after consultation with the Corporation's management, legal, financial, and other advisors, and in the exercise of their reasonable business judgment, the Directors have determined that it is in the best interests of the Corporation, its stakeholders, and its creditors to commence a Bankruptcy Proceeding or Proceedings on behalf of the Corporation and undertake any other actions herein required or approved; and

NOW, THEREFORE, BE IT RESOLVED, that the Board of Directors has declared, and it hereby does declare, that it is in the best interests of the Corporation and its stakeholders that the Corporation seek relief under the Bankruptcy Code.

FURTHER RESOLVED, that the Corporation shall be, and hereby is, authorized to file a voluntary petition (the "Petition") for relief under Chapter 11, Subchapter V, of the Bankruptcy Code (the "Chapter 11 Case"), in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and perform any and all such

acts as are reasonable, advisable, expedient, convenient, proper or necessary to effectuate the purpose and intent of the foregoing.

## RETENTION OF PROFESSIONALS & CLAIMS/NOTICING AGENT

RESOLVED FURTHER, that the engagement by the Corporation of (a) Shulman Bastian Friedman & Bui LLP as general counsel, (b) Morris James LLP as local Delaware counsel, (c) Paladin Management Group as financial advisors, and (d) BMC Group, Inc. as official claims and noticing agent, including full responsibility for the distribution of notices and maintenance, processing and docketing of proofs of claims filed in the bankruptcy case to be filed, is hereby ratified, adopted and approved in all respects.

FURTHER RESOLVED, that Shulman Bastian Friedman & Bui LLP, Morris James LLP, and any additional co-counsel or special counsel selected by the Corporation, shall be, and hereby are, authorized, empowered and directed to represent the Corporation, as debtor and/or debtor in possession, in connection with any Chapter 11 Case commenced by or against it under the Bankruptcy Code.

## ADDITIONAL RESOLUTIONS

RESOLVED FURTHER, that all acts lawfully done or actions lawfully taken by any officer of the Corporation or any professionals engaged by the Corporation in connection with the Chapter 11 Case or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Corporation.

FURTHER RESOLVED, that any and all actions and transactions by the Directors or any officer for and on behalf and in the name of the Corporation with respect to any transactions contemplated by the foregoing resolutions before the adoption of the foregoing resolutions be, and they hereby are, ratified, authorized, approved, adopted and consented to in all respects for all purposes.

FURTHER RESOLVED, that the corporate secretary of the Corporation is authorized and directed to certify and/or attest these resolutions, certificate of incumbency and such other documents or instruments that the corporate secretary of the Corporation may deem necessary or appropriate in connection with the foregoing matters; provided, however, that such certification and/or attestation shall not be required for any document, instrument or agreement to be valid and binding on the Corporation.

FURTHER RESOLVED, that officers of the Corporation shall upon action by the Board of Directors be authorized, directed and empowered, in the name and on behalf of the Corporation, as debtor and/or debtor in possession, to negotiate, execute, deliver, and perform, or cause to be negotiated, executed, delivered, and performed, and take such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, notices and any and all other

2

documents as any proper officer of the Corporation may deem necessary or appropriate to facilitate the transactions contemplated by the foregoing resolutions, as may be deemed necessary, desirable or appropriate.

IN WITNESS WHEREOF, the undersigned, being all of the Directors of the Corporation, have executed this action and adopted these resolutions by their unanimous written consent, evidenced by their signatures herein below, or on one or more counterparts of this action which, when taken together, shall constitute one action, and which may be delivered by facsimile, email or other internet transmission of .pdf, .jpg, .tiff, or other image files or other signature mechanism.  This action and such resolutions shall become effective as of and on March 1, 2022.

KEVIN DEMERITT

JOHN JENKINS

3

**Fill in this information to identify the case:**

Debtor name  LEAR CAPITAL, INC.

United States Bankruptcy Court for the: _____ District of Delaware_____
(State)

Case number (If known):  _____

☐ Check if this is an
amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | | | | | | |
| NONE – N/A | | | | | | |
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |

Debtor    LEAR CAPITAL, INC.                                    Case number *(if known)*  _____
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | | | | | | |
| 8 | | | | | | |
| 9 | | | | | | |
| 10 | | | | | | |
| 11 | | | | | | |
| 12 | | | | | | |
| 13 | | | | | | |
| 14 | | | | | | |
| 15 | | | | | | |
| 16 | | | | | | |

Debtor:   LEAR CAPITAL, INC.                                          Case number (if known) _____
           Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17 | | | | | | |
| 18 | | | | | | |
| 19 | | | | | | |
| 20 | | | | | | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: | Chapter 11 |
| LEAR CAPITAL. INC.. a California corporation | Case No. _____ |
| Debtor. | |

**CORPORATE OWNERSHIP STATEMENT**
**[FRBP 1007(a)(1) and 7007.1]**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure. the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's equity interest, or states that there are no entities to report under FRBP 7007.1:

| Shareholder | Class and Number of Shares | Approximate Percentage Held |
|---|---|---|
| None – N/A | | |
| | | |
| | | |
| | | |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

IN RE:

LEAR CAPITAL, INC., a California corporation

Debtor.

Chapter 11

Case No. _____

## LIST OF EQUITY SECURITY HOLDERS

| Shareholder Name and Address | Class | Approximate Shares Held | Approximate Percentage Held |
|---|---|---|---|
| Kevin Demeritt 1990 S. Bundy Drive, #600 Los Angeles, CA 90025 | Common Stock | | 100% |

# Balance Sheet
### As of February 28, 2022

|  | Feb 28, 22 |
|---|---|
| **ASSETS** | |
| **Current Assets** | |
| **Checking/Savings** | |
| 1001 · Safe | 24,763.84 |
| 1010 · Banc of California | |
| 1011 · BOC - General 1731 | 3,355,229.11 |
| 1013 · BOC - Control Account 4295 | 836,305.26 |
| Total 1010 · Banc of California | 4,191,534.37 |
| 1020 · AXOS Online Bank | |
| 1021 · AXOS - General 8676 | 3,440,264.21 |
| Total 1020 · AXOS Online Bank | 3,440,264.21 |
| 1030 · M&T Bank (DE) | |
| 1031 · M&T - General 3322 | 8,000,000.00 |
| Total 1030 · M&T Bank (DE) | 8,000,000.00 |
| **Total Checking/Savings** | 15,656,562.42 |
| **Other Current Assets** | |
| 1210 · Other Receivables | |
| 1211 · Wilshire Coin Receivables | 2,094,768.56 |
| 1212 · Staff Advances | 26,471.98 |
| 1230 · Shareholders Receivable | 530,047.77 |
| Total 1210 · Other Receivables | 2,651,288.31 |
| 1300 · Inventory | |
| 1310 · IRA Sales Inventory | 500,130.09 |
| 1311 · IRA Buybacks Inventory | 7,516,457.22 |
| 1320 · DTC Sales Inventory | 3,819,747.27 |
| 1322 · DTC Buybacks Inventory | 1,853,176.70 |
| Total 1300 · Inventory | 13,689,511.28 |
| 1400 · Prepaid Expenses | |
| 1402 · Prepaid Legal & Professional | 1,176,071.11 |
| 1403 · Prepaid Insurance | 945,316.03 |
| 1405 · Employee Benefits | 69,882.64 |
| 1400 · Prepaid Expenses - Other | 103,772.74 |
| Total 1400 · Prepaid Expenses | 2,295,042.52 |
| **Total Other Current Assets** | 18,635,842.11 |
| **Total Current Assets** | 34,292,404.53 |
| **Fixed Assets** | |
| 1500 · Computers & Equipment | 508,303.39 |
| 1510 · Furniture & Fixtures | 363,297.57 |
| 1520 · Leasehold Improvements | 156,670.54 |
| 1599 · Less - accumulated depreciation | -959,571.42 |
| **Total Fixed Assets** | 68,700.08 |
| **Other Assets** | |
| 1601 · Deposits | 88,514.86 |
| **Total Other Assets** | 88,514.86 |
| **TOTAL ASSETS** | **34,449,619.47** |

8:01 PM
03/01/22
Accrual Basis

Case 22-10165-BLS    Doc Filed 03/02/22    Page 15 of 23

Lear Capital, Inc
**Balance Sheet**
**As of February 28, 2022**

|  | Feb 28, 22 |
|---|---|
| **LIABILITIES & EQUITY** | |
| **Liabilities** | |
| **Current Liabilities** | |
| **Accounts Payable** | -1,175.00 |
| **Other Current Liabilities** | |
| **2100 · Accrued Liabilities** | |
| **2025 · Accrued G&A Expenses** | 247,032.37 |
| **Total 2100 · Accrued Liabilities** | 247,032.37 |
| **2200 · Accrued Payroll Liabilities** | |
| **2203 · Accrued Employee Benefits** | 2,598.60 |
| **Total 2200 · Accrued Payroll Liabilities** | 2,598.60 |
| **2250 · Customer deposits** | 22,052,602.38 |
| **2300 · Deferred Rent** | 54,007.92 |
| **Total Other Current Liabilities** | 22,356,241.27 |
| **Total Current Liabilities** | 22,355,066.27 |
| **Total Liabilities** | 22,355,066.27 |
| **Equity** | |
| **3100 · Capital Stock** | 300,000.00 |
| **3115 · Additional Paid in Capital** | 142,151.89 |
| **3200 · Shareholder Distributions** | -16,076,067.81 |
| **3900 · Retained Earnings** | 28,347,867.09 |
| **Net Income** | -619,397.97 |
| **Total Equity** | 12,094,553.20 |
| **TOTAL LIABILITIES & EQUITY** | 34,449,619.47 |

# Statement of Cash Flows
## February 2022

|  | Feb 22 |
| --- | ---: |
| **OPERATING ACTIVITIES** | |
| **Net Income** | -45,294.75 |
| **Adjustments to reconcile Net Income** | |
| **to net cash provided by operations:** | |
| 1210 · Other Receivables:1211 · Wilshire Coin Receivables | -1,274,470.03 |
| 1210 · Other Receivables:1212 · Staff Advances | 12,600.00 |
| 1300 · Inventory:1310 · IRA Sales Inventory | -328,128.93 |
| 1300 · Inventory:1311 · IRA Buybacks Inventory | -6,769,154.34 |
| 1300 · Inventory:1320 · DTC Sales Inventory | -3,373,868.03 |
| 1300 · Inventory:1322 · DTC Buybacks Inventory | -1,778,517.45 |
| 1400 · Prepaid Expenses | -17,435.00 |
| 1400 · Prepaid Expenses:1402 · Prepaid Legal & Professional | -504,459.07 |
| 1400 · Prepaid Expenses:1403 · Prepaid Insurance | 105,035.12 |
| 1400 · Prepaid Expenses:1405 · Employee Benefits | -19,302.11 |
| 2000 · Accounts Payable | 7,430.32 |
| 2001 · American Express - 31005 | -542,299.24 |
| 2200 · Accrued Payroll Liabilities:2201 · Accrued Payroll | -740,318.39 |
| 2200 · Accrued Payroll Liabilities:2202 · Accrued payroll tax liability | -337,981.13 |
| 2200 · Accrued Payroll Liabilities:2203 · Accrued Employee Benefits:2203.03 · CalSavers | 541.79 |
| 2200 · Accrued Payroll Liabilities:2203 · Accrued Employee Benefits:2203.04 · Employee FSA | -940.07 |
| 2200 · Accrued Payroll Liabilities:2207 · Wage Garnishment | -2,807.43 |
| 2250 · Customer deposits | 14,625,113.77 |
| **Net cash provided by Operating Activities** | -984,254.97 |
| **Net cash increase for period** | -984,254.97 |
| **Cash at beginning of period** | 16,640,817.39 |
| **Cash at end of period** | **15,656,562.42** |

# Income Statement
## February 2022

| | Feb 22 |
|---|---:|
| **Ordinary Income/Expense** | |
| **Income** | |
| **4000 · Sales** | |
| 4001 · Sales - IRA | 4,249,767.12 |
| 4002 · Sales - DTC | 6,636,450.47 |
| **Total 4000 · Sales** | 10,886,217.59 |
| **4100 · Buybacks** | |
| 4101 · Buyback Sales (to WC) | 4,210,075.71 |
| 4102 · Buyback Purchases (from cstmr) | -4,227,732.94 |
| **Total 4100 · Buybacks** | -17,657.23 |
| **Total Income** | 10,868,560.36 |
| **Cost of Goods Sold** | |
| 5000 · COGS - Purchases | 8,096,424.15 |
| 5001 · Shipping Expense | 23,620.56 |
| **Total COGS** | 8,120,044.71 |
| **Gross Profit** | 2,748,515.65 |
| **Expense** | |
| **6000 · Selling Expenses** | |
| 6010 · Advertising | 778,269.13 |
| 6020 · Marketing | 158,393.43 |
| 6050 · Commissions | |
| 6051 · Commissions - IRA | 407,971.32 |
| 6052 · Commissions - DTC | 738,704.68 |
| 6053 · Commissions - Other | 5,000.00 |
| **Total 6050 · Commissions** | 1,151,676.00 |
| **Total 6000 · Selling Expenses** | 2,088,338.56 |
| **6100 · Salaries & Wages** | |
| 6101 · Salary-Officer | 70,543.03 |
| 6102 · Administrative Salaries & Wages | 89,172.50 |
| 6103 · Employee Benefits | 4,862.50 |
| 6105 · Employer Payroll taxes | 80,164.77 |
| 6106 · Payroll adminstrative fees | 2,536.28 |
| **Total 6100 · Salaries & Wages** | 247,279.08 |
| **6200 · General & Administrative** | |
| 6201 · Answering Service | 800.00 |
| 6204 · Bank Service Charges | 401.14 |
| 6205 · Merchant Services | 1,281.38 |
| 6209 · Insurance | 108,035.12 |
| 6210 · Travel, Meals & Entertainment | 455.42 |
| 6211 · Office Expense | 346.36 |
| 6212 · Office supplies | 711.79 |
| 6213 · Professional Services | |
| 6213.01 · Legal Services | 137,177.56 |
| 6213.02 · Accounting Services | 5,427.00 |
| 6213.04 · Other Consulting Services | 90,703.11 |
| **Total 6213 · Professional Services** | 233,307.67 |

# Income Statement

### February 2022

|  | Feb 22 |
|---|---:|
| **6214 · Parking** | 15,049.10 |
| **6216 · Printing** | 636.88 |
| **6217 · Rent** | |
| **6217.01 · Rent - Santa Monica** | 51,031.60 |
| **6217.02 · Rent - Woodland Hills** | 10,264.36 |
| **6217.03 · Rent - Newport Beach** | 8,075.79 |
| **6217.04 · Equipment Rental** | 563.53 |
| **6217.05 · Storage Fees** | 5,653.73 |
| **Total 6217 · Rent** | 75,589.01 |
| **6221 · Utilities** | |
| **6221.01 · Telephone** | 8,117.17 |
| **6221.02 · Internet Expenses** | 13,061.72 |
| **Total 6221 · Utilities** | 21,178.89 |
| **6222 · Local Tax, Licenses and Permits** | 400.00 |
| **Total 6200 · General & Administrative** | 458,192.76 |
| **Total Expense** | 2,793,810.40 |
| **Net Ordinary Income** | -45,294.75 |
| **Net Income** | **-45,294.75** |



Inventory Reconciliation
As of                                        2/28/2022

| Inventory | Value | % of Total | Notes |
|---|---|---|---|
| IRA | | | |
|   IRA - Sales | 500,130 | | |
|   IRA - Buybacks | 7,516,457 | | |
| Total IRA | 8,016,587 | 59% | |
| DTC | | | |
|   DTC - Sales | 3,819,747 | | |
|   DTC - Buybacks | 1,853,177 | | |
| Total DTC | 5,672,924 | 41% | |
| **Total Inventory** | **$  13,689,511** | 100% | |

| WC Receivables | | |
|---|---|---|
|   IRA | 1,410,679 | |
|   DTC | 684,090 | |
| Total WC Receivables | 2,094,769 | |

| Customer Deposits | | |
|---|---|---|
|   IRA | 702,986 | |
|   DTC | 4,909,511 | |
| Total Customer Deposits | 5,612,497 | |

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court

_____ District Of DELAWARE

In re   Lear Capital, Inc.

Case No. _____

**Debtor**

Chapter  11 _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above
    named debtor(s) and that compensation paid to me within one year before the filing of the petition in
    bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in
    contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 325,000.00

    Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . $ 325,000.00 [FN]

    Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00

2.  The source of the compensation paid to me was:

    [X] Debtor              [ ] Other (specify)

3.  The source of compensation to be paid to me is:

    [ ] Debtor              [ ] Other (specify)

4.  [X] I have not agreed to share the above-disclosed compensation with any other person unless they are
    members and associates of my law firm.

    [ ] I have agreed to share the above-disclosed compensation with a other person or persons who are not
    members or associates of my law firm. A copy of the agreement, together with a list of the names of the
    people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy
    case, including:

    a.  Analysis of the debtor' s financial situation, and rendering advice to the debtor in determining whether to
        file a petition in bankruptcy;

    b.  Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned
        hearings thereof;

[FN] The Firm also received a $5,000 retainer in May 2020.

B2030 (Form 2030) (12/15)

    d.   Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

    e.   [Other provisions as needed]

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following services:

The Firm will not undertake nor will it be responsible for any of the following: (1) appearances before any court or agency other than the Bankruptcy Court and the Office of the United States Trustee; (2) providing substantive legal advise outside the insolvency area, such as corporate law, partnership law, non-bankruptcy taxation, securities law, torts, environmental law, non-bankruptcy labor issues, criminal law, or real estate law, or the rendering of any opinions in connection therewith; or (3) representing the Debtor in connection with any pending litigation.

---

### CERTIFICATION

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

March 2, 2022
_Date_

_Signature of Attorney_

Shulman Bastian Friedman & Bui LLP
_Name of law firm_

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### District of Delaware

In re    **LEAR CAPITAL, INC.**                                     Case No. _____

                                           Debtor(s)            Chapter    **11**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **Hourly Rate** |
| Prior to the filing of this statement I have received | $ | **$139,274.00** |
| Balance Due | $ | **0.00** |

2.   The source of the compensation paid to me was:

     ☑ Debtor      ☐ Other (specify):

3.   The source of compensation to be paid to me is:

     ☑ Debtor      ☐ Other (specify):

4.   ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

     a.   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
     b.   Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
     c.   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
     d.   Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
     e.   [Other provisions as needed]

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:
     **The Firm will not undertake nor will it be responsible for any of the following: (1) appearances before any court or agency other than the Bankruptcy Court and the Office of the United States Trustee; (2) providing substantive legal advise outside the insolvency area, such as corporate law, partnership law, non-bankruptcy taxation, securities law, torts, environmental law, non-bankruptcy labor issues, criminal law, or real estate law, or the rendering of any opinions in connection therewith; or (3) representing the Debtor in connection with any pending litigation.**

---

### CERTIFICATION

     I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**March 2, 2022**                                  **/s/ Jeffrey R. Waxman**
*Date*                                                   **Jeffrey R. Waxman**
                                                     *Signature of Attorney*
                                                     **Morris James LLP**
                                                     **500 Delaware Avenue**
                                                     **Suite 1500**
                                                     **Wilmington, DE 19801**
                                                     **302-888-6800  Fax: 302-571-1750**
                                                     **jwaxman@morrisjames.com**
                                                     *Name of law firm*

Fill in this information to identify the case and this filing:

Debtor Name  LEAR CAPITAL, INC., a California corporation

United States Bankruptcy Court for the: _____  District of  Delaware
                                                                    (State)

Case number (if known):  _____

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐ Schedule H: Codebtors (Official Form 206H)

☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐ Amended Schedule _____

☑ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☑ Other document that requires a declaration  Corporate Ownership Statement, List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  2/28/2022           ✗ _____
             MM / DD / YYYY              Signature of individual signing on behalf of debtor

                                  John Ohanesian
                                  Printed name

                                  President and CEO
                                  Position or relationship to debtor