# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| LEAR CAPITAL, INC.,[1] | Case No. 22-10165 (BLS) |
| Debtor. | Re: Docket No. 5 |

### INTERIM ORDER (I) AUTHORIZING PAYMENT OF CERTAIN PREPETITION EMPLOYEE CLAIMS, INCLUDING WAGES AND SALARIES, (II) AUTHORIZING PAYMENT OF CERTAIN EMPLOYEE BENEFITS AND CONFIRMING RIGHT TO CONTINUE EMPLOYEE BENEFITS ON POSTPETITION BASIS, (III) AUTHORIZING PAYMENT OF REIMBURSEMENT TO EMPLOYEES FOR PREPETITION EXPENSES, (IV) AUTHORIZING PAYMENT OF WITHHOLDING AND PAYROLL-RELATED TAXES, (V) AUTHORIZING PAYMENT OF PREPETITION CLAIMS OWING TO ADMINISTRATORS AND THIRD PARTY PROVIDERS AND (VI) ALLOWING BANKS TO HONOR PREPETITION CHECKS AND FUND TRANSFERS FOR AUTHORIZED PAYMENTS

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor (the "Debtor") for entry an order, pursuant to sections 105(a), 363(b), 507(a), and 541 of the Bankruptcy Code, (a) authorizing, but not directing, the Debtor, in accordance with its stated policies and in its discretion, to pay, honor, or otherwise satisfy the Prepetition Obligations, including amounts and obligations related to the period prior to the Petition Date, and (b) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the

---

[1] The last four digits of the Debtor's federal tax identification number are 7197. The Debtor's address is 1990 S. Bundy Drive, Suite 600, Los Angeles CA 90025.

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

13481294/1

Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtor, its estate, and creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The final hearing ("Final Hearing") on the Motion shall be held on March 24, 2022 at 1:30 p.m. (prevailing Eastern Time). Any objections or responses to entry of a final order on the Motion shall be filed on or before **March 17, 2022 at 4:00 p.m. (prevailing Eastern Time),** and shall be served on: (a) the Debtor, 1990 S. Bundy Drive, #650, Los Angeles, CA 90025, Attn: John Ohanesian; (b) proposed counsel to the Debtor, Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801; Attn: Jeffrey Waxman, JWaxman@morrisjames.com and Brya Keilson, BKeilson@morrisjames.com, and Shulman Bastian Friedman & Bui LLP, 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618 Attn: Alan J. Friedman, AFriedman@shulmanbastian.com, and Melissa Davis Lowe, MLowe@shulmanbastian.com; (c) the Subchapter V Trustee; and (d) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Rosa Sierra, Rosa.Sierra@usdoj.gov (collectively, the "Notice Parties"). If no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without further notice or hearing.

3. The Debtor is authorized, in its discretion, to pay, honor, or otherwise satisfy amounts and obligations on account of the Employee Programs in the ordinary course of its

business, including, without limitation, any amounts and obligations related to the period prior to the Petition Date as those amounts are set forth below; on an interim basis, the Debtor is authorized to pay $250,000.00 notwithstanding the total amount below; *provided*, *however*, that no payment to any Employee on account of unpaid Wages shall exceed, in the aggregate, the $13,650 statutory cap provided for under section 507(a)(4) of the Bankruptcy Code.

| Category | Amount |
| --- | --- |
| Employee Wages (including estimated Commissions) | $160,000.00 |
| Withholding Obligations | $63,000.00 |
| Obligations to Independent Contractors | $15,000.00 |
| Employee Business Expenses and Reimbursements | $15,000.00 |
| Employee Health Benefits - Medical and Dental Insurance | $12,000.00 |
| Employee Vision Insurance | $200.00 |
| Life, Accidental Death and Dismemberment | $2,000.00 |
| Flex Spending | $800.00 |
| Total Employee Compensation Owed | $268,000.00 |

4. Subject to the Final Hearing, the Debtor is authorized, in its discretion, in the ordinary course of its business, to: (a) continue to pay, honor or otherwise satisfy unpaid amounts due under the Employee Programs, including Wages, Employee expenses, and vacation and sick leave; (b) withhold and remit to the applicable third-parties Wage deductions, trust fund taxes and payroll taxes; and (c) administer the Health Benefits, the Life Plan, the FSA Plan, and the Workers' Compensation Program so long as the total of all payments does not exceed $250,000.00.

5. The Debtor is authorized to continue all Employee Programs.

6. The banks and financial institutions are authorized, when requested by the Debtor, in the Debtor's discretion, to honor and process checks or electronic fund transfers drawn on the Debtor's bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments and provided

that such check or other request was issued within thirty (30) days of the Petition Date. The banks and financial institutions may rely on the representation of the Debtor with respect to whether any check or other transfer drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this Order, and any such bank or financial institution shall not have any liability to any party for relying on such representations by the Debtor, as provided for in this Order. The banks and financial institutions are prohibited from placing any holds on, or attempting to reverse, any automatic transfers to any account of an Employee or other party for Employee Programs.

7. The Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this Case with respect to prepetition amounts owed in connection with any Employee Programs.

8. The Debtor is authorized to continue to pay the Administrators, including payment of any prepetition claims to the extent necessary to ensure uninterrupted delivery of certain benefits to Employees, not to exceed a total of $5,000.00.

9. Nothing in this Interim Order: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor and its estate; (b) shall impair, prejudice, waive or otherwise affect the rights of the Debtor and its estate with respect to the validity, priority or amount of any claim against the Debtor and its estate; or (c) shall be construed as a promise to pay a claim.

10. Notwithstanding anything to the contrary in this Interim Order and regardless of the maximum amount provided for in Section 507(a)(4), Employees shall be entitled to use their accrued vacation and sick time in the ordinary course of business pursuant to the Debtor's policies

and procedures.

11. Nothing in this Interim Order shall be deemed to: (a) authorize the payment of any amounts subject to sections 503(c)(1) or 503(c)(2) of the Bankruptcy Code, or (b) authorize the Debtor to cash out unpaid vacation or sick leave time upon termination of an employee unless applicable state law requires such payment.

12. The Debtor is authorized to take any and all actions necessary to effectuate the relief granted herein.

13. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor.

14. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Interim Order shall be effective immediately and enforceable upon its entry; (b) the Debtor is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Interim Order; and (c) the Debtor is authorized and empowered, and may in its discretion and without further delay, take any action necessary or appropriate to implement this Interim Order.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March 4th, 2022  
Wilmington, Delaware

BRENDAN L. SHANNON  
UNITED STATES BANKRUPTCY JUDGE