# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| LEAR CAPITAL, INC.,[1] | Case No. 22-10165 (BLS) |
| Debtor. | **Re: Docket Nos. 8, 29** |

**FINAL ORDER PURSUANT TO SECTIONS 105(A), 507 (A)(8), AND 541(D) OF THE BANKRUPTCY CODE: (1) AUTHORIZING PAYMENT OF PREPETITION SALES, USE, AND OTHER SIMILAR TAXES AND FEES; AND (2) AUTHORIZING BANKS AND OTHER FINANCIAL INSTITUTIONS TO RECEIVE, PROCESS, HONOR AND PAY CHECKS ISSUED AND ELECTRONIC PAYMENTS REQUESTS MADE RELATED TO SUCH TAXES AND FEES**

Upon the *Motion Pursuant to Sections 105(a), 507(a)(8), and 541(d) of the Bankruptcy Code for an Interim and Final Order: (1) Authorizing Payment of Prepetition Sales, Use, and Other Similar Taxes and Fees; (2) Authorizing Banks and Other Financial Institutions to Receive, Process, Honor and Pay Checks Issued and Electronic Payments Requests Made Related to Such Taxes and Fees* (the "Motion") of the debtor and debtor in possession in the above-captioned case (the "Debtor"); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is necessary to the ongoing orderly operation of the Debtor's business and is in the best interests of the Debtor, its estate, and its creditors; and it appearing that the notice of the Motion having been given as set forth herein was appropriate and that no other or further notice need by given; and after due deliberation

---

[1] The last four digits of the Debtor's federal tax identification number are 7197. The Debtor's address is 1990 S. Bundy Drive, Suite 600, Los Angeles CA 90025.

and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, on a final basis as provided herein.

2. The Debtor is authorized to pay the Prepetition Tax Obligations due and owing as of the Petition Date, including, without limitation, through the issuance of postpetition checks or wire transfer requests, as the Debtor deems necessary, in its sole discretion, in an amount not to exceed $35,000.00 (the "Prepetition Tax Obligations Cap").

3. The Debtor is further authorized in its sole discretion, to pay the Prepetition Tax Obligations that are currently under review or that may be subject to review in the future, but for which no formal assessment has been made, without regard to the Prepetition Tax Obligations Cap, subject in all respects to the rights of the Debtor and any other party-in-interest to contest any such amounts. The Debtor is authorized, in its sole discretion, to negotiate, compromise and pay any such Prepetition Tax Obligations subsequently determined to be owed for periods prior to the Petition Date. In the event any prepetition audits increase the amount of the Prepetition Tax Obligations, the Debtor's right to file a motion to such liabilities is preserved.

4. All, applicable banks and other financial institutions are authorized to receive, process, honor, and pay any and all such checks (whether issued or presented prior to or after the Petition Date) and electronic payments issued by the Debtor for the payment of Prepetition Tax Obligations approved herein, whether prior to or after commencement of this chapter 11 case.

5. The Debtor is authorized (consistent with this Order) to reissue any amounts paid by check prepetition relating to taxes that have not cleared as of the Petition Date and were dishonored or rejected.

6. Nothing herein shall impair any right of the Debtor or any other party in interest to dispute or object to any taxes asserted as owing to the Taxing Authorities or those parties who ordinarily collect the Prepetition Tax Obligations as to amount, liability, classification, or otherwise.

7. Nothing in this Order shall be deemed to authorize the payment of any tax penalties subject to section 503(b)(1)(C) of the Bankruptcy Code.

8. Notwithstanding the possible applicability of Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the Motion or otherwise deemed waived. To the extent the 14-day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Order, such stay is hereby waived.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and Rule 9013-1(m) of the Local Rules of the United States Bankruptcy Court for the District of Delaware are satisfied by such notice.

10. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

**Dated: March 22nd, 2022**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**