**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LEAR CAPITAL, INC.,[1]<br><br>Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 22-10165 (BLS)<br><br>**Re: Docket Nos. 5, 26, 63** |

**FINAL ORDER (I) AUTHORIZING PAYMENT OF CERTAIN PREPETITION EMPLOYEE CLAIMS, INCLUDING WAGES AND SALARIES, (II) AUTHORIZING PAYMENT OF CERTAIN EMPLOYEE BENEFITS AND CONFIRMING RIGHT TO CONTINUE EMPLOYEE BENEFITS ON POSTPETITION BASIS, (III) AUTHORIZING PAYMENT OF REIMBURSEMENT TO EMPLOYEES FOR PREPETITION EXPENSES, (IV) AUTHORIZING PAYMENT OF WITHHOLDING AND PAYROLL-RELATED TAXES, (V) AUTHORIZING PAYMENT OF PREPETITION CLAIMS OWING TO ADMINISTRATORS AND THIRD PARTY PROVIDERS AND (VI) ALLOWING BANKS TO HONOR PREPETITION CHECKS AND FUND TRANSFERS FOR AUTHORIZED PAYMENTS**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor (the "Debtor") for entry an order, pursuant to sections 105(a), 363(b), 507(a), and 541 of the Bankruptcy Code, (a) authorizing, but not directing, the Debtor, in accordance with its stated policies and in its discretion, to pay, honor, or otherwise satisfy the Prepetition Obligations, including amounts and obligations related to the period prior to the Petition Date, and (b) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the Court has

---

[1] The last four digits of the Debtor's federal tax identification number are 7197. The Debtor's address is 1990 S. Bundy Drive, Suite 600, Los Angeles CA 90025.

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

13512684/1

jurisdiction to consider the Motion in accordance 28 U.S.C. §§157 and 1334 and the Amended Standing Order, and it appearing that this is a core proceeding pursuant to 28 U.S.C. §157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtor, its estate, and creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final bais as set forth herein.  Upon entry of this Final Order, the Debtor is authorized, in its discretion, in the ordinary course of its business, to continue, administer, pay, honor, and/or otherwise satisfy, as applicable, the Employee Programs, including, without limitation, the Health Benefits, the Life Plan, the FSA Plan, and the Workers' Compensation Program,[3] and any and all amounts and obligations due or arising thereunder or in connection therewith, including, without limitation, Wages, Employee expenses, and vacation and sick leave, and including, without limitation, any and all such amounts and obligations related to the period prior to the Petition Date; *provided*, that, except as set forth below, no payment to any Employee on account of unpaid Wages shall exceed, in the aggregate, the $13,650 statutory cap provided for under section 507(a)(4) of the Bankruptcy Code; *provided*, *further*, that any and all payments by the Debtor authorized by this paragraph 1 hereof shall not exceed $325,000.00 in the

---

[3] The Workers' Compensation Program shall include all workers' compensation insurance policies issued or providing coverage at any time to the Debtor or its predecessors, whether expired, current or prospective, and including, without limitation, the WC Insurance, and any agreements related to any of the foregoing.

aggregate, but which $325,000.00 cap shall not apply to payments made on account of or in connection with the Workers' Compensation Program.

| Category | Amount |
|---|---|
| Employee Wages (including estimated Commissions) | $160,000.00 |
| Withholding Obligations | $63,000.00 |
| Obligations to Independent Contractors | $15,000.00 |
| Employee Business Expenses and Reimbursements | $15,000.00 |
| Employee Health Benefits - Medical and Dental Insurance | $12,000.00 |
| Employee Vision Insurance | $200.00 |
| Life, Accidental Death and Dismemberment | $2,000.00 |
| Flex Spending | $800.00 |
| Total Employee Compensation Owed | $268,000.00 |

2. The Debtor is authorized, in its discretion, in the ordinary course of business, to withhold and remit to the applicable third-parties Wage Deductions, trust fund taxes and payroll taxes.

3. The automatic stay of section 362(a) of the Bankruptcy Code, if and to the extent applicable, is hereby lifted without further order of the Court to permit (a) current and former employees to proceed with their claims (whether arising prior to or subsequent to the Petition Date) under the Workers' Compensation Program in the appropriate judicial or administrative forum; and (b) any insurance carriers and third party administrators to handle, administer, defend, settle and/or pay workers' compensation claims and direct action claims.

4. The banks and financial institutions are authorized, when requested by the Debtor, in the Debtor's discretion, to honor and process checks or electronic fund transfers drawn on the Debtor's bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments and that the check or request was issued within thirty (30) days of the Petition Date. The banks and financial institutions may rely on the representation of the Debtor with respect to whether any check or other

transfer drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this Order, and any such bank or financial institution shall not have any liability to any party for relying on such representations by the Debtor, as provided for in this Order. The banks and financial institutions are prohibited from placing any holds on, or attempting to reverse, any automatic transfers to any account of an Employee or other party for Employee Programs.

5. The Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this Case with respect to prepetition amounts owed in connection with any Employee Programs.

6. The Debtor is authorized to continue to pay the Administrators,[4] including payment of any prepetition claims to the extent necessary to ensure uninterrupted delivery of certain benefits to Employees, not to exceed a total of $5,000.00.

7. Nothing in this Final Order: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor and its estate; (b) shall impair, prejudice, waive or otherwise affect the rights of the Debtor and its estate with respect to the validity, priority or amount of any claim against the Debtor and its estate; or (c) shall be construed as a promise to pay a claim.

8. Nothing in this Final Order or the Motion: (a) alters, amends or modifies the terms and conditions of the Workers' Compensation Program, including, but not limited to, (i) the obligation, if any, of any insurance carrier or third party administrator to pay any amounts within a deductible and the right, if any, of an insurance carrier or third party administrator to seek

---

[4] The term Administrators shall not include any insurance carriers or third party administrators.

reimbursement from the Debtor therefor, (ii) the obligation, if any, of the Debtor to reimburse any insurance carrier or third party administrator for defense costs, and (iii) the right, if any, of any insurance carrier or third party administrator to draw on and apply any collateral to the obligations, if any, under the Workers' Compensation Program to the extent that the Debtor fails to reimburse the insurance carrier or third party administrator therefor; (b) relieves the Debtor of any of its obligations under the Workers' Compensation Program; (c) creates or permits a direct right of action against an insurance carrier or third party administrator; or (d) precludes or limits, in any way, the rights of any insurance carrier to contest and/or litigate the existence, primacy and/or scope of available coverage under the Workers' Compensation Program.

9. Notwithstanding anything to the contrary in this Final Order and regardless of the maximum amount provided for in Section 507(a)(4), Employees shall be entitled to use their accrued vacation and sick time in the ordinary course of business pursuant to the Debtor's policies and procedures.

10. Nothing in this Final Order shall be deemed to: (a) authorize the payment of any amounts under the Bonus Program or any other amounts in violation of sections 503(c)(1) or 503(c)(2) of the Bankruptcy Code; or (b) authorize the Debtor to cash out unpaid vacation or sick time upon termination of an Employee unless applicable state law requires such payment.

11. This Final Order shall not impair or otherwise affect any action taken pursuant to the Interim Order.

12. The Debtor is authorized to take any and all actions necessary to effectuate the relief granted herein.

13. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Final Order shall be effective immediately and enforceable upon its entry; (b) the Debtor is not

subject to any stay in the implementation, enforcement, or realization of the relief granted in this Final Order; and (c) the Debtor is authorized and empowered, and may in its discretion and without further delay, take any action necessary or appropriate to implement this Final Order.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

**Dated: March 22nd, 2022**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**