# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| LEAR CAPITAL, INC.,[1] | Case No. 22-10165 (BLS) |
| Debtor. | Re: Docket No. 46 |

**SUPPLEMENTAL DECLARATION OF ALAN J. FRIEDMAN IN SUPPORT OF THE APPLICATION OF THE DEBTOR TO EMPLOY AND RETAIN SHULMAN BASTIAN FRIEDMAN & BUI LLP AS COUNSEL TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

Alan J. Friedman, being duly sworn, deposes and says:

1. I am an attorney admitted to practice in the States of California and Texas, and the United States District Court for the District of California, and am a partner with the law firm of Shulman Bastian Friedman & Bui LLP (the "Firm"), which maintains an office for the practice of law at 100 Spectrum Center Drive, Suite 600, Irvine, California 92618. On March 2, 2022, this Court entered its Order granting the Motion and Order for Admission Pro Hac Vice of Alan J. Friedman [D.I. 19].

2. I submit this supplemental declaration (the "Supplemental Declaration") in support of the application (the "Application") of the above-captioned debtor and debtor-in-possession (the "Debtor") for an order approving the employment and retention of the Firm as its counsel in the Debtor's bankruptcy case (the "Chapter 11 Case"). Unless otherwise stated in this Supplemental Declaration, I have personal knowledge of the facts hereinafter set forth and could and would competently testify thereto.

---

[1] The last four digits of the Debtor's federal tax identification number are 7197. The Debtor's address is 1990 S. Bundy Drive, Suite 600, Los Angeles CA 90025.

13521009/1

3. I am filing this Supplemental Declaration to further explain the Firm's conflicts procedures and to supplement the disclosures that were included in my original declaration, dated March 15, 2022 (the "Original Declaration"), that was filed with the Application in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Court has not yet entered an order regarding the Application.

4. Pursuant to Paragraph 17 of the Original Declaration, the Firm indicated that it would promptly file a supplemental declaration with the Court if it discovers any additional material information relating to its employment or otherwise requires further disclosure.

5. Except as otherwise indicated herein, all facts stated in this Supplemental Declaration are based on my personal knowledge of the Firm's operations and finances, information learned from my review of relevant documents, and information supplied to me by the Firm's partners or employees.

6. In accordance with its ongoing obligations under Bankruptcy Rule 2014 and Local Rule 2014-1, the Firm has conducted, and continues to conduct, an examination of its relationships with the Debtor, its creditors, and other parties in interest in this Chapter 11 Case. Based on ongoing conflicts review, the Firm learned that it inadvertently did not run the following parties through conflicts and therefore supplements the disclosures in the Application:

    a. John Ohanesian;

    b. Kevin McDermitt; and

    c. Banc of California.

7. To the best of my knowledge, after due inquiry, the Firm does not have any connection with the parties listed above and will not represent any of the aforementioned parties in connection with the Debtor or this Chapter 11 Case.

8. I discussed briefly the Firm's conflict search in Paragraph 13 of the Original Declaration. To further explain, in connection with preparing the Original Declaration and the Supplemental Declaration, the Firm submitted the names of parties-in-interest in this Chapter 11 Case (the "Parties-in-Interest") for review in the computerized conflict database system maintained by the Firm. The Firm maintains and systematically updates its conflict check system in the regular course of business of the Firm, and it is the regular practice of the Firm to make and maintain these records. The conflict check system maintained by the Firm is designed to include every matter on which the Firm is now or has been engaged, the entity for which the Firm is now or has been engaged, and in each instance, the identity of related parties and adverse parties. It is the policy of the Firm that no new matter may be accepted or opened within the Firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including the identity of the prospective client, as well as related and adverse parties. Accordingly, the database is regularly updated for every new matter undertaken by the Firm.

9. The Parties-in-Interest which the Firm submitted to its conflict database include, but are not limited to, the Debtor and its professionals, trade vendors, various agencies, key personnel from the Office of the U.S. Trustee – Region 3, and Judges of U.S. Bankruptcy Court for the District of Delaware.

10. The Firm, to the best of its knowledge, information and belief, believes that it continues to be a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and that it does not hold or represent an interest adverse to the Debtor's estate with respect to the matters on which it is employed.

11.     I continue to reserve the right to supplement the Firm's disclosures in the event that the Firm learns of any additional connections that require disclosure. If any new material, relevant facts, or relationships are discovered or arise, the Firm will promptly file another supplemental declaration pursuant to Bankruptcy Rule 2014.

Dated:  March 24, 2022

/s/ *Alan J. Friedman*
Alan J. Friedman