**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 - Subchapter V |
| LEAR CAPITAL, INC., | Case No. 22-10165 (BLS) |
| Debtor | |

## GLOBAL NOTES, METHODOLOGY, AND SPECIFIC DISCLOSURES REGARDING THE DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") qualify, are incorporated by reference in, and comprise an integral part of, the Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed by Lear Capital, Inc. ("Debtor" or the "Company") in the above-captioned case filed under Chapter 11, Subchapter V, of title of the United States Code (the "Case") pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Schedules and Statements were prepared pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure by management of the Debtor, with the assistance of the Debtor's advisors, and are unaudited.

In preparing the Schedules and Statements, the Debtor relied on financial data derived from its books and records that was available at the time of such preparation. The Debtor's Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements of the Debtor. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment. The Schedules and Statements reflect the Debtor's reasonable best efforts to report the assets and liabilities of the Debtor. While the Debtor's management has made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information available at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements. As a result, inadvertent errors or omissions may exist, and there can be no assurance that these Schedules and Statements are complete.

The Debtor reserves all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to (a) amend the Schedules and Statements with respect to a claim (as defined in section 101(5) of the Bankruptcy Code) description, designation, or Debtor against which the claim is asserted, (b) dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules

and Statements as to amount, liability, priority, status, or classification, (c) subsequently designate any claim as "disputed," "contingent," or "unliquidated," or (d) object to the extent, validity, enforceability, priority, or avoidability of any claim.  Any failure to designate a claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such claim or amount is not "disputed," "contingent," or "unliquidated."  Listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed or against the Debtor.  Nothing contained in the Schedules and Statements shall constitute a waiver of any right of the Debtor or an admission with respect to its Chapter 11 Case (including, but not limited to, issues involving claims, substantive consolidation, defenses, equitable subordination, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers).  Any specific reservation of rights contained elsewhere in these Global Notes does not limit in any respect the foregoing reservation of rights.

The Debtor and its agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and will not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein.  While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  The Debtor and its agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or recategorized.  In no event will the Debtor or its agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtor or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtor or its agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Schedules and Statements have been signed by John Ohanesian, Chief Executive Officer and President of the Debtor.  Accordingly, in reviewing and signing the Schedules and Statements, Mr. Ohanesian necessarily relied upon the efforts, statements, and representations of the Debtor other personnel and professionals.  Mr. Ohanesian has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses.

These Global Notes should be referred to and considered in connection with any review of the Schedules and Statements.[1] Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits,

or attachments.  In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

*Neither the Schedules and Statements, nor the Global Notes, should be relied upon by any persons for information relating to current or future financial conditions, events, or performance of the Debtor.*

## Global Notes and Overview of Methodology

### Description of Case and Information Date

On March 2, 2022 (the "Petition Date"), the Debtor filed a voluntary petition with this Bankruptcy Court for relief under Subchapter V of Chapter 11 of the United States Bankruptcy Code.  The Debtor continues to operate its business and manage its properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Case is being administered pursuant to Bankruptcy Rule 1015(b).  No creditors' committee has been appointed in this case.  Other than the appointed Subchapter V Trustee, no trustee or examiner has been appointed.  Except as otherwise noted, the information set forth herein is provided as of the close of business on the Petition Date.

### Basis of Presentation

These Schedules and Statements reflect the assets and liabilities of the Debtor, except where otherwise indicated.  Information contained in the Schedules and Statements has been derived from the Debtor's books and records and historical financial statements.

These Schedules and Statements represent the Debtor's good faith attempt to comply with the requirements of the Bankruptcy Code and Bankruptcy Rules using commercially reasonable efforts and resources available and are subject to further review and potential adjustment.

### Amendment of Schedules and Statements

While reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist.  The Debtor reserves all rights to amend and/or supplement the Schedules and Statements from time to time as is necessary or appropriate.

## General Notes Applicable to Schedules and Statements

1.    **Recharacterization**.  The Debtor has made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements.  The Debtor reserves all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

2.     **Claim Designations**.  Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtor that such claim or amount is not "contingent," "unliquidated," or "disputed."  The Debtor reserves all rights to dispute, or to assert offsets or defenses to, any claim reflected on its Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed."  Moreover, the Debtor reserves all rights to amend its Schedules and Statements as necessary and appropriate.  Listing a claim does not constitute an admission of liability by the Debtor.

3.     **Unliquidated Claim Amounts**.  Claim amounts that could not be readily quantified by the Debtor are scheduled as "unliquidated."

4.     **Unknown Amounts**.  The description of an amount as "unknown" is not intended to reflect upon the materiality of such amount.

5.     **Court Orders**.  Pursuant to certain orders of the Bankruptcy Court entered in the Debtor's Chapter 11 Case entered on or about March 4, 2022 (the "First Day Orders"), the Debtor was authorized (but not directed) to pay, among other things, certain prepetition claims of employees, insurers, and taxing authorities.  Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and therefore may not be listed in the Schedules and Statements.  Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtor reserves all rights to amend or supplement its Schedules and Statements.

6.     **Other Paid Claims**.  To the extent the Debtor has reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Debtor's Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Bankruptcy Court approval.  To the extent the Debtor pays any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtor reserves all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

7.     **Liabilities**.  The Debtor has sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Debtor reserves the right to modify, amend, or supplement the Schedules and Statements as it deems appropriate in this regard.

8.     **Excluded Assets and Liabilities**.  The Debtor may have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including without limitation, accrued salaries and employee benefit accruals.  In addition, and as set forth above, the Debtor may have excluded amounts for which the Debtor has been granted authority to pay pursuant to a First Day Order or other order that may be entered by the Bankruptcy Court.  The Debtor may also have excluded rejection damage claims of counterparties to executory

contracts and unexpired leases that may be rejected (if any), to the extent such damage claims exist. Also, certain immaterial assets and liabilities may have been excluded.

9. **Confidential or Sensitive Information**. There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual based on the Health Insurance Portability and Accountability Act of 1996 or otherwise. The alterations will be limited to only what is necessary to protect the Debtor or third party. In some instances, the redacted information may be available upon request.

10. **Leases**. The Debtor may not have included in the Schedules and Statements the future obligations of any capital or operating leases. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule F of the Schedules. Nothing in the Schedules or Statements (including, without limitation the failure to list leased property or equipment as owned property or equipment) is, or shall be construed as, an admission as to the determination of legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtor reserves all rights with respect to such issues.

11. **Guarantees and Other Secondary Liability Claims**. The Debtor has used reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "Guarantees") in each of its executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. However, certain Guarantees embedded in the Debtor's executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. Thus, the Debtor reserves all rights to amend the Schedules to the extent that additional Guarantees are identified.

12. **Executory Contracts**. Although the Debtor has made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtor may have inadvertently failed to do so. Accordingly, the Debtor reserves all rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

13. **Estimates**. To prepare and file the Schedules as close to the Petition Date as possible, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Debtor reserves all rights to amend the reported amounts of assets and liability to reflect changes in those estimates or assumptions.

14. **Fiscal Year**. The Debtor's fiscal year ends on December 31.

15. **Property and Equipment**. Unless otherwise indicated, owned property and equipment are stated at net book value. The Debtor may lease furniture, fixtures, and equipment from certain third-party lessors. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtor reserves all of its rights with respect to same.

16. **Credits and Adjustments**. The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtor's books

and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtor. The Debtor reserves all rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

17.     **Insiders**.    In the circumstance where the Schedules and Statements require information regarding "insiders" the Debtor has included information with respect to the individuals the Debtor believes are included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. Such individuals may no longer serve in such capacities. The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for: (1) the purposes of determining (a) control of the Debtor; (b) the extent to which any individual exercised management responsibilities or functions; (c) corporate decision-making authority over the Debtor; or (d) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability, or (2) any other purpose.

18.     **Totals**. All totals that are included in the Schedules and Statements represent totals of all known and estimated amounts that are included in the Schedules and Statements. To the extent there are unknown, disputed, contingent, unliquidated, or otherwise undetermined amounts, the actual total may be materially different than the listed total. The description of an amount as "unknown", "disputed", "contingent", "unliquidated", or "undetermined" is not intended to reflect upon the materiality of such amount.

19.     **Exclusions.**    The Debtor may have excluded certain categories of assets and liabilities from the Schedules and Statements, including accrued liabilities such as accrued salaries and employee benefits (including accrued personal time off) and accrued accounts payable, as well as assets with a net book value of zero. Other non-material assets and liabilities may have also been excluded.

<u>**Specific Notes Regarding the Schedules and Statements**</u>

**Specific Notes Regarding the Statements**

1.     **Gross Revenue**. Amounts listed for gross revenue in the Part 1 of the Statements from the beginning of the fiscal year to just before the Petition Date reflect gross revenue from the Debtor's business for the period of January 1, 2022, through and including the Petition Date. The gross revenue for 2020 and 2021 are calculated and consistent with prior tax filing.

2.     **90 Day Payments.** The dates set forth in the "Dates of Payment" column relate to one of the following: (a) the date of a wire transfer; (b) the date of an "ACH" payment; or (c) the date that a check was issued. Item 3 includes any disbursement or other transfers made by the Debtor within 90 days before the Petition Date except for compensation and benefits made to employees, including insiders (which payments appear in response to Item 4).

3.    **Insider Payments**.  The Debtor made reasonable, good faith efforts to list all material payments made to or for the benefit of insiders with one year before the filing of the case. However, it would be unduly burdensome to determine the amount of certain employee benefits provided to insiders by the Debtor, which include, among other things, the employer portion of health insurance premiums.  Moreover, the payment of such amounts was authorized by the Employee Wage Order (as defined herein).  The Debtor believes that the expenses underlying any employee reimbursements were incurred for the benefit of the Debtor, and not insiders.

4.    **Property held for another.**  The Debtor has made reasonable efforts to account for the Direct to Consumer (DTC) deposits by relying on the Debtor's books and records

**Specific Notes Regarding Schedule A/B**

1.    **Bank Account Balances**.  In the event of any conflict between the Cash Management Motion and the Statements and Schedules, the information contained in the Statements and Schedules shall control.

2.    **Prepayments**.  Certain prepayments reflected on the Debtor's balance sheet may not be included because the vendor to which they relate has fully performed the related services and the Debtor has no claims against these vendors.

**Specific Notes Regarding Schedule E/F**

1.    **Creditors Holding Priority Unsecured Claims**. The listing of any claim on Schedule E/F does not constitute an admission by the Debtor that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code.  The Debtor reserves all rights to dispute the amount and/or the priority status of any claim on any basis at any time.

The Bankruptcy Court entered the *Final Order (I) Authorizing the Debtor to (A) Pay Prepetition Wages and Other Employee Obligations And (B) Maintain Employee Benefits and Pay Related Administrative Obligations; and (II) Granting Related Relief* [Docket No.75], granting authority to the Debtor to pay certain prepetition employee wage and other obligations in the ordinary course (the "Employee Wage Order").  Pursuant to the Employee Wage Order, the Bankruptcy Court granted the Debtor authority to pay or honor certain prepetition obligations for employee wages, payroll deductions, employee benefits, and other benefits and fees.  The Debtor has not listed on Schedule E/F any wage or employment-related obligations owed to non-insiders for which the Debtor has been granted authority to pay pursuant to the Employee Wage Order or other order that may be entered by the Bankruptcy Court.  The Debtor believes that all such claims have been, or will be, satisfied in the ordinary course during this case pursuant to the authority granted in the Employee Wage Order or other order that may be entered by the Bankruptcy Court. Likewise, the Debtor has not listed on Statement, Question 3, any transfers to non-insider employees on account of wages or employment-related obligations for which the Debtor has been granted authority to pay pursuant to the Employee Wage Order or other order that may be entered by the Bankruptcy Court.

**Specific Notes Regarding Schedule G**

The Debtor's books and records may not be complete with respect to all unexpired leases and/or

executory contracts to which they are a party and that were pending as of the Petition Date. In particular, the Debtor may be party to agreements and understanding that are "oral" or "verbal" in nature; while the Debtor has made reasonable efforts to identify these agreements and disclose them in the Schedules, there may be some that are not yet known or identified. Certain of the executory contracts and unexpired leases listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties, and obligations are not separately set forth on Schedule G or Schedule B. Omission of a contract, lease or other agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease. The Debtor hereby reserves all of its rights to (i) dispute the validity, status, or enforceability of any contract, agreement or lease set forth in Schedule G and (ii) amend or supplement such Schedule as necessary.

*    *    *    *    *    *    *

**Fill in this information to identify the case:**

Debtor name _____ Lear Capital, Inc. _____ _____ _____ _____ _____ _

United States Bankruptcy Court for the: _____ District of _____ Delaware _____
(State)

Case number (If known): _____ 22-10165 (BLS) _____

☐ Check if this is an
amended filing

## Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**12/15**

| Part 1: | Summary of Assets |
| --- | --- |

1. **Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from *Schedule A/B*................................................................

$ _____ 54,378.75
Plus Unknown

    1b. **Total personal property:**
    Copy line 91A from *Schedule A/B*............................................................

$ _____ 19,202,398.31
Plus Unknown

    1c. **Total of all property:**
    Copy line 92 from *Schedule A/B*..............................................................

$ _____ 19,256,777.06
Plus Unknown

| Part 2: | Summary of Liabilities |
| --- | --- |

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.............................................

$ _____ 500,000.00

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F* ...............................................

$ _____ 0.00
Plus Unknown

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ..........................................

+ $ _____ 94,948.83
Plus Unknown

4. **Total liabilities**...........................................................................................................
    Lines 2 + 3a + 3b

$ _____ 594,948.83
Plus Unknown

**Fill in this information to identify the case:**

Debtor name   Lear Capital, Inc.

United States Bankruptcy Court for the: _____ District of  Delaware
(State)

Case number (If known):   22-10165 (BLS)

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:  Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand** — $ 8,561.00

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1.  See attached rider | | | $ 15,575,850.33 |
| 3.2. | | | $ |

4. **Other cash equivalents** *(Identify all)*

| 4.1.  Gold & Silver Coins (Located in the office safe) | $ 7,877.50 |
|---|---|
| 4.2.  American Express Gift-Cards | $ 5,250.00 |

5. **Total of Part 1** — $ 15,597,538.83

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

## Part 2:  Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☐ No. Go to Part 3.
   ☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

| 7.1.  See attached rider | $ 75,869.86 |
|---|---|
| 7.2. | $ |

Debtor    Lear Capital, Inc.
_____    Case number *(if known)* 22-10165 (BLS)
       Name

---

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

   8.1. See attached rider _____    $ _____1,267,874.05

   8.2. _____    $ _____

9. **Total of Part 2.**

   Add lines 7 through 8. Copy the total to line 81.    $ _____1,343,743.91

---

**Part 3:    Accounts receivable**

10. **Does the debtor have any accounts receivable?**

    ☐ No. Go to Part 4.

    ☑ Yes. Fill in the information below.

| | | | | Current value of debtor's interest |
|---|---|---|---|---|

11. **Accounts receivable**

    11a. 90 days old or less:    775,471.43 − 0.00 = .........→    $ 775,471.43
         face amount    doubtful or uncollectible accounts

    11b. Over 90 days old:    N/A − N/A = .........→    $ 0.00
         face amount    doubtful or uncollectible accounts

12. **Total of Part 3**

    Current value on lines 11a + 11b = line 12. Copy the total to line 82.    $ 775,471.43

---

**Part 4:    Investments**

13. **Does the debtor own any investments?**

    ☑ No. Go to Part 5.

    ☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

    14.1. _____    _____    $ _____

    14.2. _____    _____    $ _____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

    Name of entity:    % of ownership:

    15.1. _____    _____ %    _____    $ _____

    15.2. _____    _____ %    _____    $ _____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe:

    16.1. _____    _____    $ _____

    16.2. _____    _____    $ _____

17. **Total of Part 4**

    Add lines 14 through 16. Copy the total to line 83.    $ _____N/A

---

| Debtor | Lear Capital, Inc. | Case number (if known) | 22-10165 (BLS) |
|---|---|---|---|
| | Name | | |

## Part 5: Inventory, excluding agriculture assets

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☐ No. Go to Part 6.

☑ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | N/A<br>MM / DD / YYYY | $ _____ N/A | N/A | $ _____ N/A |
| **20. Work in progress** | N/A<br>MM / DD / YYYY | $ _____ N/A | N/A | $ _____ N/A |
| **21. Finished goods, including goods held for resale**<br>Precious Metals | N/A<br>MM / DD / YYYY | $ ____ 941,275.81 | Cost | ____ 941,275.81 |
| **22. Other inventory or supplies** | N/A<br>MM / DD / YYYY | $ _____ N/A | N/A | $ _____ N/A |

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

$ ____ 941,275.81

**24. Is any of the property listed in Part 5 perishable?**

☑ No

☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☑ Yes. Book value 97,786.19     Valuation method Cost     Current value 97,786.19

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☑ No

☐ Yes

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | $_____ | _____ | $_____ |
| **29. Farm animals** Examples: Livestock, poultry, farm-raised fish | $_____ | _____ | $_____ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | $_____ | _____ | $_____ |
| **31. Farm and fishing supplies, chemicals, and feed** | $_____ | _____ | $_____ |
| **32. Other farming and fishing-related property not already listed in Part 6** | $_____ | _____ | $_____ |

Debtor    Lear Capital, Inc.
          _____
          Name

Case number (if known) 22-10165 (BLS)
                       _____

**33.  Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

$_____ N/A

**34.  Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

    ☐ No

    ☐ Yes

**35.  Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value $_____  Valuation method _____  Current value $_____

**36.  Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

**37.  Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

| **Part 7:** | **Office furniture, fixtures, and equipment; and collectibles** |
| --- | --- |

**38.  Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |
| **39.  Office furniture** | | | |
| Includes office fixtures | $ 3,542.33 | NBV | $ 3,542.33 |
| **40.  Office fixtures** | | | |
| Included with Office furniture | $_____ | _____ | $_____ |
| **41.  Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| | $ 10,779.00 | NBV | $ 10,779.00 |
| **42.  Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 _____ | $ N/A | N/A | $ N/A |
| 42.2 _____ | $_____ | _____ | $_____ |
| 42.3 _____ | $_____ | _____ | $_____ |

**43.  Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.

$ 14,321.33

**44.  Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☑ Yes

**45.  Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No

☐ Yes

---

Debtor  Lear Capital, Inc.
_____
Name

Case number (if known) 22-10165 (BLS)

---

| Part 8: | Machinery, equipment, and vehicles |

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1_____ | $_____ | _____ | $_____ |
| 47.2_____ | $_____ | _____ | $_____ |
| 47.3_____ | $_____ | _____ | $_____ |
| 47.4_____ | $_____ | _____ | $_____ |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1_____ | $_____ | _____ | $_____ |
| 48.2_____ | $_____ | _____ | $_____ |
| **49. Aircraft and accessories** | | | |
| 49.1_____ | $_____ | _____ | $_____ |
| 49.2_____ | $_____ | _____ | $_____ |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| _____ | $_____ | _____ | $_____ |

51. **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$_____ N/A

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Debtor | Lear Capital, Inc. | Case number *(if known)* 22-10165 (BLS) |
|---|---|---|
| | Name | |

## Part 9:    Real property

**54.  Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☑ Yes. Fill in the information below.

**55.  Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 See attached rider | | $ | | $ |
| 55.2 | | $ | | $ |
| 55.3 | | $ | | $ |
| 55.4 | | $ | | $ |
| 55.5 | | $ | | $ |
| 55.6 | | $ | | $ |

**56.  Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ 54,378.75

**57.  Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☑ Yes

**58.  Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No

☐ Yes

## Part 10:    Intangibles and intellectual property

**59.  Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60.  Patents, copyrights, trademarks, and trade secrets** | $ | | $ N/A |
| **61.  Internet domain names and websites**<br>See attached rider | $ | | $ unknown |
| **62.  Licenses, franchises, and royalties** | $ | | $ N/A |
| **63.  Customer lists, mailing lists, or other compilations** | $ unknown | N/A | $ unknown |
| **64.  Other intangibles, or intellectual property** | $ | | $ N/A |
| **65.  Goodwill** | $ | | $ N/A |

**66.  Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$ unknown

Debtor    Lear Capital, Inc.
          Name

Case number (if known) 22-10165 (BLS)

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☐ No
☑ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No
☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No
☐ Yes

| Part 11: | All other assets |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

|  |  | Current value of debtor's interest |
|---|---|---|

71. **Notes receivable**

Description (include name of obligor)

Kevin DeMeritt

| 530,047.00 | − | 0.00 | = → | $ | 530,047.00 |
|---|---|---|---|---|---|
| Total face amount | | doubtful or uncollectible amount | | | |

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

N/A

| | Tax year _____ | $ | N/A |
|---|---|---|---|
| | Tax year _____ | $ | |
| | Tax year _____ | $ | |

73. **Interests in insurance policies or annuities**

See attached rider

$    0.00

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

N/A

$    N/A

Nature of claim _____

Amount requested $_____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

N/A

$    N/A

Nature of claim _____

Amount requested $_____

76. **Trusts, equitable or future interests in property**

N/A

$    N/A

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

N/A

$    N/A

$    N/A

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

$    530,047.00

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No
☐ Yes

| Debtor | Lear Capital, Inc. | Case number (if known) 22-10165 (BLS) |
|---|---|---|
| | Name | |

---

| Part 12: | Summary |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 15,597,538.83 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 1,343,743.91 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 775,471.43 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ N/A | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 941,275.81 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ N/A | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 14,321.33 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ N/A | |
| 88. **Real property.** *Copy line 56, Part 9.* . ................................................... ➔ | | $ 54,378.75 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ unknown | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $ 530,047.00 | |
| 91. **Total.** Add lines 80 through 90 for each column. ...........................91a. | $ 19,202,398.31 | + 91b. $ 54,378.75 |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. .......................................................... | | $ 19,256,777.06 |

**Lear Capital, Inc.**                                       **Case Number:**      **22-10165 (BLS)**

| Part 1: | Schedule A/B:  Assets - Real and Personal Property |
|---|---|

Cash and cash equivalents

3. Checking, savings, money market, or financial brokerage accounts

|  | Name of Institution (bank or brokerage firm) | Type of Account | Last 4 digits of account number | Current value of debtor's interest |
|---|---|---|---|---|
| 3.1 | Banc of California | Checking | 1731 | $3,148,763.23 |
| 3.2 | Banc of California | Zero-balance Sweep | 1782 | $0.00 |
| 3.3 | Banc of California | Checking | 4295 | $836,305.26 |
| 3.4 | AXOS Bank | Checking | 8676 | $3,024,782.84 |
| 3.5 | AXOS Bank | Zero-balance Sweep | 8684 | $0.00 |
| 3.6 | M&T Bank | Checking | 3344 | $8,000,000.00 |
| 3.7 | Deposits in Transit | Deposits in Transit | N/A | $565,999.00 |

**TOTAL**      **$15,575,850.33**

| Part 2: | **Schedule A/B:  Assets - Real and Personal Property** |
|---------|--------------------------------------------------------|
|         | Deposits and Prepayments                               |

7.  Deposits, including security deposits and utility deposits

| | DESCRIPTION | NAME OF HOLDER OF DEPOSIT | CURRENT VALUE OF DEBTOR'S INTEREST |
|------|-------------|--------------------------|------------------------------------|
| 7.1 | Security Deposit for Office Space - WLA | Douglass Emmitt | $31,611.18 |
| 7.2 | Security Deposit for Office Space - NPB | Newport Irvine Center | $14,142.08 |
| 7.3 | Security Deposit for Storage - WLA | Douglass Emmitt 2007, LLC | $20,471.54 |
| 7.4 | Security Deposit for Storage - WLA | Douglass Emmitt 2007, LLC | $150.00 |
| 7.5 | Security Deposit for Storage - WLA | Douglass Emmitt 2007, LLC | $222.50 |
| 7.6 | Security Deposit for Office Space - WH | Douglass Emmitt | $9,272.56 |

TOTAL  $         75,869.86

**Lear Capital, Inc.**                                    **Case Number:  22-10165 (BLS)**

| Part 2: | **Schedule A/B:  Assets - Real and Personal Property** |
|---|---|
| | Deposits and Prepayments |

8.  Prepayments

| | DESCRIPTION | NAME OF HOLDER OF PAYMENT | CURRENT VALUE OF DEBTOR'S INTEREST |
|---|---|---|---|
| 8.1 | Prepaid Captive Insurance | Amristar Insurance | $333,091.50 |
| 8.2 | Prepaid Employee Health Benefits | Blue Shield of California | $69,882.64 |
| 8.3 | Prepaid claims agent - Retainers | BMC Group | $16,367.00 |
| 8.4 | Prepaid Legal Fees - Retainer | Cosgrove Law LLC | $4,796.33 |
| 8.5 | Prepaid Captive Insurance | DeCar Insurance | $327,971.25 |
| 8.6 | Prepaid Legal Fees - Retainer | Mitchell, Silberberg & Knupp, LLP | $100,000.00 |
| 8.7 | Prepaid Legal Fees - Retainer | Morris James | $57,478.00 |
| 8.8 | Prepaid Professionals - Retainer | Paladin Management Group, LLC | $173,559.33 |
| 8.9 | Prepaid Legal Fees - Retainer | Shulman Bastian | $163,524.50 |
| 8.10 | Prepaid Legal Fees - Retainer | The Cook Law Firm | $21,016.00 |
| 8.11 | Prepaid Captive Insurance | Western States Risk Management League | $187.50 |

TOTAL   $        1,267,874.05

**Lear Capital, Inc.**                                                    **Case Number: 22-10165 (BLS)**

| Part 9: | **Schedule A/B:  Assets - Real and Personal Property** |
|---|---|
| | Real property |

55.  Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest

| | **Description and location of property** Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory warehouse, apartment or office building) if available | **Nature and extent of debtor's interest in property** | **Net book value of debtor's interest (Where available)** | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|---|---|
| 55.1 | Leasehold Improvement- Douglas Emitt 1990 S Bundy Dr, Suite 650 Los Angeles, CA 90025 | Leasehold Improvement | $54,378.75 | NBV | $54,378.75 |
| 55.2 | Office Building-Newport Irvine Center 3300 Irvine Ave, Suite 125 Newport Beach, CA 92660 | Lease | Unknown | Unknown | Unknown |
| 55.3 | Office Building-Douglass Emmitt - WLA 1990 S Bundy Dr, Suite 650 Los Angeles, CA 90025 | Lease | Unknown | Unknown | Unknown |
| 55.4 | Office Building-Douglass Emmitt - WH 6300 Canoga Avenue, Suite 650W Woodland Hills,  CA  91367 | Lease | Unknown | Unknown | Unknown |
| | | | TOTAL | 54,378.75 Plus Unknown | |

**Lear Capital, Inc.**                                      **Case Number: 22-10165 (BLS)**

**Part 10:** **Schedule A/B:  Assets - Real and Personal Property**
Intangibles and intellectual property

61.  Internet domain names and websites

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 61.1 | Internet Domain - www.LearCapital.com | unknown | n/a | unknown |
| 61.2 | Internet Domain - www.learcrypto.com | unknown | n/a | unknown |
| 61.3 | Internet Domain - www.metalsexchange.com | unknown | n/a | unknown |
| 61.4 | Internet Domain - www.cryptomintcapital.com | unknown | n/a | unknown |

**TOTAL**        $0.00

Lear Capital, Inc.                                                    Case Number: 22-10165 (BLS)

## Part 11: Schedule A/B:  Assets - Real and Personal Property
All other assets

73.  Interests in insurance policies or annuities

| | Description | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| 73.1 | Federal Insurance Company - Property | 3603-12-81 | $0.00 |
| 73.2 | Federal Insurance Company - General Liability | 3603-12-81 | $0.00 |
| 73.3 | Federal Insurance Company - Auto | 7358-95-93 | $0.00 |
| 73.4 | Federal Insurance Company - Umbrella | 7989-69-94 | $0.00 |
| 73.5 | Federal Insurance Company - Workers Compensation | 7174-98-42 | $0.00 |
| 73.6 | Associated Industries Insurance ( ANV ) -- Employment Practices Liability | ANV108759A | $0.00 |
| 73.7 | Argo Insurance Company (eff. July 7, 2019 to July 7, 2020) | MLX7601081-5 | $0.00 |
| 73.8 | Decar Insurance Company, Unfair Competition Liability - eff. Dec. 31, 2018 to Dec. 30, 2019 | MDEC2015-07R18, | $0.00 |
| 73.9 | Decar Insurance Company, Administrative Action Insurance - eff. Dec. 31, 2018 to Dec. 30, 2019 | MDEC2015-01R18, | $0.00 |
| 73.10 | Decar Insurance Company, Legal Expenses Insurance - eff. Dec. 31, 2018 to Dec. 30, 2019 | MDEC2015-03R18, | $0.00 |
| 73.11 | Amritstar Insurance Company, Special Excess Insurance (Reimbursement), underlying coverage Administrative Action and Legal Expenses, eff. Dec. 31, 2018 to Dec. 30, 2019 | N/A | |
| 73.12 | Decar Insurance Company, Administrative Action Insurance Policy, eff. Dec. 31, 2021 to Dec. 30, 2022 | TBD | $0.00 |
| 73.13 | Decar Insurance Company, Audit Insurance Policy, eff. Dec. 31, 2021 to Dec. 30, 2022 | TBD | $0.00 |
| 73.14 | Decar Insurance Company, Confidential Information Liability Insurance Policy, eff. Dec. 31, 2021 to Dec. 30, 2022 | TBD | $0.00 |
| 73.15 | Decar Insurance Company, Contractual Liability Insurance Policy, eff. Dec. 31, 2021 to Dec. 30, 2022 | TBD | $0.00 |
| 73.16 | Decar Insurance Company, Directors and Officers Liability Insurance Policy, eff. Dec. 31, 2021 to Dec. 30, 2022 | TBD | $0.00 |
| 73.17 | Decar Insurance Company, Errors and Omissions Liability Insurance Policy, eff. Dec. 31, 2021 to Dec. 30, 2022 | TBD | $0.00 |
| 73.18 | Decar Insurance Company, Legal Expenses Insurance Policy, eff. Dec. 31, 2021 to Dec. 30, 2022 | TBD | $0.00 |
| 73.19 | Decar Insurance Company, Unfair Competition Liability Insurance Policy, eff. Dec. 31, 2021 to Dec. 30, 2022 | TBD | $0.00 |
| 73.20 | Western States Risk Management League (WSRML) – Crime Insurance Policy, eff. Dec. 31, 2021 to Dec. 30, 2022 | TBD | $0.00 |
| 73.21 | WSRML – Cyber Extortion Policy, eff. Dec. 31, 2021 to Dec. 30, 2022 | TBD | $0.00 |
| 73.22 | WSRML – Cyber (Internet) Liability Policy, eff. Dec. 31, 2021 to Dec. 30, 2022 | TBD | $0.00 |
| 73.23 | WSRML – Reputational Risk Policy, eff. Dec. 31, 2021 to Dec. 30, 2022 | TBD | $0.00 |
| 73.24 | WSRML – Special Business Interruption Policy, eff. Dec. 31, 2021 to Dec. 30, 2022 | TBD | $0.00 |
| 73.25 | WSRML – Special Electronic Data Loss Policy, eff. Dec. 31, 2021 to Dec. 30, 2022 | TBD | $0.00 |

**Lear Capital, Inc.**                                    **Case Number: 22-10165 (BLS)**

| Part 11: | **Schedule A/B:  Assets - Real and Personal Property** |
|---|---|
| | All other assets |

73.  Interests in insurance policies or annuities

| | Description | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| 73.26 | WSRML – Special E-mails, Fax & Phone Liability Policy, eff. Dec. 31, 2021 to Dec. 30, 2022 | TBD | $0.00 |
| 73.27 | WSRML – Special Excess Insurance, underlying coverage Contractual Liability, eff. Dec. 31, 2021 to Dec. 30, 2022 | TBD | $0.00 |
| 73.28 | WSRML – Special Property Inventory Policy, eff. Dec. 31, 2021 to Dec. 30, 2022 | TBD | $0.00 |
| 73.29 | WSRML – Special Regulatory Action Liability Policy, eff. Dec. 31, 2021 to Dec. 30, 2022 | TBD | $0.00 |
| 73.30 | Surety Bonds through Westchester Fire Insurance Company; multiple policies held for various states in which the debtor does business | Various | $0.00 |

TOTAL                    $0.00

**Fill in this information to identify the case:**

Debtor name  **Lear Capital, Inc.**

United States Bankruptcy Court for the: _____ District of _____

(State)

Case number (If known):  **22-10165**

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

☐ Check if this is an amended filing

12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

**2. List in alphabetical order all creditors who have secured claims.**

If a creditor has more than one secured claim, list the creditor separately for each claim.

|  | | Column A<br>**Amount of Claim**<br>Do not deduct<br>the value | Column B<br>**Value of collateral**<br>**that supports this**<br>**claim** |
|---|---|---|---|
| **2.1** **Creditor's name**<br>BANC OF CALIFORNIA | **Describe debtor's property that is subject to a lien**<br>Cash Collateral | $500,000.00 | $500,000.00 |

**2.1**

**s78**

**Creditor's name**

BANC OF CALIFORNIA

**Creditor's Mailing Address**

3 MAC ARTHUR PLACE
SANTA ANA, CA  92707

**Creditor's email address, if known**

**Date debt was incurred**

11/2/2021

**Last 4 digts of account number**

4295

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Have you already specified the relative priority?

   ☑ No. Specify each creditor, including this creditor and its relative priority.

   DeCar Insurance

   ☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

Cash Collateral

**Describe the lien**

Perfected Security Interest

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Is anyone else liable on this claim?**

☑ No.

☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**

Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

Debtor    **Lear Capital, Inc.** _____    _____ 22-10165

Name    Case Number (if known)

| Part 2: | **List Others to Be Notified for a Debt Already Listed in Part 1** |

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digts of account number for this entity |
|---|---|---|
| **DECAR INSURANCE COMPANY, INC.**<br>**25361 COMMERCENTRE DRIVE**<br>**LAKE FOREST, CA  92630** | s78 | |

Debtor    **Lear Capital, Inc.**
_____
Name

| **Part 3:** | **Total Amounts of the Claims Secured by Property** |
|---|---|

|  | **Total of Claim Amounts** |
|---|---|
| **3a. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**      **3a.** | **$500,000.00** |

**Fill in this information to identify the case:**

Debtor name  **Lear Capital, Inc.**

United States Bankruptcy Court for the: _____ District of _____

(State)

Case number (If known):  **22-10165**

☐ Check if this is an
amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1:    All Creditors with PRIORITY Unsecured Claims

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.  If no additional PRIORITY creditors exist, do not fill out or submit this page.

|  | | **Total Claim** | **Priority Amount** |
|---|---|---|---|

**2.1**

**s165**

| Priority creditor's name and mailing address | As of the petition filing date, the claim is: | Total Claim | Priority Amount |
|---|---|---|---|
| FRANCHISE TAX BOARD<br>BANKRUPTCY SECTION, MS: A-340<br>P.O. BOX 2952<br>SACRAMENTO, CA  95812-2952 | Check all that apply.<br>☐ Contingent<br>☑ Unliquidated<br>☐ Disputed | UNKNOWN | UNKNOWN |

Date or dates debt was incurred
**Unknown**

Last 4 digts of account number

Specify Code subsection of PRIORITY unsecured
claim: 11 U.S.C. § 507(a) (_____)

Basis for the claim:
**UNKNOWN**

Is the claim subject to offset?
☑ No
☐ Yes

---

**2.2**

**s164**

| Priority creditor's name and mailing address | As of the petition filing date, the claim is: | Total Claim | Priority Amount |
|---|---|---|---|
| INTERNAL REVENUE SERVICE<br>1500 PENNSYLVANIA AVE NW<br>WASHINGTON, DC  20229 | Check all that apply.<br>☐ Contingent<br>☑ Unliquidated<br>☐ Disputed | UNKNOWN | UNKNOWN |

Date or dates debt was incurred
**Unknown**

Last 4 digts of account number

Specify Code subsection of PRIORITY unsecured
claim: 11 U.S.C. § 507(a) (_____)

Basis for the claim:
**UNKNOWN**

Is the claim subject to offset?
☑ No
☐ Yes

---

**2.3**

**s238**

| Priority creditor's name and mailing address | As of the petition filing date, the claim is: | Total Claim | Priority Amount |
|---|---|---|---|
| JOHN OHANESIAN<br>1990 S BUNDY DRIVE<br>SUITE 650<br>LOS ANGELES, CA  90025 | Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | TO BE DETERMINED | TO BE DETERMINED |

Date or dates debt was incurred
**12/31/2021**

Last 4 digts of account number

Specify Code subsection of PRIORITY unsecured
claim: 11 U.S.C. § 507(a) (_____)

Basis for the claim:
**UNKNOWN**

Is the claim subject to offset?
☑ No
☐ Yes

---

**Lear Capital, Inc.**

Debtor Name

| Part 1: | **All Creditors with PRIORITY Unsecured Claims** |
|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.  If no additional PRIORITY creditors exist, do not fill out or submit this page.

|  |  | **Total Claim** | **Priority Amount** |
|---|---|---|---|

| | | | |
|---|---|---|---|
| 2.4 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | TO BE DETERMINED    TO BE DETERMINED |
| s237 | **KEVIN DEMERITT**<br>**1990 S BUNDY DRIVE**<br>**SUITE 650**<br>**LOS ANGELES, CA  90025** | Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date or dates debt was incurred<br>**VARIOUS** | Basis for the claim:<br>**UNKNOWN** | |
| | Last 4 digts of account number | | |
| | Specify Code subsection of PRIORITY unsecured<br>claim: 11 U.S.C. § 507(a) (_____) | Is the claim subject to offset?<br>☑ No<br>☐ Yes | |

**Lear Capital, Inc.**

Debtor Name

Case Number (if known)

| Part 2: | All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the
previous page.  If no additional PRIORITY creditors exist, do not fill out or submit this page.

**Amount of Claim**

3.  List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority
    unsecured claims, fill out and attach the Additional Page of Part 2.

| | | |
|---|---|---|
| **3.1** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: |
| **s38** | **COGENCY GLOBAL**<br>**122 E 42ND ST, FL 18**<br>**NEW YORK, NY  10168** | Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| | Date or dates debt was incurred    2/28/2022 | Basis for the claim:   TRADE PAYABLES |
| | Last 4 digts of account number    0CBZ | |
| | | Is the claim subject to offset?<br>☑ No<br>☐ Yes |

$700.00

| | | |
|---|---|---|
| **3.2** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: |
| **s167** | **CONVERSION SCIENCES LLC**<br>**1101 W 34TH STREET**<br>**209**<br>**AUSTIN, TX  78705** | Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| | Date or dates debt was incurred    Various Dates | Basis for the claim:   TRADE PAYABLES |
| | Last 4 digts of account number | |
| | | Is the claim subject to offset?<br>☑ No<br>☐ Yes |

$22,000.00

| | | |
|---|---|---|
| **3.3** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: |
| **s42** | **EXTREME REACH**<br>**3 ALLIED DRIVE**<br>**SUITE 130**<br>**DEDHAM, MA  02026** | Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| | Date or dates debt was incurred    2/28/2022 | Basis for the claim:   TRADE PAYABLES |
| | Last 4 digts of account number    8489 | |
| | | Is the claim subject to offset?<br>☑ No<br>☐ Yes |

$2,500.00

| | | |
|---|---|---|
| **3.4** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: |
| **s162** | **FEDEX**<br>**P O BOX 7221**<br>**PASADENA, CA  91101** | Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| | Date or dates debt was incurred    Various dates | Basis for the claim:   TRADE PAYABLES |
| | Last 4 digts of account number | |
| | | Is the claim subject to offset?<br>☑ No<br>☐ Yes |

$37,700.19

**Lear Capital, Inc.**

22-10165

Debtor Name

Case Number (if known)

| Part 2: | All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.  If no additional PRIORITY creditors exist, do not fill out or submit this page.

Amount of Claim

---

**3.5** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $2,200.74

**s41**

INTERMEDIA
PO BOX 888897
LOS ANGELES, CA  90088

Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred    3/1/2022

Basis for the claim:    TRADE PAYABLES

Last 4 digts of account number    8167

Is the claim subject to offset?

☑ No
☐ Yes

---

**3.6** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | UNKNOWN

**s234**

JACK AND SYLVIA MUFF
REBECCA MUFF RANDOLPH DANIELS & TREDENNICK
6363 WOODWAY DR
SUITE 965
HOUSTON, TX  77057

Check all that apply.

☑ Contingent
☑ Unliquidated
☑ Disputed

Date or dates debt was incurred    UNKNOWN

Basis for the claim:    CUSTOMER DISPUTE

Last 4 digts of account number

Is the claim subject to offset?

☑ No
☐ Yes

---

**3.7** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | UNKNOWN

**s229**

JOSEPH KONIZESKI / CRISTINA COVARRUBIAS
CFTC, 525 WEST MONROE STREET
SUITE 1100
CHICAGO, IL  60661

Check all that apply.

☑ Contingent
☑ Unliquidated
☑ Disputed

Date or dates debt was incurred    UNKNOWN

Basis for the claim:    INVESTIGATION

Last 4 digts of account number

Is the claim subject to offset?

☑ No
☐ Yes

---

**3.8** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | UNKNOWN

**s232**

MATTHEW PARKER
KJC LAW GROUP
6 700 FALLBROOK AVENUE
SUITE 207
WEST HILLS, CA  91307

Check all that apply.

☑ Contingent
☑ Unliquidated
☑ Disputed

Date or dates debt was incurred    UNKNOWN

Basis for the claim:    CUSTOMER DISPUTE

Last 4 digts of account number

Is the claim subject to offset?

☑ No
☐ Yes

---

**Lear Capital, Inc.**
22-10165

Debtor Name
Case Number (if known)

| Part 2: | All Creditors with **NONPRIORITY** Unsecured Claims |

Copy this page only if more space is needed. Continue numbering the lines sequentially from the
previous page.  If no additional PRIORITY creditors exist, do not fill out or submit this page.

Amount of Claim

| 3.9 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | UNKNOWN |

s230   MAX F BRAUER
OFFICE OF THE ATTORNEY GENERAL
SECURITIES DIVISION, 200 SAINT PAUL PLACE
BALTIMORE, MD  21202

Check all that apply.

☑ Contingent
☑ Unliquidated
☑ Disputed

Date or dates debt was incurred    UNKNOWN

Basis for the claim:    INVESTIGATION

Last 4 digts of account number

Is the claim subject to offset?

☑ No
☐ Yes

---

| 3.10 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | UNKNOWN |

s233   MICHAEL HARPER
SHERMAN LAW GROUP
9454 WILSHIRE BOULEVARD
SUITE 850
BEVERLY HILLS, CA  90212

Check all that apply.

☑ Contingent
☑ Unliquidated
☑ Disputed

Date or dates debt was incurred    UNKNOWN

Basis for the claim:    CUSTOMER DISPUTE

Last 4 digts of account number

Is the claim subject to offset?

☑ No
☐ Yes

---

| 3.11 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | UNKNOWN |

s231   RONALD MILLER
LAW OFFICES OF HARVEY W STEIN
A PROFESSIONAL CORPORATION
1300 CLAY STREET, SUITE 1050
OAKLAND, CA  94612

Check all that apply.

☑ Contingent
☑ Unliquidated
☑ Disputed

Date or dates debt was incurred    UNKNOWN

Basis for the claim:    CUSTOMER DISPUTE

Last 4 digts of account number

Is the claim subject to offset?

☑ No
☐ Yes

---

| 3.12 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $606.96 |

s39   SPECTRUM BUSINESS
PO BOX 60074
CITY OF INDUSTRY, CA  91716

Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred    2/25/2022

Basis for the claim:    TRADE PAYABLES

Last 4 digts of account number    7097

Is the claim subject to offset?

☑ No
☐ Yes

---

| Part 2: | **All Creditors with NONPRIORITY Unsecured Claims** |
|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.  If no additional PRIORITY creditors exist, do not fill out or submit this page.

**Amount of Claim**

---

**3.13**    Nonpriority creditor's name and mailing address      As of the petition filing date, the claim is:        $362.35

**s40**    SPECTRUM BUSINESS
PO BOX 60074
CITY OF INDUSTRY, CA  91716

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred    2/20/2022

Basis for the claim:   TRADE PAYABLES

Last 4 digts of account number    7226

Is the claim subject to offset?
☑ No
☐ Yes

---

**3.14**    Nonpriority creditor's name and mailing address      As of the petition filing date, the claim is:        $28,807.75

**s163**    UPS
PO BOX 650116
DALLAS, TX  75265-0116

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred    Various dates

Basis for the claim:   TRADE PAYABLES

Last 4 digts of account number

Is the claim subject to offset?
☑ No
☐ Yes

---

**3.15**    Nonpriority creditor's name and mailing address      As of the petition filing date, the claim is:        $70.84

**s37**    WAGE WORKS
PO BOX 224547
DALLAS, CA  75222

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred    2/28/2022

Basis for the claim:   TRADE PAYABLES

Last 4 digts of account number    8668

Is the claim subject to offset?
☑ No
☐ Yes

---

**3.16**    Nonpriority creditor's name and mailing address      As of the petition filing date, the claim is:        UNKNOWN

**s235**    WESLEY SAMPSON
STECKLER WAYNE CHERRY & LOVE BRUCE W STECKLER
12720 HILLCREST ROAD
SUITE 1045
DALLAS, TX  75230

Check all that apply.
☑ Contingent
☑ Unliquidated
☑ Disputed

Date or dates debt was incurred    UNKNOWN

Basis for the claim:   CUSTOMER DISPUTE

Last 4 digts of account number

Is the claim subject to offset?
☑ No
☐ Yes

---

**Lear Capital, Inc.**

Debtor Name

22-10165

Case Number (if known)

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---------|---------------------------------------------------|

List in alphabetical order any others who must be notified for claims already listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 or Part 2 did you enter the related creditor? | Last 4 digts of account number for this entity |
|------------------|----------------------------------------------------------------------|------------------------------------------------|
| **FRANCHISE TAX BOARD**<br>**CHIEF COUNSEL**<br>**C/O GENERAL COUNSEL SECTION**<br>**P.O. BOX 1720, MS:  A-260**<br>**RANCHO CORDOVA, CA  95741-1720** | s165 | |
| **KJC LAW GROUP**<br>**KEVIN J COLE**<br>**6 700 FALLBROOK AVENUE, SUITE 207**<br>**WEST HILLS, CA  91307** | s232 | |
| **LAW OFFICES OF HARVEY W STEIN**<br>**HARVEY W STEIN**<br>**A PROFESSIONAL CORPORATION**<br>**OAKLAND CITY CENTER**<br>**1300 CLAY STREET, SUITE 1050**<br>**OAKLAND, CA  94612** | s231 | |
| **REBECCA MUFF RANDOLPH DANIELS & TREDENNICK**<br>**6363 WOODWAY DR , SUITE 965**<br>**HOUSTON, TX  77057** | s234 | |
| **SHERMAN LAW GROUP**<br>**RICHARD LLOYD SHERMAN**<br>**9454 WILSHIRE BOULEVARD, SUITE 850**<br>**BEVERLY HILLS, CA  90212** | s233 | |
| **STECKLER WAYNE CHERRY & LOVE BRUCE W STECKLER**<br>**12720 HILLCREST ROAD, SUITE 1045**<br>**DALLAS, TX  75230** | s235 | |

**Lear Capital, Inc.**

Debtor Name

22-10165

Case Number (if known)

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |

**5. Add the amounts of priority and nonpriority unsecured claims.**

**Total of Claim Amounts**

**5a. Total Claims from Part 1**                                      5a.

$0.00

**PLUS UNKNOWN**

**5b. Total Claims from Part 2**                                      5b.      +

$94,948.83

**PLUS UNKNOWN**

**5c. Total of Parts 1 and 2**                                        5c.
Lines 5a + 5b = 5c.

$94,948.83

**PLUS UNKNOWN**

**Fill in this information to identify the case:**

Debtor name  Lear Capital, Inc.

United States Bankruptcy Court for the: _____    District of _____
(State of)

Case Number (if known):    22-10165    Chapter _____

☐ Check if this is an amended filing

## Official Form 206G

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | MARKETING SERVICES | ADCOLOGY, INC. 21520 YORBA LINDA BLVD SITE G, #539 YORBA LINDA, CA  92887 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |
| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | SOFTWARE | ADOBE, INC. |
| | State the term remaining | UNKNOWN | |
| | List the contract number of any government contract | | |
| 2.3 | State what the contract or lease is for and the nature of the debtor's interest | MARKETING SERVICES | ADTHENA INC. IAN O'ROURKE 720 BRAZOS STREET #1000 AUSTIN, TX  78701 |
| | State the term remaining | 5.5 MONTHS | |
| | List the contract number of any government contract | | |
| 2.4 | State what the contract or lease is for and the nature of the debtor's interest | INDEPENDENT CONTRACTOR | BEN LAMIEL 1990 S BUNDY DR. #650 LOS ANGELES, CA  90025 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |
| 2.5 | State what the contract or lease is for and the nature of the debtor's interest | CONSUMER PROTECTION | BETTER BUSINESS BUREAU 1112 S BASCOM AVE SAN JOSE, CA  95128-3507 |
| | State the term remaining | UNKNOWN | |
| | List the contract number of any government contract | | |

| Debtor | Lear Capital, Inc. | Case Number (if known) | 22-10165 |
|--------|--------------------|-----------------------|----------|
| | Nam | | |

**Additional Page if Debtor Has More Executory Contracts or Unexpired Leases**

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2. 6 | State what the contract or lease is for and the nature of the debtor's interest | MARKETING | BING |
| | State the term remaining | UNKNOWN | |
| | List the contract number of any government contract | | |
| 2. 7 | State what the contract or lease is for and the nature of the debtor's interest | DEPOSITORY | BRINKS BGS USA<br>GEO CASTRO<br>2179 SOUTH 300 WEST<br>SUITE 4<br>SALT LAKE CITY, UT  84115 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |
| 2. 8 | State what the contract or lease is for and the nature of the debtor's interest | INDEPENDENT CONTRACTOR | BROOK HITCHCOCK<br>1990 S BUNDY DR.<br>#650<br>LOS ANGELES, CA  90025 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |
| 2. 9 | State what the contract or lease is for and the nature of the debtor's interest | INDEPENDENT CONTRACTOR | CALVIN POPEJOY<br>1990 S BUNDY DR.<br>#650<br>LOS ANGELES, CA  90025 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |
| 2. 10 | State what the contract or lease is for and the nature of the debtor's interest | SAFE | CONVENTIONAL SAFE<br>RYAN ALLEN<br>1990 S BUNDY DRIVE<br>SUITE 650<br>LOS ANGELES, CA  90025 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2. 11 | State what the contract or lease is for and the nature of the debtor's interest | MARKETING | CONVERSION SCIENCES LLC<br>1101 W 34TH STREET<br>209<br>AUSTIN, TX  78705 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |

| Debtor | Lear Capital, Inc. | Case Number (if known): | 22-10165 |
| --- | --- | --- | --- |
| | Nam | | |

■ **Additional Page if Debtor Has More Executory Contracts or Unexpired Leases**

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
| --- | --- | --- |
| 2. 12 | State what the contract or lease is for and the nature of the debtor's interest | MARKETING | CURATA, INC.<br>PAWAN DESHPANDE<br>141 TREMONT ST<br>BOSTON, MA  02111 |
| | State the term remaining | 10 MONTHS | |
| | List the contract number of any government contract | | |
| 2. 13 | State what the contract or lease is for and the nature of the debtor's interest | INDEPENDENT CONTRACTOR | DANA FRANKFORT (THAYER CAPITAL)<br>1990 S BUNDY DR.<br>#650<br>LOS ANGELES, CA  90025 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |
| 2. 14 | State what the contract or lease is for and the nature of the debtor's interest | DEPOSITORY | DELAWARE DEPOSITORY SERVICE CO<br>DAWN MASON<br>3601 N MARKET ST.<br>WILMINGTON, DE  19802 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |
| 2. 15 | State what the contract or lease is for and the nature of the debtor's interest | MARKETING | DIAL 800 LLC<br>MIKE MEZZANOTTE<br>9911 WEST PICO BLVD<br>SUITE 1200<br>LOS ANGELES, CA  90035 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |
| 2. 16 | State what the contract or lease is for and the nature of the debtor's interest | MARKETING | DIALOGTECH, INC<br>DEVIN FOREMAN<br>300 WEST ADAMS STREET<br>SUITE 900<br>CHICAGO, IL  60606 |
| | State the term remaining | 9 MONTHS | |
| | List the contract number of any government contract | | |
| 2. 17 | State what the contract or lease is for and the nature of the debtor's interest | DEPOSITORY | DIAMOND STATE DEPOSITORY LLC<br>TINA ERVIN<br>D/B/A INTERNATIONAL DEPOSITORY SERVICE OF IDS<br>406 WEST BASIN<br>NEW CASTLE, DE  19720 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |

| Debtor | Lear Capital, Inc. | Case Number (if known): | 22-10165 |
| | Nam | | |

**Additional Page if Debtor Has More Executory Contracts or Unexpired Leases**

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2. 18 | State what the contract or lease is for and the nature of the debtor's interest | SOFTWARE | DOCUSIGN, INC. 221 MAIN STREET SUITE 1000 SAN FRANCISCO, CA  94105 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |
| 2. 19 | State what the contract or lease is for and the nature of the debtor's interest | STORAGE LEASE | DOUGLAS EMMETT 2007, LLC ANDREW B GOODMAN 1299 OCEAN AVENUE SUITE 1000 SANTA MONICA, CA  90401 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2. 20 | State what the contract or lease is for and the nature of the debtor's interest | STORAGE LEASE | DOUGLAS EMMETT 2007, LLC ANDREW B GOODMAN 1299 OCEAN AVENUE SUITE 1000 SANTA MONICA, CA  90401 |
| | State the term remaining | 1 YEAR, 9 MONTHS | |
| | List the contract number of any government contract | | |
| 2. 21 | State what the contract or lease is for and the nature of the debtor's interest | OFFICE LEASE | DOUGLAS EMMETT 2007, LLC ANDREW B GOODMAN 1299 OCEAN AVENUE SUITE 1000 SANTA MONICA, CA  90401 |
| | State the term remaining | 4 MONTHS | |
| | List the contract number of any government contract | | |
| 2. 22 | State what the contract or lease is for and the nature of the debtor's interest | OFFICE LEASE | DOUGLAS EMMETT 2007, LLC ANDREW B GOODMAN 1299 OCEAN AVENUE SUITE 1000 SANTA MONICA, CA  90401 |
| | State the term remaining | 1 YEAR, 9 MONTHS | |
| | List the contract number of any government contract | | |
| 2. 23 | State what the contract or lease is for and the nature of the debtor's interest | MARKETING | EBUREAU LLC GREG NEESER 25 6TH AVE NORTH ST. CLOUD, MN  56303 |
| | State the term remaining | APPROXIMATELY 10 MONTHS | |
| | List the contract number of any government contract | | |

| Debtor | Lear Capital, Inc. | Case Number (if known): | 22-10165 |
|---|---|---|---|
| | Nam | | |

**Additional Page if Debtor Has More Executory Contracts or Unexpired Leases**

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2. 24 | State what the contract or lease is for and the nature of the debtor's interest | CUSTODIAN | EQUITY TRUST COMPANY RACHEL REIMAN 1 EQUITY WAY WESTLAKE, OH  44145 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |
| 2. 25 | State what the contract or lease is for and the nature of the debtor's interest | INDEPENDENT CONTRACTOR | ERIC NETZEL 1990 S BUNDY DR. #650 LOS ANGELES, CA  90025 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |
| 2. 26 | State what the contract or lease is for and the nature of the debtor's interest | MARKETING / COMPLIANCE | ESSENTIALACCESSIBILITY MEHUL RAO SPRING PLACE 6 ST. JOHNS LANE NEW YORK, NY  10013 |
| | State the term remaining | 6 MONTHS | |
| | List the contract number of any government contract | | |
| 2. 27 | State what the contract or lease is for and the nature of the debtor's interest | MARKETING | EVOLVE TELE-SERVICES, INC. THOMAS C. BLUMBERG JR. 2859 EYDE PKWAY EAST LANSING, MI  48823 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |
| 2. 28 | State what the contract or lease is for and the nature of the debtor's interest | SHIPPING | FEDEX P O BOX 7221 PASADENA, CA  91101 |
| | State the term remaining | UNKNOWN | |
| | List the contract number of any government contract | | |
| 2. 29 | State what the contract or lease is for and the nature of the debtor's interest | SHIPPING | FRONTIER PO BOX 740407 CINCINNATI, OH  45274-0407 |
| | State the term remaining | UNKNOWN | |
| | List the contract number of any government contract | | |

| Debtor | Lear Capital, Inc. | Case Number (if known) | 22-10165 |
| --- | --- | --- | --- |
| | Nam | | |

**Additional Page if Debtor Has More Executory Contracts or Unexpired Leases**

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
| --- | --- | --- |
| 2. 30 | State what the contract or lease is for and the nature of the debtor's interest | MARKETING | GAMBIT DIGITAL RYAN LEHRER 1166 BEVERWIL DRIVE BEVERLY HILLS, CA 90035 |
| | State the term remaining | 38 DAYS | |
| | List the contract number of any government contract | | |
| 2. 31 | State what the contract or lease is for and the nature of the debtor's interest | MARKETING | GOOGLE LLC 1600 AMPHITHEATRE PARKWAY MOUNTAIN VIEW, CA 94043 |
| | State the term remaining | UNKNOWN | |
| | List the contract number of any government contract | | |
| 2. 32 | State what the contract or lease is for and the nature of the debtor's interest | TELECOMMUNICATIONS | GSOLUTIONZ 625 E SANTA CLARA STREET SUITE 100 VENTURA, CA 93001 |
| | State the term remaining | 11 MONTHS | |
| | List the contract number of any government contract | | |
| 2. 33 | State what the contract or lease is for and the nature of the debtor's interest | MARKETING | HELIUM SEO, LLC TIMOTHY WARREN 11311 CORNELL PARK DRIVE SUITE 125 CINCINNATI, OH 45242 |
| | State the term remaining | 3 MONTHS | |
| | List the contract number of any government contract | | |
| 2. 34 | State what the contract or lease is for and the nature of the debtor's interest | SOFTWARE | INTERMEDIA PO BOX 888897 LOS ANGELES, CA 90088 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |
| 2. 35 | State what the contract or lease is for and the nature of the debtor's interest | EMPLOYEE AGREEMET | JOHN OHANESIAN 1990 S BUNDY DRIVE SUITE 650 LOS ANGELES, CA 90025 |
| | State the term remaining | 9 MONTHS | |
| | List the contract number of any government contract | | |

| Debtor | Lear Capital, Inc. | Case Number (if known): | 22-10165 |
|---|---|---|---|
| | Nam | | |

**Additional Page if Debtor Has More Executory Contracts or Unexpired Leases**

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2. 36 | State what the contract or lease is for and the nature of the debtor's interest | MARKETING | JORDAN-MEDIA, LLC<br>PO BOX 141078<br>DALLAS, TX  75214 |
| | State the term remaining | 9 MONTHS | |
| | List the contract number of any government contract | | |
| 2. 37 | State what the contract or lease is for and the nature of the debtor's interest | COPIER / PRINTER | KONICA MINOLTA BUSINESS SOLUTIONS INC<br>DEPT. LA 22988<br>PASADENA, CA  91185-2988 |
| | State the term remaining | UNKNOWN | |
| | List the contract number of any government contract | | |
| 2. 38 | State what the contract or lease is for and the nature of the debtor's interest | INDEPENDENT CONTRACTOR | LARRIN DEVEREAUX<br>1990 S BUNDY DRIVE<br>#650<br>LOS ANGELES, CA  90025 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |
| 2. 39 | State what the contract or lease is for and the nature of the debtor's interest | IT/TELECOM SERVICES | LINEAR B NETWORKS, INC<br>400 CONTINENTAL BLVD 6TH FLOOR<br>EL SEGUNDO, CA  90245 |
| | State the term remaining | UNKNOWN | |
| | List the contract number of any government contract | | |
| 2. 40 | State what the contract or lease is for and the nature of the debtor's interest | SOFTWARE | LOGMEIN.COM<br>320 SUMMER STREET<br>BOSTON, MA  02210 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |
| 2. 41 | State what the contract or lease is for and the nature of the debtor's interest | SOFTWARE | MICROSOFT ONLINE, INC.<br>6880 SIERRA CENTER PARKWAY<br>RENO, NV  89511 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |

| Debtor | Lear Capital, Inc. | Case Number (if known): | 22-10165 |
|---|---|---|---|
| | Nam | | |

## Additional Page if Debtor Has More Executory Contracts or Unexpired Leases

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2. 42 | State what the contract or lease is for and the nature of the debtor's interest | MARKETING | MNTN, A DELAWARE CORPORATION RACHEL SIEGAL 823 CONGRESS AVE. #1827 AUSTIN, TX 78768 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |
| 2. 43 | State what the contract or lease is for and the nature of the debtor's interest | INDEPENDENT CONTRACTOR | MORREY WASSERMAN 1990 S BUNDY DR. #650 LOS ANGELES, CA 90025 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |
| 2. 44 | State what the contract or lease is for and the nature of the debtor's interest | IT SUPPORT | NCOL A DIVISION OF NEW CREATION CONSULTING & INFORMATION MANAGEMENT, INC IAN CAMBELL, #73023 - 8926 - 152 STREET SURREY, BC CANADA |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |
| 2. 45 | State what the contract or lease is for and the nature of the debtor's interest | MARKETING | NETCORE SOLUTIONS INC SANKALP BAJPAI 500 7TH AVE NEW YORK, NY 10018 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2. 46 | State what the contract or lease is for and the nature of the debtor's interest | MARKETING | NEWMAX BROADCASTING, LLC JOHN BACHMAN 750 PARK OF COMMERCE DRIVE SUITE 100 BOCA RATON, FL 33487 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |
| 2. 47 | State what the contract or lease is for and the nature of the debtor's interest | OFFICE LEASE | NEWPORT IRVINE CENTER, LLC ART SMITH 3300 IRVINE AVE NEWPORT BEACH, CA 92660 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |

| Debtor | Lear Capital, Inc. | Case Number (if known): | 22-10165 |
| Nam | | | |

## Additional Page if Debtor Has More Executory Contracts or Unexpired Leases

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2. 48 | State what the contract or lease is for and the nature of the debtor's interest | MARKETING | OPINION CORP 1732 1ST AVENUE #25581 NEW YORK, NY  10028 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2. 49 | State what the contract or lease is for and the nature of the debtor's interest | SECURITY | PACIFIC ALARM SYSTEMS, INC. 4444 SEPULVEDA BLVD. CULVER CITY, CA  90230 |
| | State the term remaining | 10 MONTHS | |
| | List the contract number of any government contract | | |
| 2. 50 | State what the contract or lease is for and the nature of the debtor's interest | MARKETING | PACIFICEAST RESEARCH INC. SCOTT RICE 8625 SW CASCADE AVENUE SUITE 250 BEAVERTON, OR  97008 |
| | State the term remaining | 2 YEARS | |
| | List the contract number of any government contract | | |
| 2. 51 | State what the contract or lease is for and the nature of the debtor's interest | OFFICE COFFEE | PARKS COFFEE 4030 E BROADWAY RD #802 PHOENIX, AZ  85040 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2. 52 | State what the contract or lease is for and the nature of the debtor's interest | PAYROLL PROVIDER | PAYCHEX 911 PANORAMA TRAIL S SUITE 100, 150, 250 ROCHESTER, NY  14625 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |
| 2. 53 | State what the contract or lease is for and the nature of the debtor's interest | STORAGE LEASE | PURELY STORAGE 1209 EAST AVENUE I LANCASTER, CA  93535 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |

| Debtor | Lear Capital, Inc. | Case Number (if known) | 22-10165 |
| --- | --- | --- | --- |
| | Nam | | |

### Additional Page if Debtor Has More Executory Contracts or Unexpired Leases

| List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
| --- | --- |

| 2. 54 | State what the contract or lease is for and the nature of the debtor's interest | MARKETING | RETIREMENTLIVING.COM<br>600 EAST 4TH STREET<br>TULSA, OK  74120 |
| | State the term remaining | APPROXIMATELY 9 MONTHS | |
| | List the contract number of any government contract | | |

| 2. 55 | State what the contract or lease is for and the nature of the debtor's interest | MARKETING | REVEALED FILMS, INC<br>DAVID BIRD<br>1776 PARK AVE, SUITE 4-217<br>PARK CITY, UT  84060 |
| | State the term remaining | 1 YEAR, 5 MONTHS | |
| | List the contract number of any government contract | | |

| 2. 56 | State what the contract or lease is for and the nature of the debtor's interest | MARKETING | REVIEW RECRUITERS, LLC<br>820 S MACARTHUR BLVD<br>SUITE 105-337<br>COPPELL, TX  75019 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |

| 2. 57 | State what the contract or lease is for and the nature of the debtor's interest | INDEPENDENT CONTRACTOR | SANDEEP D`SOUZA<br>1990 S BUNDY DR.<br>#650<br>LOS ANGELES, CA  90025 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |

| 2. 58 | State what the contract or lease is for and the nature of the debtor's interest | TELECOMMUNICATIONS | SPECTRUM BUSINESS (TIME WARNER CABLE)<br>PO BOX 60074<br>CITY OF INDUSTRY, CA  91716 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |

| 2. 59 | State what the contract or lease is for and the nature of the debtor's interest | MARKETING | STRIKEPOINT<br>580 BROADWAY ST<br>#201B<br>LAGUNA BEACH, CA  92651 |
| | State the term remaining | UNKNOWN | |
| | List the contract number of any government contract | | |

| Debtor | Lear Capital, Inc. | Case Number (if known): | 22-10165 |
| | Nam | | |

## Additional Page if Debtor Has More Executory Contracts or Unexpired Leases

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
| --- | --- | --- |
| 2. 60 | **State what the contract or lease is for and the nature of the debtor's interest** | PRINTER LEASES | TOSHIBA PRINTERS |
| | **State the term remaining** | N/A | |
| | **List the contract number of any government contract** | | |
| 2. 61 | **State what the contract or lease is for and the nature of the debtor's interest** | MARKETING | TRUSTPILOT, INC<br>245 FIFTH AVENUE<br>5TH FLOOR<br>NEW YORK, NY  10016 |
| | **State the term remaining** | UNKNOWN | |
| | **List the contract number of any government contract** | | |
| 2. 62 | **State what the contract or lease is for and the nature of the debtor's interest** | MARKETING | TWO-D PRODUCTIONS<br>DENA LEVY<br>1657 CRESTVIEW<br>CAMARILLO, CA  93010 |
| | **State the term remaining** | 2 MONTHS | |
| | **List the contract number of any government contract** | | |
| 2. 63 | **State what the contract or lease is for and the nature of the debtor's interest** | | U S TELEPACIFIC CORP |
| | **State the term remaining** | | |
| | **List the contract number of any government contract** | | |
| 2. 64 | **State what the contract or lease is for and the nature of the debtor's interest** | TELECOMMUNICATIONS | VERIZON<br>PO BOX 9622<br>MISSION HILLS, CA  91346-9622 |
| | **State the term remaining** | UNKNOWN | |
| | **List the contract number of any government contract** | | |
| 2. 65 | **State what the contract or lease is for and the nature of the debtor's interest** | TELEMARKETING BOND | WESTCHESTER FIRE INSURANCE COMPANY<br>725 S FIGUEROA STREET<br>SUITE 1050<br>LOS ANGELES, CA  90017 |
| | **State the term remaining** | VARIOUS | |
| | **List the contract number of any government contract** | | |

| Debtor | Lear Capital, Inc. | Case Number (if known): | 22-10165 |
|---|---|---|---|
| | Nam | | |

**Additional Page if Debtor Has More Executory Contracts or Unexpired Leases**

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|

| 2. 66 | State what the contract or lease is for and the nature of the debtor's interest | MARKETING | XCENTRIC VENTURES, LLC<br>PO BOX 310<br>TEMPE, AZ 85280 |
|---|---|---|---|
| | State the term remaining | UNKNOWN | |
| | List the contract number of any government contract | | |

| 2. 67 | State what the contract or lease is for and the nature of the debtor's interest | MARKETING | YELP, INC.<br>140 NEW MONTGOMERY STREET<br>SAN FRANCISCO, CA 94105 |
|---|---|---|---|
| | State the term remaining | UNKNOWN | |
| | List the contract number of any government contract | | |

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | Lear Capital, Inc. | |
| United States Bankruptcy Court for the: | | District of |
| | | (State of) |
| Case Number (if known): | 22-10165 | Chapter |

☐ **Check if this is an amended filing**

## Official Form 206H

## SCHEDULE H - CODEBTORS                                    12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

  ☑ No  Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

  ☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G. Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.**

| Column 1: Codebtor<br>Name and Mailing Address | Column 2: Creditor<br>Name | Check all schedules that apply: |
|---|---|---|

Fill in this information to identify the case and this filing:

Fill in this information to identify the case and this filing:

Debtor Name    Lear Capital, Inc.

United States Bankruptcy Court for the: _____ District of Delaware
                                                                        (State)

Case number (*If known*):    22-10165 (BLS)

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ *Other document that requires a declaration* _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    03/30/2022                    ✘  /s/ John Ohanesian
               MM / DD / YYYY                    Signature of individual signing on behalf of debtor

                                             John Ohanesian
                                             Printed name

                                             President and Chief Executive Officer
                                             Position or relationship to debtor