# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| LEAR CAPITAL, INC.,[1] | Case No. 22-10165 (BLS) |
| Debtor. | Re: Docket Nos. 6, 27, 87 |

**FINAL ORDER AUTHORIZING: (I) MAINTENANCE OF EXISTING BANK ACCOUNTS, (II) SUSPENDING THE REQUIREMENTS OF SECTION 345(b); (III) CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, AND (IV) CONTINUED USE OF BUSINESS FORMS PURSUANT TO 11 U.S.C. §§ 105, 345, 363, 364, 503, 1107 AND 1108 OF THE BANKRUPTCY CODE**

Upon consideration of the Motion filed by the Debtor, pursuant to sections 105, 345, 363, 364, 503, 1107 and 1108 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, seeking entry of a final order (this "Final Order"): (a) authorizing maintenance of existing bank accounts, (b) suspending the requirements of Section 345(b), (c) authorizing continued use of existing cash management system, and (d) authorizing continued use of business forms (the "Motion")[2]; and upon the First Day Declaration; and upon the statements of counsel in support of the relief requested in the Motion at the hearing before the Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and it appearing that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate and its creditors and

---

[1] The last four digits of the Debtor's federal tax identification number are 7197. The Debtor's address is 1990 S. Bundy Drive, Suite 600, Los Angeles CA 90025.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

13481275/1

2

other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on final basis as set forth herein.

2. The Debtor is authorized, but not directed, on a final basis, to maintain and utilize its existing Cash Management System and Bank Accounts.

3. The Debtor shall give notice to the U.S. Trustee, the Subchapter V Trustee, and any committees appointed in this case (if any) prior to opening or closing any bank account. Any new domestic bank account opened by the Debtor shall be established at an institution on the list of authorized bank depositories for the District of Delaware.

4. The Banks are authorized to debit the Debtor's accounts in the ordinary course of business without the need for further order of this Court for all checks drawn on the Bank Accounts which are cashed at the Banks' counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date.

5. The Banks are prohibited from honoring any check, draft, wire, or electronic funds transfer presented, issued, or drawn on the Bank Accounts on account of a prepetition claim unless (a) authorized in an order of this Court, as represented to the Banks by the Debtor; (b) not otherwise prohibited by a "stop payment" request received by the Banks from the Debtor; and (c) supported by sufficient funds in the Bank Account in question. The Banks are authorized and directed to rely on the representations of the Debtor with respect to whether any check or other payment order drawn or issued by the Debtor prior to the Petition Date should be honored and the Banks shall not have any liability to any party for relying on such representations.

6. The Banks are authorized and directed to honor postpetition checks, if any, drawn and transfers from the Bank Accounts; and in the event that a Bank refuses to honor a check drawn or a transfer made on a Bank Account maintained by the Debtor (provided there are sufficient good funds in the Bank Account to complete the transfer), the Bank must immediately turn over the deposits held in the applicable Bank Account upon the Debtor's request.

7. The Cash Management Claims are granted administrative priority status pursuant to section 503(b) of the Bankruptcy Code.

8. The Debtor is authorized, in its sole discretion, to pay: (a) all undisputed prepetition Cash Management Claims up to the total amount of $20,000.00; and (b) any such routine Cash Management Claims that accrue to the Banks postpetition in a monthly aggregate amount not to exceed $10,000.00 (excluding merchant/credit card fees).

9. The Debtor is authorized to continue using its existing pre-printed check stock, deposit slips, and other pre-printed forms without the "Debtor in Possession" designation; provided, however, that if the Debtor is required to generate new checks, deposit slips, and related forms during the pendency of the Case, then it will include this designation. To the extent the Debtor utilizes any electronically issued checks postpetition, the Debtor shall use the "debtor in possession" designation.

10. The Debtor is authorized to continue to use its Existing Forms without reference to "Debtor in Possession."

11. In connection with the ongoing use of the Cash Management System, the Debtor shall maintain records with respect to all transfers, so that all Debtor transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions.

12. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

13. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

14. The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Final Order.

**Dated: March 31st, 2022**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**