# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| LEAR CAPITAL, INC.,[1] | Case No. 22-10165 (BLS) |
| Debtor. | **Objection Deadline: April 20, 2022 at 4:00 p.m. (ET)** <br> **Hearing Date: April 27, 2022 at 11:00 a.m. (ET)** |

## DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BAKER TILLY US, LLP AS ACCOUNTANTS TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE

Lear Capital, Inc., a California corporation, the debtor and debtor in possession herein (the "Debtor"), hereby files this application (the "Application"), seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the employment and retention of Baker Tilly US, LLP ("Baker Tilly") as Debtor's accountants in this chapter 11 case (the "Chapter 11 Case") for the purposes of preparing the Debtor's tax returns and providing tax consulting services *nunc pro tunc* to the Petition Date (defined below).

In support of this Application, the Debtor submits the Declaration of Jere G. Shawver, Certified Public Accountant with Baker Tilly (the "Shawver Declaration"), a copy of which is attached hereto as **Exhibit B** and incorporated herein, and the Declaration of John Ohanesian (the "Ohanesian Declaration"), a copy of which is attached hereto as **Exhibit C** and incorporated herein. Additionally, in support of this Application, the Debtor relies on the *Declaration of John Ohanesian in Support of First Day Motions* [D.I. 15] (the "First Day Declaration"). In further support of this Application, the Debtor submits as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 7197. The Debtor's address is 1990 S. Bundy Drive, Suite 600, Los Angeles CA 90025.

## JURISDICTION, VENUE AND PREDICATES FOR RELIEF

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are sections 327, 328, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

3. On March 2, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11, subchapter V, of the Bankruptcy Code, commencing the above-captioned chapter 11 case. The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On March 2, 2022, Jami Nimeroff was appointed as Subchapter V Trustee.

## RELIEF REQUESTED

5. By this Application, the Debtor seeks to employ and retain Baker Tilly *nunc pro tunc* to the Petition Date pursuant to sections 327(a), 328(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-2, as its accountant for the purposes of preparing the Debtor's tax returns and providing tax consulting services, pursuant to the terms of the Engagement Letter (and as further set forth herein) and granting related relief.

## RETENTION OF BAKER TILLY

6. The Debtor submits this Application because of its need to retain a qualified accountant in this case. The Debtor believes that its retention of an accountant is necessary and appropriate to enable it to preserve and protect the value of the Debtor's estate and to fulfill its statutory duties.

7. The Debtor seeks to employ and retain Baker Tilly as its accountant for the purposes of preparing the Debtor's tax returns and providing tax consulting services, under the terms and conditions of the engagement letter dated February 2022 (the "<u>Engagement Letter</u>"), a true and correct copy of which is attached to the Shawver Declaration as "<u>Exhibit 1</u>" and incorporated herein by this reference. Accordingly, the Debtor respectfully requests that the Court enter the Proposed Order attached hereto as **Exhibit A**.

8. The Debtor has selected Baker Tilly as its accountant due to its extensive experience and knowledge with respect to matters such as providing the services as requested by the Debtor and because of Baker Tilly's knowledge of the Debtor's operations, as well as Baker Tilly's outstanding reputation as a provider of accounting services.

9. Baker Tilly is a top ten advisory, tax and assurance firm headquartered in Chicago, with offices at 6320 Canoga Avenue, 17th Floor, Woodland Hills, California. Baker Tilly has provided accounting services to the Debtor for the past thirteen (13) years, including preparation of income tax returns for the years ended December 31, 2008 through December 31, 2020, and providing tax planning and consulting. Baker Tilly is well qualified to provide the services requested by the Debtor.

10. The Debtor is familiar with the professional standing and reputation of Baker Tilly and has selected Baker Tilly as its accountants because Baker Tilly can provide the Debtor with the necessary services on a timely basis. The Debtor believes that Baker Tilly is well-qualified and able to represent the Debtor in this Chapter 11 case in an efficient and diligent manner.

## SCOPE OF SERVICES

11. Subject to Court approval, the professional services that Baker Tilly will render to the Debtor include, but shall not be limited to, the following:

> a. Preparing tax returns for the Debtor for the years ending December 31, 2021, including the appropriate additions to the returns (such as 505(b) prompt determination requests, and supplemental disclosures);
>
> b. Provide routine tax consulting services as may be requested from time to time by the Debtor, including tax research, analysis, consultations, assistance with tax examinations, and other routine tax consulting services, including consulting on tax matters related to the Chapter 11 Case; and
>
> c. performing such other services as the Debtor may request from time to time related to accounting and tax issues.

12. The services are necessary to enable the Debtor to maximize the value of its estate and to comply with reporting obligations. The Debtor believes that the services would not duplicate the services that other professionals will be providing to the Debtor in connection with this Chapter 11 Case. Specifically, Baker Tilly would carry out unique functions and use reasonable efforts to coordinate with the Debtor's other retained professionals to avoid the unnecessary duplication of services.

**PROFESSIONAL COMPENSATION**

13.     The Debtor understands that, with respect to the services to be rendered by Baker Tilly, Baker Tilly intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court.  Subject to those provisions, the Debtor proposes to pay Baker Tilly its customary hourly rates in effect from time to time as set forth in the Shawver Declaration.  The Debtor submits that these rates are reasonable.

14.     Fees for the services to be provided by Baker Tilly will be billed at Baker Tilly's standard rates in force at the time of service for the personal performing the services.  An example of Baker Tilly's customary hurly rates are as set forth in the schedule below.

| **Title** | **Hourly Rate** |
|---|---|
| Partner | $600 |
| Manager | $460 |
| Associate | $150 - $275 |

15.     In addition to the fee arrangements described above, the Debtor and Baker Tilly have agreed that the Debtor shall reimburse Baker Tilly for its reasonable and documented out-of-pocket expenses incurred in connection with Baker Tilly's performance of the services.

16.     Baker Tilly did not receive a pre-petition retainer.

17.     In the one-year period preceding the Petition Date, Baker Tilly received payments for fees and expenses incurred on behalf of the Debtor totaling $64,419.49.

18.     Baker Tilly is not owed any funds from the Debtor for services performed prior to the Petition Date.

13543006/1

19. The Debtor believes that the compensation structure set forth above is consistent with the compensation generally charged by accountants similar to Baker Tilly for comparable engagements, both in and out of bankruptcy. Further, the Debtor believes that the compensation structure is consistent with Baker Tilly's normal and customary billing practices for cases of comparable size and complexity requiring the level and scope of services to be provided in this Chapter 11 case.

20. Other than as set forth in the Shaver Declaration, no arrangement is proposed between the Debtor and the Baker Tilly for compensation to be paid in this Chapter 11 Case. Baker Tilly has informed the Debtor that, except for sharing arrangements among the members of Baker Tilly, it has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

## **BAKER TILLY'S DISINTERESTEDNESS**

21. To the best of the Baker Tilly's knowledge, information and belief, and based upon the Shawver Declaration, Baker Tilly does not represent, and has not represented, any entity other than the Debtor in matters related to this chapter 11 case, and, other than in connection with this chapter 11 case and the disclosures attached to the Shawver Declaration, Baker Tilly has no connections with the Debtor, its creditors, any United States Bankruptcy Judge for the District of Delaware, any of the District Court Judges for the District of Delaware who handle bankruptcy cases, the United States Trustee for Region 3, the Assistant United States Trustee for the District of Delaware, the attorney for the United States Trustee assigned to this chapter 11 case or any other employee of the Office of the United States Trustee, or any other party with an actual or potential interest in this chapter 11 case, or their respective attorneys or accountants.

13543006/1

22. To the best of the Debtor's knowledge and except as disclosed herein and in the Shawver Declaration, Baker Tilly (a) is a "disinterested person" under section 101(14) of the Bankruptcy Code; (b) does not hold or represent an interest adverse to the Debtor's estate; and (c) believes it is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code.

23. Accordingly, the Debtor believes that Baker Tilly is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code.

24. In addition, as set forth in the Shawver Declaration, if any new material facts or relationships are discovered or arise, Baker Tilly will provide the Bankruptcy Court with a supplemental declaration.

## BASIS FOR RELIEF

25. Section 327(a) of the Bankruptcy Code authorizes a debtor in possession to employ professionals that "do not hold or represent an interest adverse to the estate, and that are "disinterested persons." 11 U.S.C. § 327(a). As discussed above, Baker Tilly satisfies the disinterestedness standard of section 327(a). The Debtor submits that the retention of Baker Tilly under the terms described herein is appropriate under section 330 of the Bankruptcy Code.

26. Baker Tilly intends to submit applications for payment of compensation in this Chapter 11 Case. Baker Tilly intends to apply for allowance of compensation for professional services rendered on an hourly basis.

27. Baker Tilly also intends to apply for reimbursement of expenses incurred in connection with this Chapter 11 Case, subject to the Court's approval and compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the U.S. Trustee (the "U.S. Trustee Guidelines"), and any other applicable

7
13543006/1

procedures and orders of the Court. Baker Tilly's rates and rate structure for this Chapter 11 Case are the same as Baker Tilly charges generally for such accounting services, whether in court or otherwise, regardless of whether a fee application is required.

28. The Court's approval of the Debtor's retention of Baker Tilly in accordance with the terms and conditions set forth herein is warranted. As discussed above and in the Shawver Declaration, Baker Tilly satisfies the disinterestedness standard in section 327(a) of the Bankruptcy Code and retention of Baker Tilly pursuant to sections 327, 328 and 330 of the Bankruptcy Code is appropriate in this case. Additionally, Baker Tilly's professional staff has extensive experience and an excellent reputation for providing high quality services. Further, the Debtor believes that Baker Tilly is well qualified to provide the services to the Debtor in a cost-effective manner.

29. The Debtor, therefore, submits that the terms and conditions of Baker Tilly's retention as described herein, including the proposed compensation terms, are reasonable and in keeping with the terms and conditions typical for engagements such as in this Chapter 11 case.

## NOTICE

30. The Debtor has provided notice of this Application to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Subchapter V Trustee, and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

31. The Debtor has not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtor respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtor to employ and retain Baker Tilly as its accountants, *nunc pro tunc* as of the Petition Date, and granting such other and further relief as is just and proper.

Dated: April 4, 2022 By: /s/ *John Ohanesian*
John Ohanesian, President and CEO