## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 – Subchapter V |
| LEAR CAPITAL, INC.,[1] | Case No. 22-10165 (BLS) |
| Debtor. | **RE D.I. 130, 132** |

**DEBTOR'S OBJECTION TO MOTION TO SHORTEN NOTICE AND SCHEDULE HEARING WITH RESPECT TO MOTION OF CLIENT CUSTOMERS FOR ENTRY OF AN ORDER (I) APPOINTING AN OFFICIAL COMMITTEE OF CONTINGENT LITIGATION CUSTOMERS PURSUANT TO 11 U.S.C. § 1102(a)(3); (II) EXTENDING THE DEADLINE TO SUBMIT A PROOF OF CLAIM PURSUANT TO BANKRUPTCY RULE 3003(c)(3); AND (III) GRANTING RELATED RELIEF**

Lear Capital, Inc., the debtor and debtor in possession herein (the "Debtor"), hereby submits its Objection to the Motion to Shorten Notice and Schedule Hearing ("Motion to Shorten") With Respect to the Motion of Client Customers Jacqui Lundy, David S. Clark and Greg Godek (collectively, the "Movant") for Entry of an Order (I) Approving an Official Committee of Contingent Litigation Customers Pursuant to 11 U.S.C. § 1102(a)(3); (II) Extending the Deadline to Submit a Proof of Claim Pursuant to Bankruptcy Rule 3003(c)(3); and (III) Granting Related Relief ("Motion"). In further support of this Objection, the Debtor respectfully states as follows:

### OBJECTION

1. Movant has not demonstrated "sufficient cause" to justify a shortened notice and objection period in connection with the relief sought in the Motion to Shorten. The Debtor does not consent to the proposed relief in the Motion and intends to object to the relief sought in the Motion.

---

[1] The last four digits of the Debtor's federal tax identification number are 7197. The Debtor's address is 1990 S. Bundy Drive, Suite 600, Los Angeles, CA 90025.

- 1 -

13569223.v1

2. The relief sought in the Motion is extraordinary, and contradicts clear Congressional mandate as set forth in the Bankruptcy Code. Specifically, 11 U.S.C. § 1102(a)(3) provides that no committee may be appointed in a case under subchapter V "[u]nless the court for cause orders otherwise." 11 U.S.C. § 1102(a)(3). However, Movant does not establish sufficient cause to support the relief sought, and the Debtor intends to file an objection to the Motion so stating. In addition, the Movant has not set forth a sufficient basis as to why the Court should consider, and why the Debtor should be forced to present its opposition, to this critical and pivotal issue on a shortened time basis.

3. The Debtor intends to assert multiple defenses to the relief sought in the Motion and should be given adequate notice and time to present those defenses to the Court in earnest.

4. In order to be able to do so, however, the Debtor intends to obtain discovery regarding the origins of the relief requested, including the potential solicitation of creditors. If the Motion to Shorten is granted, the Debtor will not have time to conduct such discovery and prepare a fulsome objection to the Motion.

5. Moreover, the alleged exigencies requiring the Motion to be heard on shortened time is a direct consequence of the Movant's actions (or more appropriately, inaction). The case has been pending since March 2, 2022. The initial meeting of creditors was conducted on April 7, 2022. Movant *chose* to wait nearly two (2) weeks after the meeting of creditors to file the Motion and the Motion to Shorten, but now expects the Debtor to respond to the Motion in just four (4) days, and over a weekend. Movant should not be rewarded for its delay by granting the Motion to Shorten based on an "emergency" of the Movant's own making.

6. If the Motion is heard on the required notice and even ultimately granted, the customers will not be prejudiced by the delay and will still be able to adequately represent its

constituency. In addition, the Movant will not be harmed in that the Subchapter V trustee has been appointed and very active in the case, as have various governmental agencies, and the Debtor's plan has not been filed.

7. As to the bar date, there will be no irreparable harm to customers if the Motion to Shorten is denied. All of the Debtors current and former customers were given more than sufficient time to file a claim, and were given the notice as per this Court's standing order regarding the bar date in subchapter V cases.

8. As the Movant notes, the relief sought in the Motion requires fourteen days' notice, and shortening that notice to less than seven days would provide insufficient time for the Debtor to fully consider and properly respond to the Motion.

9. In sum, Movant has failed to offer any sufficient reason to justify its request to shorten notice so that the Motion be heard on April 27, 2022.

**WHEREFORE**, the Debtor respectfully requests this Court (i) deny the Motion to Shorten; (ii) schedule the Motion under normal notice, with a hearing no sooner than on fourteen days' notice; and (iii) grant such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: April 20, 2022<br>Wilmington, Delaware | **MORRIS JAMES LLP**<br><br>*/s/ Brya M. Keilson*<br>Jeffrey R. Waxman (DE Bar No. 4159)<br>Brya M. Keilson (DE Bar No. 4643)<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801<br>Telephone: (302) 888-6800<br>Facsimile: (302) 571-1750<br>E-mail: jwaxman@morris.james.com<br>E-mail: bkeilson@morrisjames.com<br><br>and<br><br>**SHULMAN BASTIAN FRIEDMAN & BUI LLP**<br>Alan J. Friedman (CA Bar No. 132580)<br>Melissa Davis Lowe (CA Bar No. 245521)<br>100 Spectrum Center Drive; Suite 600<br>Irvine, CA 92618<br>Telephone: (949) 427-1654<br>Facsimile: (949) 340-3000<br>E-mail:<br>afriedman@shulmanbastian.com<br>mlowe@shulmanbastian.com<br><br>*Counsel to the Debtor and Debtor in Possession* |