IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 (Subchapter V) |
| LEAR CAPITAL, INC.,[1] | Case No. 22-10165 (BLS) |
| Debtor. | Re: Docket No. 96 |

**ORDER GRANTING DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BAKER TILLY US, LLP AS ACCOUNTANTS TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

Upon consideration of the Application of Lear Capital, Inc., the debtor and debtor in possession herein ("Debtor"), for entry of an Order authorizing the employment and retention of Baker Tilly US, LLP ("Baker Tilly") as the Debtor's accountants *nunc pro tunc* to the Petition Date ("Application");[2] all as more fully described in the Application; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and it appearing that no other or further notice need be provided; and a hearing, if any, having been held to consider the relief requested in the Application (the "Hearing"); and due and proper notice of the Hearing, if any, having been provided; and upon the record of the Hearing, if any, and all of the proceedings had before the Court; and upon the Shawver Declaration and the Shawver Supplemental Declaration;[3] and the Court having found and determined that the relief

---

[1] The last four digits of the Debtor's federal tax identification number are 7197. The Debtor's address is 1990 S. Bundy Drive, Suite 600, Los Angeles CA 90025.

[2] [D.E. 96]. Capitalized terms not otherwise defined herein shall have the meanings set forth in the Application or the Shawver Supplemental Declaration as defined below.

[3] *Supplemental Declaration of Jere G. Shawver in Support of the Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Baker Tilly US, LLP as Accountants to the Debtor Nunc Pro Tunc to*

13569813.v1

sought in the Application is in the best interests of the Debtor, its estate, and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein, effective as of the Petition Date.

2. The Debtor is authorized, pursuant to section 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1, to employ and retain Baker Tilly as its accountant on the terms and conditions set forth in the Application, the Shawver Declaration, and the Shawver Supplemental Declaration and the New Engagement Letter attached thereto, *nunc pro tunc* to the Petition Date.

3. Baker Tilly shall be entitled to an allowance of compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case upon the filing and subsequent approval of interim and final applications pursuant to the Bankruptcy Rules, the Local Bankruptcy Rules, the United States Trustee Guidelines, and such other orders as this Court may direct. Baker Tilly shall not seek compensation in any form from the Debtor's estate for accounting services provided to Kevin DeMeritt or any entities affiliated with Kevin DeMeritt.

4. Baker Tilly shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code, and applicable provisions of the Bankruptcy

---

*the Petition Date*, [D.E. 134].

Rules, the Local Bankruptcy Rules, the United States Trustee Guidelines, and such other procedures as may be fixed by order of the Court.

5.  The Debtor shall be bound by the indemnification, contribution, reimbursement, exculpation, and other provisions of the New Engagement Letter and will indemnify and hold harmless Baker Tilly and the other Indemnified Parties, pursuant to the Engagement Letter, subject, during the pendency of this Case, to the following modifications:

   a.  No indemnified person shall be entitled to indemnification, contribution or reimbursement pursuant to the New Engagement Letter for services unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court;

   b.  The Debtor shall have no obligation to indemnify any Indemnified Person, or provide contribution or reimbursement to any Indemnified Person for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from such Indemnified Person's bad faith, gross negligence, willful misconduct, fraud, breach of fiduciary duty, if any, or self - dealing; (ii) for a contractual dispute in which the Debtor alleges the breach of Baker Tilly's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible under applicable law; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which such Indemnified Person should not receive indemnity, contribution, or reimbursement under the terms of the New Engagement Letter as modified by this Order; and

   c.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this Case (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing this Case, any Indemnified Person believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and reimbursement obligations under the New Engagement Letter, including, without limitation, the advancement of defense costs, Baker Tilly must file an application therefor in this Court, and the Debtor may not pay any such amounts to Baker Tilly before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Baker Tilly and the other Indemnified Persons for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Persons. All parties in interest, including, for the avoidance of doubt, the United States Trustee, shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution, or reimbursement.

13569813.v1

6. Notwithstanding Section 3 of the New Engagement Letter, there shall be no limitation of liability during the pendency of this case.

7. Notwithstanding Section 5 of the New Engagement Letter, during the pendency of this case, any disputes concerning Baker Tilly's engagement shall be first submitted to this Court.

8. Notwithstanding Section 6 of the New Engagement Letter, during the pendency of this case, notice of any proposed termination of Baker Tilly's engagement shall be provided to this Court.

9. Notwithstanding anything to the contrary in the New Engagement Letter, during the pendency of this case, Baker Tilly shall not be entitled to attorneys' fees for defending any filed objections to its fee applications.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

**Dated: April 25th, 2022**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**

13569813.v1