## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| LEAR CAPITAL, INC.,[1] | Case No. 22-10165 (BLS) |
| Debtor. | **Objection Deadline: May 24, 2022 at 4:00 p.m. (ET)**<br>**Hearing Date: May 31, 2022 at 11:00 a.m. (ET)** |

## MOTION OF THE DEBTOR FOR AN ORDER AUTHORIZING THE DEBTOR TO EXTEND LEASE AGREEMENT IN THE ORDINARY COURSE OF BUSINESS

Lear Capital, Inc., the debtor and debtor in possession (the "Debtor"), hereby moves this Court (the "Motion") for entry of an order (the "Order"), substantially in the form attached as **Exhibit B** hereto, authorizing the Debtor to extend one of its lease agreements (as further defined below) in the ordinary course of business.

## JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware,* dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Rule 9013-1(f) of the Local Rules to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      The statutory predicates for the relief requested herein are sections 105(a) and 363 of tile 11 of the United States Code.

---

[1] The last four digits of the Debtor's federal tax identification number are 7197. The Debtor's address is 1990 S. Bundy Drive, Suite 600, Los Angeles CA 90025.

## BACKGROUND

**A.      Relief Requested**

3.      By this Motion, and pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), the Debtor seeks entry of an order, out of an abundance of caution, authorizing it to extend its lease of 3,696 square feet of rentable space located at 6300 Canoga Avenue, Suite 650, Woodland Hills, California (the "Premises"), in the ordinary course of business.

**B.      General Background**

4.      On March 2, 2022, the Debtor filed its voluntary petition for relief under Chapter 11, Subchapter V, of the Bankruptcy Code (the "Petition Date").

5.      The Debtor is continuing in possession of its property, and operating and managing its business, as a debtor in possession pursuant to Bankruptcy Code Sections 1107 and 1108.

6.      A Subchapter V trustee has been appointed.  Other than the Subchapter V trustee, no trustee, examiner, or committee has been appointed in this chapter 11 case.

**C.      Description of the Debtor's Businesses**

7.      The Debtor was founded in 1997 and is a seller of precious metals. The Debtor is one of the largest in its industry with customers all over the country.

8.      A more detailed description of the Debtor's background, structure, operations and recent financial history is detailed in the Declaration of John Ohanesian in Support of First Day Motions ("First Day Declaration") [D.I. 15].  Of note, the Debtor primarily transacts sales with customers over the telephone.

9.      Prior to the Petition Date, the Debtor entered into various leases for commercial space in the ordinary course of its business.  Such included a few satellite offices wherein the Debtor conducts its business.

10.     One such lease, the Debtor's office lease for the Premises pursuant to a Master Office Lease (the "Lease") between the Debtor and Douglas Emmett Realty Fund 2002, a Delaware limited liability company ("Landlord"), is set to expire on June 30, 2022.

**D.      The Terms of the Extension of the Lease**

11.     The Debtor and the Landlord entered into the original Lease for the Premises on or about July 11, 2013.  The current Lease term is set to expire on June 30, 2022.

12.     The Debtor and the Landlord have been engaged in negotiations to extend the Lease and have agreed to terms for the extension of the Lease, including but not limited to, the following:

> i.      The term of the extension to be thirty-seven (37) months to commence on July 1, 2022.
>
> ii.     The monthly fixed rent shall be $2.23 per rentable square foot, full service gross, or approximately $8,242 per month.
>
> iii.    Rental adjustments to be made annually in the fixed amount of 3.5%.
>
> iv.     The Debtor shall be responsible for its pro rata share of operating expenses and real property taxes to the extent they exceed a 2022 base year.

A true and correct copy of the term sheet setting forth the full terms of the extension is attached as **Exhibit 1** to the Declaration in support of the Motion, attached hereto as **Exhibit A**.

13.     The Debtor believes the rent to be charged is at approximately the market rate for the area in which the Premises is located.

13605937/1

**RELIEF REQUESTED**

**A.    The Lease Represents an Ordinary Course Transaction**

14.    The Bankruptcy Code contemplates that a debtor in possession will continue business as usual and undertake transactions in the ordinary course of its business.  Unless the Bankruptcy Court orders otherwise, section 1108 of the Bankruptcy Code authorizes a debtor in possession to "operate the debtor's business," and section 363 states that "[i]f the business of the debtor is authorized to be operated under section . . . 1108 . . . and unless the court orders otherwise, the [debtor in possession] may enter into transactions . . . in the ordinary course of business, without notice or a hearing."  11 U.S.C. § 363(c)(1).

15.    As various courts have recognized:

The touchstone of 'ordinariness' is thus the interested parties' reasonable expectations of what transactions the debtor in possession is likely to enter in the course of its business.  So long as the transactions conducted are consistent with these expectations, creditors have no right to notice and hearing, because their objections to such transactions are likely to relate to the bankrupt's chapter 11 status, not the particular transactions themselves.

*In re Chernicky Coal Co.,* 67 B.R. 828, 833-34 (Bankr. W.D. Pa. 1986) (*citing In re James A. Phillips, Inc.,* 29 B.R. 391 (D.C. S.D. N.Y. 1983).

16.    The Lease is set to expire by its terms on June 30, 2022.  The Debtor continues to need office space from which its employees located near and around Woodland Hills, California may work and as such, negotiated the terms of the extension of the Lease.  The Debtor believes the rent being charged for the Premises reflects approximately the market rent in the area.

17.    The Debtor considered moving locations but decided it would be too time consuming and expensive to move to a different location. multiple different locations and options and determined that the Lease provides the best terms for the Debtor and its Estate.

18.    The terms of the extension are actually more favorable than compared to the Lease because while the amount of the space remains the same, the rent is actually lower.

19.     The Debtor will not be liable for any payment of any fee or commission in connection with the extension of the Lease.

20.     Although the Debtor believes that entering into the extension of the Lease is within the ordinary course of its business and may be entered into without notice and a hearing, it is bringing this Motion in an abundance of caution.

**B.      Authorizing the Debtor to Enter Into the Lease is in the Best Interests of the Debtor, its Estate and Creditors**

21.     Notwithstanding the Debtor's belief that entry into the extension of the Lease is soundly within the ordinary course of the Debtor's business, the Debtor submits that the Court should enter an order granting the relief requested herein because it represents the exercise of the Debtor's business judgment pursuant to section 363(b)(1) of the Bankruptcy Code and is appropriate under section 105(a) of the Bankruptcy Code.

22.     The terms of the Lease are reasonable and provide a significant benefit to the Debtor's estate and its creditors.  The nature of the Debtor's business and the extent of its operations make it essential for the Debtor to maintain a satellite office in Woodland Hills, California.  A number of its salespeople reside in the "Valley," where the Woodland Hills office is located.  There are approximately fifteen (15) salespeople and one (1) admirative employee who work from the Premises.  In order to ensure those employees do not have to commute too far to work and to remain satisfied with their jobs, it is absolutely critical that the Debtor maintain office space in Woodland Hills.

### WAIVER OF BANKRUPTCY RULES 6004(A) AND (H)

23.     To implement the foregoing successfully, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

13605937/1

## **RESERVATION OF RIGHTS**

24.     The Debtor hereby reserves any and all rights it may have with respect to the relief requested herein.

## **NOTICE**

25.     The Debtor has provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Subchapter V Trustee; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PREVIOUS REQUEST**

26.     No previous request for the relief sought herein has been made to this or any other Court.

*[Remainder of Page Intentionally Left Blank]*

13605937/1

**WHEREFORE** the Debtor respectfully requests that the Court enter an Order (1) granting the Motion; (2) authorizing the Debtor to enter into the Lease in the ordinary course of business; and (3) for such other and further relief as it deems just and proper.

Dated: May 12, 2022
Wilmington, Delaware

**MORRIS JAMES LLP**

*/s/ Brya M. Keilson*
Jeffrey R. Waxman (DE Bar No. 4159)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com
E-mail: bkeilson@morrisjames.com

and

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
Alan J. Friedman (admitted *pro hac vice*)
Melissa Davis Lowe (admitted *pro hac vice*)
100 Spectrum Center Drive; Suite 600
Irvine, CA 92618
Telephone: (949) 340-3400
Facsimile: (949) 340-3000
E-mail: afriedman@shulmanbastian.com
E-mail: mlowe@shulmanbastian.com

*Counsel to the Debtor and Debtor*
*in Possession*

13605937/1