IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| LEAR CAPITAL, INC.,[1] | Case No. 22-10165 (BLS) |
| Debtor. | Re: Docket No. 241 |

**ORDER GRANTING JOINT MOTION OF THE DEBTOR AND DEBTOR IN POSSESSION, PARTICIPATING STATES AND CUSTOMERS FOR ORDER PURSUANT TO 11 U.S.C. §105 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 9019 AUTHORIZING AND APPROVING SETTLEMENT**

Upon the *Joint Motion of the Debtor and Debtor in Possession, Participating States and Customers for Order Pursuant to 11 U.S.C. Authorizing the Debtor to Extend Lease Agreement in the Ordinary Course of and Federal Rules of Bankruptcy Procedure 9019 Authorizing and Approving Settlement* (the "Motion")[2] filed by the debtor and debtor in possession in the above-captioned case (the "Debtor"), the Participating States and the Customers (together the "Parties"); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is necessary to the ongoing orderly operation of the Debtor's business and is in the best interests of the Debtor, its estate, and its creditors; and it appearing that the notice of the Motion having been given as set forth herein was appropriate and that no other or further notice need by given; and after due deliberation and good and sufficient cause appearing therefor;

---

[1] The last four digits of the Debtor's federal tax identification number are 7197. The Debtor's address is 1990 S. Bundy Drive, Suite 600, Los Angeles CA 90025.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

13647806/1

**IT IS HEREBY ORDERED THAT:**

The Motion is GRANTED.

The Debtor is authorized to enter into the Settlement pursuant to the terms of the Term Sheet as modified below:

    a.    The committee to be formed shall be an official committee of customer creditors.

    b.    The extension of the Abstention Period is expressly subject to a further Court Order following a noticed motion.

    c.    The Parties to the Term Sheet are cognizant of the Subchapter V Trustee's dual role if she were to serve as a mediator. The Parties agree to put in place certain procedures so that her role as the Subchapter V Trustee is not hampered or limited by having served as mediator.

    d.    The Debtor agrees to resolve the Committee Motion by entry of an Order directing the United States Trustee (the "<u>UST</u>") to appoint an official committee of customers (the "<u>Creditors' Committee</u>") which will be formed only after an Order is entered approving the Motion and the Creditors' Committee shall be bound by the terms of the Settlement.[3] If the Creditors' Committee chooses to retain Potter Anderson as counsel, any objection to the retention of Potter Anderson as committee counsel and any financial advisor would be limited to standard section 327-type issues (such limitation does not apply to the UST).  For the avoidance of

---

[3] The Term Sheet includes the option for the committee to be formed as an ad hoc committee or as an official committee. When the Term Sheet was shared with the United States Trustee, the United States Trustee indicated its strong preference that the committee be formed as an official committee and the Customers agreed.  As such, notwithstanding the language of the Term Sheet, the relief requested by this Motion modifies the Term Sheet so that the Creditors' Committee formed in this case is an official committee duly appointed by the United States Trustee.

doubt, the Creditors' Committee is not bound to employ Potter Anderson, but in the event it does choose to do so, any objection by the Debtor or Participating States to Potter Anderson's retention shall be limited as set forth above. Only one committee will be formed after this Motion is granted. Fees and Expenses for the Creditors' Committee and its professionals, including the Financial Advisor and any experts retained by the Creditors' Committee are collectively limited to a budget in the amount of $600,000.00. Fee applications for the Creditors' Committee and its professionals shall be filed in the ordinary course.

   e. In an effort to avoid duplication of effort and to save costs, the Creditors' Committee and Financial Advisor, to the maximum extent consistent with their fiduciary obligations, will make the information and advice provided by the Financial Advisor available to the Participating States as well. Nothing in this Settlement nor any order approving this Settlement shall be construed or interpreted to mean that any Financial Adviser hired/retained/chosen by an Official Committee of Creditors, or that the Official Committee of Creditors, in this bankruptcy case, serves or represents the interest of the Participating States.

   f. It is recognized and understood that, notwithstanding their access to the Financial Advisor and information provided by that party, the Participating States will not be liable for the fees or expenses of the Financial Advisor.

   g. In light of the time needed to reinstitute the proceedings and move forward thereon, the Parties will have the longer of: 1) 30 days after the Abstention Period expires; or 2) the time that otherwise remains available before the expiration of any applicable deadline as of the date the Abstention Period expires to take any

actions pursuant to deadlines that expired during the Abstention Period, including seeking further extensions of time to take such actions. This includes, but is not limited to, obtaining an extension of the governmental claims bar date. That 30-day reinstitution period also applies to the Debtor's deadline to file a plan under the terms of its current Subchapter V designation.

The rights of the UST to take any action, seek any relief, or file any motion or pleading in the Case are unaffected by any part of the Settlement.

The Debtor has shown cause to extend the deadline for the filing of a plan set forth in 11 U.S.C. §1189, and all related deadlines, pursuant to the terms set forth in the Term Sheet.

Notwithstanding the possible applicability of Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the Motion or otherwise deemed waived. To the extent the 14-day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Order, such stay is hereby waived.

Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and Rule 9013-1(m) of the Local Rules of the United States Bankruptcy Court for the District of Delaware are satisfied by such notice.

This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated: June 23rd, 2022
Wilmington, Delaware

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**