**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LEAR CAPITAL, INC.,[1]<br><br>Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 22-10165 (BLS)<br><br>Hearing Date: September 7, 2022 at 11:00 a.m. (ET)<br>Objection Deadline: August 29, 2022 at 4:00 p.m. (ET) |

**APPLICATION OF THE COMMITTEE OF CUSTOMERS**
**OF LEAR CAPITAL, INC. FOR ENTRY OF AN ORDER AUTHORIZING THE**
**EMPLOYMENT AND RETENTION OF POTTER ANDERSON & CORROON LLP AS**
**COMMITTEE COUNSEL EFFECTIVE AS OF JULY 20, 2022**

The Committee of Customers (the "Committee") appointed in this chapter 11 case (the "Chapter 11 Case") of the above-captioned debtor and debtor in possession (the "Debtor") hereby files this application (the "Application") for an order, substantially in the form attached hereto as **Exhibit A**, authorizing the retention and employment of Potter Anderson & Corroon LLP ("Potter Anderson") as its counsel pursuant to section 1103 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").  In support of this Application, the Committee also files the *Declaration of Christopher M. Samis of Potter Anderson & Corroon LLP in Support of Application of the Committee of Customers of Lear Capital, Inc. for Entry of an Order Authorizing the Employment and Retention of Potter Anderson & Corroon LLP as Committee Counsel Effective as of July 20, 2022* (the "Samis Declaration"), attached hereto as **Exhibit B**.  In further support of this Application, the Committee respectfully states as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 7197.  The Debtor's address is 1990 S. Bundy Drive, Suite 600, Los Angeles CA 90025.

**JURISDICTION AND VENUE**

1. Pursuant to 28 U.S.C. §§ 157 and 1334, this Court has jurisdiction to consider and grant the relief requested herein. A proceeding to consider and grant such relief is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 328(a) and 1103(a) of the Bankruptcy Code. Relief is also proper pursuant to Bankruptcy Rule 2014 and Local Rules 2014-1 and 2016-2.[2]

**BACKGROUND**

2. On March 2, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code, electing treatment under Subchapter V. The Debtor continues to operate its business and manage its property as debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On the Petition Date, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed Jami Nimeroff as Subchapter V Trustee [Docket No. 10.

4. No trustee or examiner has been appointed in the Chapter 11 Case.

5. On April 20, 2022, certain creditors (the "Customers") of the Debtor filed a motion for appointment of an official committee of unsecured creditors [Docket No. 130] (the "Committee Motion"), to which the Debtor filed an objection [Docket No. 171]. Following an evidentiary hearing and oral argument on May 4, 2022, the Court took the Committee Motion under advisement.

---

[2] Pursuant to Local Rule 9013-1(f), the Committee hereby confirms its consent to the entry of a final order by this Court in connection with this Application if it is later determined that this Court, absent consent of the parties, cannot enter a final order or judgment with respect to this Application consistent with Article III of the United States Constitution.

6. On April 25, 2022, certain states and governmental agencies (the "Filing States") filed a motion to dismiss the Debtor's bankruptcy case [Docket No. 148] (the "Motion to Dismiss"). By agreement of the Debtor and the Filing States the Motion to Dismiss has been held in abeyance.

7. On June 7, 2022, the Debtor, the Customers, and the Filing States filed the *Joint Motion of the Debtor and Debtor In Possession, Participating States, and Customers for Order Pursuant to 11 U.S.C. 105 and Federal Rules of Bankruptcy Procedure 9019 Authorizing and Approving Settlement* [Docket No. 241] (the "9019 Motion"), which sought approval of a settlement set forth in the Term Sheet attached thereto.

8. On June 23, 2022, the Court entered the *Order Granting Joint Motion of the Debtor and Debtor in Possession, Participating States and Customers for Order Pursuant to 11 U.S.C. 105 and Federal Rules of Bankruptcy Procedure 9019 Authorizing and Approving Settlement* [Docket No. 251].

9. On June 27, 2022, the Court entered the *Order Granting in Part and Denying Without Prejudice in Part, Motion of Client Customers for Entry of an Order (I) Appointing an Official Committee of Contingent Litigation Customers Pursuant to 11 U.S.C. § 1102(a)(3); (II) Extending the Deadline to Submit a Proof of Claim Pursuant to Bankruptcy Rule 3003(c)(3); and (III) Granting Related Relief* [Docket No. 254] (the "June 27 Order").

10. On July 13, 2022, the U.S. Trustee pursuant to the June 27 Order, appointed the Committee, consisting of the following five (5) members: (i) Randy L. Svilar; (ii) Gregory Woods; (iii) James Watson; (iv) David Clark; and (v) Patricia Schappaugh o/b/o June Wheeler. [Docket No. 274].

11.     On July 20, 2022, the Committee selected Potter Anderson as its proposed counsel and selected Dundon Advisors LLC as its proposed financial advisor in this Chapter 11 Case.

12.     Information regarding the Debtor's history, business operations, capital structure, and the events leading up to the commencement of this Chapter 11 Case can be found in the *Declaration of John Ohanesian, President and CEO of Lear Capital, Inc. in Support of First Day Motions*.  *See* Docket No. 15.

## RELIEF REQUESTED AND REASONS THEREFOR

13.     By this Application, pursuant to section 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Committee requests the entry of the proposed order attached hereto as **Exhibit A**, approving the employment and retention of Potter Anderson, effective as of July 20, 2022, as the Committee's counsel in this Chapter 11 Case.

14.     Pursuant to section 1103(a) of the Bankruptcy Code, the Committee requests that this Court approve the employment of Potter Anderson as its counsel to provide the following services:

a.  advising the Committee with respect to its rights, powers and duties;

b.  advising the Committee in its consultations with the Debtor relative to the administration of the Chapter 11 Case;

c.  advising the Committee in analyzing the claims of the Debtor's customer creditors and in negotiating with such creditors;

d.  reviewing financial and operational information furnished by the Debtor to the Committee;

e.  investigating, and advising the Committee with respect thereto, the acts, conduct, assets, liabilities, and financial condition of the Debtor and/or insiders, the operations of the Debtor's business and the desirability of the continuance of such business, motions filed, assets of the estate and any other matters relevant to the Chapter 11 Case or to the formulation of a plan and/or exit strategy;

IMPAC 10267094v.3

f.  advising the Committee with respect to any contemplated sale of the Debtor's assets, and assisting, participating, and attending any related auction and sale process;

g.  analyzing the value of the Debtor's go forward businesses;

h.  assisting the Committee in its analysis of, and negotiations with, the Debtor or any third party concerning matters related to, among other things, cash collateral usage and financing to be obtained in the Chapter 11 Case and the terms of any plan of reorganization or liquidation of the Debtor;

i.  conferring with the Debtor's management, counsel, and financial advisor and any other retained professional;

j.  conferring with the principals, counsel and advisors of the Debtor's lenders and equity holders;

k.  assisting and advising the Committee with respect to its communications with the Debtor's customers regarding significant matters in the Chapter 11 Case;

l.  representing the Committee at hearings and other proceedings;

m.  attending the meetings of the Committee;

n.  reviewing and analyzing applications, orders, statements of operations, and schedules filed with the Court and advising the Committee as to their propriety;

o.  taking necessary actions to protect and preserve the interests of the Committee, including, but not limited to (i) possible prosecution of actions on its behalf, (ii) if appropriate, negotiations concerning all litigation in which the Debtor is involved, and (iii) if appropriate, reviewing and analyzing claims filed against the Debtor's estate;

p.  appearing, as appropriate, before this Court and the appellate courts, to protect the interests of the Committee before those courts;

q.  assisting the Committee in preparing and filing pleadings, motions, applications, answers, orders, reports and papers as may be necessary in furtherance of the Committee's interests and objections; and

r.  performing such other legal services as may be required and are deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

15. To the extent that Potter Anderson is assigned by the Committee to perform new services as requested by the Committee that may be necessary and proper in the Chapter 11 Case that are materially different from the above-described services (or as otherwise described in the Application), Potter Anderson will file a supplemental declaration in accordance with Bankruptcy Rule 2014.

16. The Committee is familiar with the professional standing and reputation of Potter Anderson. The Committee has selected Potter Anderson because of its extensive experience and outstanding reputation handling complex bankruptcy matters, including the representation of official committees of unsecured creditors and debtors, as well as litigation matters, business reorganizations, restructurings, and liquidations under chapter 11 of the Bankruptcy Code, its expertise, experience and knowledge in practicing before this Court, its proximity to this Court, and its ability to respond quickly to emergency hearings and other emergency matters, and other matters that are likely to be at issue in this Chapter 11 Case. Further, the Committee believes that Potter Anderson is especially well-suited to serve as Committee counsel due to its attorneys' experience representing creditors' committees in other chapter 11 cases in the United States Bankruptcy Court for the District of Delaware, including such cases as *Special Devices, Inc., Boscov's Inc., Butler Services International Inc., Nortel Networks Inc., Broadstripe LLC, Nova Holding Clinton County, LLC, Vermillion, Inc., Vion Pharmaceuticals, Inc., Pure Beauty Salons & Boutiques, Inc., Ritz Camera & Image, L.L.C., Traffic Control & Safety Corp., AFA Investment Inc., EWGS Intermediary, LLC, TPO Hess Holdings, Inc., Highway Technologies, Inc., Quantum Foods LLC, RadioShack Corp., Ultura (LA) Inc., Northshore Mainland Services, Inc., Affirmative Insurance Constellation Enterprises LLC, Optima Specialty Steel, Inc., Emerald Oil Inc., GST AutoLeather, Inc., Peekay Acquisitions, LLC, Prestige Industries LLC, Rentech WP*

6

*U.S., Inc., Rupari Holding Corp., TK Holdings Inc., Velocity Holding Company, Inc., Vitamin World, Inc., Tidewater, Inc., EV Energy Partners L.P., Heritage Home Group LLC, Hobbico, Inc., Samuels Jewelers, Inc., The Rockport Company, LLC, VER Technologies Holdco LLC, Videology, Inc., ATD Corp., Charlotte Russe Holdings, Inc., Z Gallerie, LLC, Emerge Energy Services LP, Avenue Stores, LLC, Cedar Haven Acquisition, LLC, Charming Charlie Holdings Inc., Celadon Group, Inc., Sienna Biopharmaceuticals, Inc., Fleetwood Acquisition Corp., Yueting Jia, Vector Launch Inc., High Ridge Brands Co., SFP Franchise Corp., True Religion Apparel, Inc., Techniplas, LLC, Exide Holdings, Inc., John Varvatos Enterprises Inc., Rubio's Restaurants, Inc., smarTours, LLC, Furniture Factory Ultimate Holding, L.P., In-Shape Holdings, LLC, Knotel, Inc., Renovate America, Inc., Medley LLC, and BHCosmetics Holdings, LLC.* The Committee believes that Potter Anderson is well qualified to represent the Committee in this proceeding.

17. The services of Potter Anderson are necessary to enable the Committee to assess and monitor the efforts of the Debtor and to maximize the value of its estate. Potter Anderson is well qualified and able to represent the Committee in a cost-effective, efficient and timely manner.

18. Potter Anderson has advised the Committee that it intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any administrative compensation order entered in this Chapter 11 Case. The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services are performed by the attorneys, legal assistants and staff who provide services to the Committee. These hourly rates are subject to periodic adjustment and the Committee has been advised of that fact.

19. The current standard hourly rates of the Potter Anderson professionals anticipated to be primarily staffed on this matter are set forth in the chart below:

| Billing Category | Hourly Rates |
| --- | --- |
| Partners | $800 |
| Counsel | $640 |
| Associates | $420-$450 |
| Paraprofessionals | $305-$320 |

20. Consistent with the firm's policy with respect to its other clients, Potter Anderson will charge the Committee for all charges and disbursements incurred in rendering services to the Committee. These customary items include, among other things, photocopying, facsimiles, travel, business meals, computerized research, postage, witness fees, and other fees related to trials and hearings. Internal costs or overhead cost and document production services (including regular secretarial and word processing time), will not be charged separately.

21. Potter Anderson shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this Chapter 11 Case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

22. In addition, after the Petition Date and before the formation of the Committee, Potter Anderson advised the Customers, without charge (the "Customer Advice"). As a result of the Customer Advice, Potter Anderson already had familiarity with the Debtor and this Chapter 11 Case. The Committee is aware of the Customer Advice, and the Committee believes that the Customer Advice presents no conflict to Potter Anderson acting as counsel to the Committee. Further, the Customer Advice provides the Committee with the benefit of Potter Anderson's

continuity of exposure, at no cost to the Committee or the Debtor's estate, to the principal issues in this Chapter 11 Case which is an advantage to all stakeholders in this Chapter 11 Case.

23. Based upon the Samis Declaration filed herewith, the Committee is satisfied that (i) Potter Anderson represents no interest adverse to the Committee, the Debtor, its estate, or any other party in interest in the matters upon which it is to be engaged and that its employment is in the best interest of the estate; (ii) Potter Anderson has no connection with any attorney employed in the office of the U.S. Trustee; and (iii) Potter Anderson has not been paid any retainer against which to bill fees and expenses.  To the best of the Committee's knowledge, Potter Anderson has no connection with creditors or any other party in interest except as otherwise noted above and in the Samis Declaration, and Potter Anderson is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

24. The Committee requests approval of the employment of Potter Anderson as its counsel effective as of July 20, 2022.  Such relief is warranted by the circumstances presented by this Chapter 11 Case.  Upon its selection as counsel, Potter Anderson was required to immediately commence work on time sensitive matters and promptly devote substantial resources to the Debtor's case pending submission and approval of this Application.  The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention.  *See In re Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986); *see also In re Indian River Homes, Inc.*, 108 B.R. 46, 52 (D. Del. 1989).

## **NOTICE**

25. Notice of the Application has been given to the following parties, or, in lieu thereof, to their counsel, if known: (i) the Debtor; (ii) counsel to the Debtor; (iii) the Office of the U.S. Trustee; and (iv) any party who has filed a formal request for notice in the Chapter 11 Case pursuant to Bankruptcy Rule 2002.  The Committee submits that, in light of the nature of the

relief requested and the circumstances surrounding this Chapter 11 Case, no other or further notice is required or necessary.

## NO PRIOR REQUEST

26.    No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE,** the Committee hereby respectfully requests that it be authorized to retain and employ Potter Anderson as its counsel effective as of July 20, 2022, and that Potter Anderson be paid such compensation as may be allowed by this Court, and for such other further relief as is deemed just and proper.

Dated: August 15, 2022                Respectfully submitted,

The Committee of Customers of Lear Capital, Inc.

By:    */s/ Randy L. Svilar*
Randy L. Svilar solely in his capacity as chair of the Committee of Customers

IMPAC 10267094v.3