# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| LEAR CAPITAL, INC.,[1] | Case No. 22-10165 (BLS) |
| Debtor. | **Objection Deadline: December 7, 2022 at 4:00 p.m. (ET)** <br> **Hearing Date: December 14, 2022 at 11:00 a.m. (ET)** |

## DEBTOR'S MOTION FOR ENTRY OF AN ORDER
## FURTHER EXTENDING THE ABSTENTION PERIOD

The above-captioned debtor and debtor in possession (the "Debtor"), by and through its undersigned counsel, hereby submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, extending the Abstention Period.[2] In support of this Motion, the Debtor respectfully represents as follows:

### JURISDICTION, VENUE AND STATUTORY PREDICATES

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Bankruptcy Rules 1007(b) and (c) and Local Rule 1007-1(b).

---

[1] The last four digits of the Debtor's federal tax identification number are 7197. The Debtor's address is 1990 S. Bundy Drive, Suite 600, Los Angeles CA 90025.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Joint Motion of the Debtor and Debtor in Possession, Participating States and Customers for Order Pursuant to 11 U.S.C. §105 and Federal Rules of Bankruptcy Procedure 9019 Authorizing and Approving Settlement (the "9019 Motion") (Docket No. 241).

13910555/1

4. Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final judgment or order with respect to this Motion if it is determined that the Court lacks Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

5. On March 2, 2022 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11, Subchapter V, of title 11 of the United States Code (the "Bankruptcy Code"), commencing this Chapter 11 case (the "Chapter 11 Case").

6. The Debtor has continued in the possession of its property and has continued to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On March 2, 2022, Jami Nimeroff was appointed as Subchapter V Trustee.

8. On June 7, 2022, the Debtor, Participating States and Customers filed the 9019 Motion. On June 23, 2022, the Court entered the Order approving the 9019 Motion (the "9019 Order") (Docket No. 251).

9. On July 13, 2022, the United States Trustee appointed the Committee of Customers (the "Committee") (Docket No. 274).

10. Additional details regarding the Debtor's business and the facts and circumstances supporting the relief requested herein are set forth in the First Day Declaration, the 9019 Motion and the Declaration of John Ohanesian in support of the 9019 Motion, all of which are incorporated herein by reference.

**RELIEF REQUESTED**

11. As set forth in the 9019 Motion and the 9019 Order, the Abstention Period is a ninety (90) day period during which all deadlines in the Chapter 11 Case, including all applicable Subchapter V deadlines, are stayed. The 9019 Order provides that any extension of the Abstention Period must be approved by Court order following a noticed hearing.

12. The initial expiration date of the Abstention Period was September 21, 2022.

13. Pursuant to a motion filed on September 20, 2022 [Docket 361], and the *Order Granting the Debtor's Motion for Entry of an Order Further Extending the Abstention Period* [Docket 379] ("Extension Order"), the Abstention Period was extended through and including October 21, 2022, including the deadline to file a plan being extended to and including November 21, 2022.

14. Pursuant to a motion filed on October 20, 2022 [Docket 414], and the *Order Granting the Debtor's Motion for Entry of an Order Further Extending the Abstention Period* [Docket 428] ("Extension Order"), the Abstention Period was extended through and including November 21, 2022, including the deadline to file a plan being extended to and including December 21, 2022.

15. On October 5, 2022 and November 16, 2022, the Court held status conferences as to the status of the Chapter 11 Case and the negotiations of the parties to reach a consensual plan.

16. At the most recent status conference, the Debtor advised the Court that its present intention was to file only one more motion seeking to extend the Abstention Period, unless significant progress is made during that time in which case it might consider additional extensions.

17.     The Debtor, the Committee and the Participating States (collectively, the "Parties") continue to negotiate a resolution of all outstanding issues, including the terms of a consensual plan, with the goal of achieving a resolution of the Chapter 11 Case.

18.     The Debtor and the Committee have had several conferences regarding the potential terms of a consensual plan, the most recent of which occurred on November 18, 2022.  The Debtor expects to provide to the Committee the particular terms of a counter offer very shortly for the Committee's consideration.  The Debtor expects that after the Committee reviews the offer, the parties will have a very good sense of whether they can reach a resolution on the terms of a plan.

19.     The Debtor also expects to receive an offer from the Participating States sometime after the Thanksgiving holiday week.

20.     The Debtor anticipates that the ongoing conferences and negotiations will continue to provide direction regarding the terms of a plan that the Parties would find acceptable.  However, the Debtor does not believe that it will be able to negotiate and reach the terms of a final resolution under the current timeline.

21.     As such, the Debtor is requesting, and the Committee and the Participating States consent to, an additional abstention period of thirty (30) days, through and including December 21, 2022 (the "Additional Abstention Period").  All other terms of the 9019 Order and the Term Sheet, including but not limited to the 30-day reinstitution period set forth in the Term Sheet, unless otherwise modified by the 9019 Order, remain effective, meaning the deadline for filing a plan would be extended through and including January 20, 2023.

**BASIS FOR RELIEF REQUESTED**

22. The additional time requested by the Debtor, and consented to by the other Parties, will allow the Debtor to provide the requested terms of a counter offer to the Committee, to review the offer it expects to receive from the Participating States after the Thanksgiving holiday, and to allow the Parties to continue to meet and negotiate efficiently and in good faith with one another in an attempt to resolve all outstanding issues in the Chapter 11 Case. Consequently, it is in the best interests of the Debtor and its creditors that the Parties are provided the further extension of the Abstention Period, which is the Additional Abstention Period, sought herein. The relief requested herein is not prejudicial to the rights of any party in interest in this Chapter 11 Case. The Additional Abstention Period is expressly consented to by the Committee and the Participating States, who collectively represent the vast majority of the creditors in this Chapter 11 Case.

23. Accordingly, the Debtor submits that cause exists to extend the Abstention Period deadline through and including December 21, 2022, without prejudice to the Parties' rights to seek further extensions of the Abstention Period from this Court.

**PRIOR REQUEST TO EXTEND THE ABSTENTION PERIOD**

24. As mentioned above, the Debtor filed two prior motions seeking to extend the Abstention Period for thirty (30) days each, both of which have been granted. The prior extensions of the Abstention Period were without prejudice to the Parties' rights to seek further extensions of the Abstention Period.


## NOTICE

25. Notice of this Application has been given to (i) the United States Trustee; (ii) the Subchapter V Trustee; and (iii) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit A, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: November 21, 2022
Wilmington, Delaware

**MORRIS JAMES LLP**

*/s/ Brya M. Keilson*
Jeffrey R. Waxman (DE Bar No. 4159)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morris.james.com
E-mail: bkeilson@morrisjames.com

and

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
Alan J. Friedman (admitted *pro hac vice*)
Melissa Davis Lowe (admitted *pro hac vice*)
100 Spectrum Center Drive; Suite 600
Irvine, CA 92618
Telephone (949) 340-3400
Facsimile: (949) 340-3000
E-mail: afriedman@shulmanbastian.com
E-mail: mlowe@shulmanbastian.com

*Counsel to the Debtor and Debtor in Possession*

13910555/1