**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LEAR CAPITAL, INC.,[1]<br><br>Debtor. | Chapter 11 – Subchapter V<br><br>Case No. 22-10165 (BLS)<br><br>**Hearing Date: April 12, 2023 at 1:30 p.m. (ET)**<br>**Response Deadline: March 24, 2023 at 4:00 p.m. (ET)** |

**DEBTOR'S OBJECTION (NON-SUBSTANTIVE) TO OHIO DEPARTMENT OF TAXATION PROOF OF CLAIM (CLAIM #163) (INSUFFICIENT DOCUMENTATION)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CLAIM 163 FILED BY OHIO DEPARTMENT OF TAXATION.**

Lear Capital, Inc., (the "Debtor") hereby objects (the "Objection") to Proof of Claim #163 ("Claim 163") filed by Ohio Department of Taxation ("Claimant"), filed on August 1, 2022, pursuant to Section 502 of the Bankruptcy Code and Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), substantially in the form attached as **Exhibit 1** (the "Proposed Order") disallowing and expunging Claim 163 because it does not contain documentation or information sufficient to support the claim and because the Debtor has no record of any taxes or other sums being owed to Claimant after a full review of its financial information and a review by its accountants, Baker Tilly US, LLP ("BakerTilly"). In support of this Objection, the Debtor relies on the Declaration of Lance Miller ("Miller Declaration") attached hereto as **Exhibit 2**. In further support of this Objection, the Debtor respectfully represents as follows:

[1] The last four digits of the Debtor's federal tax identification number are 7197. The Debtor's address is 1990 S. Bundy Drive, Suite 600, Los Angeles, CA 90025.

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Objection under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B). Venue of this chapter 11 case and the Objection in this District are proper under 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to Rule 9013-1(f) of the Local Rules for the United States Bankruptcy Court for the District of Delaware ("Local Rules"), the Debtor consents to the entry of a final judgment or order with respect to the Objection if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105, 501, and 502, and Bankruptcy Rules 1001 and 3007, and Local Rule 1001-1(c).

## II. BACKGROUND

4. The Debtor was founded in 1997 and is a seller of precious metals. The Debtor is one of the largest in its industry with customers all over the country.

5. On March 2, 2022, the Debtor filed its voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code (the "Petition Date').

6. The Debtor is continuing in possession of its property, and operating and managing its business, as a debtor in possession pursuant to Bankruptcy Code Sections 1107 and 1108.

7. Jami Nimeroff was appointed as the Subchapter V trustee. Other than the Subchapter V trustee, no trustee or examiner has been appointed in this chapter 11 case.

8. On June 27, 2022, the Court entered its *Order Granting in Part and Denying Without Prejudice in Part, Motion of Client Customers for Entry of an Order (I) Appointing an Official Committee of Contingent Litigation Customers Pursuant to 11 U.S.C. §1102(a)(3); (II) Extending the Deadline to Submit a Proof of Claim Pursuant to Bankruptcy Rule 3003(c)(3);*

*and (III) Granting Related Relief* (the "Settlement Order") [Docket No. 254]. The Settlement Order provided, *inter alia*, for the formation of an official committee of customer creditors.

9. Under the authority of the Settlement Order, on July 13, 2022, the United States Trustee formed the Committee of Customers (the "Committee") in this case.

10. On March 4, 2022, the Court entered its O*rder (1) Authorizing Claims and Noticing Agent to Serve Commencement Notice and Approving 2002-1(b) List; (II) Authorizing Debtor to File the Names and Contact Information of Customers Under Seal and Maintain Sealed Status; (III) Approving Form and Manner of Notice to its Customers; and (IV) Granting Related Relief* [Docket No. 25]. Said order approved the Debtor's service of the Case Commencement Notice to its current customer list, as well as publishing notice of the bar dates via publication.

11. On March 30, 2022, the Debtor filed its schedules of assets and liabilities and statement of financial affairs [Docket No. 89 and 90] (collectively, the "Schedules"). Claimant is not listed as a creditor of the Debtor in the Debtor's Schedules.

12. In the ordinary course of business, the Debtor maintains records (the "Books and Records") that reflect, among other things, the Debtor's liabilities and the amounts owed to its creditors, including taxing authorities.

13. On April 25, 2022, the Court entered its *Order Granting Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Baker Tilly US, LLP as Accountants to the Debtor* Nunc Pro Tunc *to the Petition Date* [Docket No. 145] authorizing the Debtor to employ BakerTilly as its accountants.

14. The deadline for governmental agencies to file their proofs of claim in this case, set by the General Order of the Bankruptcy Court dated September 13, 2020, and Rule 3003(c)(3), was August 29, 2022.[2]

15. On August 1, 2022, Claimant filed Claim 163, seeking to recover taxes in the total amount of $1,337,060.94, of which $1,178,075.37 Claimant asserted is entitled to status as a priority unsecured claim. A copy of Claim 163 is attached hereto as Exhibit 3.

## III. RELIEF REQUESTED

16. By this Objection, and for the reasons described more fully below, the Debtor seeks entry of the Proposed Order, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, disallowing and expunging Claim 163 as set forth in the Proposed Order.

## IV. BASIS FOR OBJECTION

17. Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that— (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1). The burden of proof for determining the validity of claims rests on different parties at different stages of the objection process. As explained by the Third Circuit:

> The burden of proof for claims brought in bankruptcy court under 11 U.S.C. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid. In other words, a claim that alleges facts sufficient to support legal liability to the claimant

[2] This deadline was extended as to certain governmental entities. The extension is not relevant to the relief sought herein.

> satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. . . . In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.,* 954 F.2d 167, 173-74 (3d. Cir. 1992) (citations omitted). Once the prima facie validity of a claim is rebutted, "[i]t is for the claimant to prove his claim, not for the objector to disprove it." *In re Kahn,* 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

Rule 3007(a) of the Bankruptcy Rules provides:

> An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing.

Fed. R. Bankr. P. 3007(a).

**A. <u>Insufficient Documentation Claims</u>**

18. The Debtor objects to Claim 163 because it lacks sufficient information or documentation to establish a prima facie valid claim, as contemplated by Bankruptcy Rule 3001(f), and Claim 163 is otherwise not supported by the Debtor's Books and Records. To wit, Claimant is not listed as a creditor on the Debtor's Schedules.

19. Further, BakerTilly reviewed the Debtor's Books and Records and analyzed whether it had any record of any amounts owed to Claimant but could find no evidence of any taxes or other claims owed to Claimant.

20. Finally, the Debtor attempted to obtain additional information or otherwise resolve Claim 163 but Claimant has generally failed to respond to the Debtor's requests.

21.    As Claim 163 fails to provide sufficient documentation or evidence to support the claim as asserted, and is otherwise not supported by the Debtor's Books and Records, Claim 163 should be disallowed and expunged.

## V.    RESPONSES TO THE OBJECTION

### A.    Filing and Service of Responses

22.    Pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, in the event Claimant contests any of the relief sought in this Objection, Claimant must file a written response to the Objection (a "Response") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, DE 19801 on or before March 24, 2023 at 4:00 p.m. (Prevailing Eastern Time) (the "Response Deadline").

23.    At the same time Claimant files a written Response, if any, with the Bankruptcy Court, Claimant must also serve a copy of the written Response upon the Debtor's counsel:

**MORRIS JAMES LLP**
Jeffrey R. Waxman
Brya M. Keilson
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
E-mail: jwaxman@morris.james.com
E-mail: bkeilson@morrisjames.com

and

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
Alan J. Friedman
Melissa Davis Lowe
100 Spectrum Center Drive; Suite 600
Irvine, CA 92618
E-mail: afriedman@shulmanbastian.com
E-mail: mlowe@shulmanbastian.com

24.    Any Response filed with the Bankruptcy Court and served on the Debtor's counsel should not disclose social security numbers or other personal information.

25. If a Response to this Objection is not received by the Response Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**B. Timely Response Required; Hearing; Replies**

26. If a Response is properly and timely filed and served in accordance with the above procedures, the Debtor will attempt to reach a consensual resolution with Claimant. If no consensual resolution is reached, the Bankruptcy Court will conduct a hearing with respect to the Objection and the Response on **April 12, 2023, at 1:30 p.m. (Prevailing Eastern Time)** or other such date and time as the parties filing responses may be notified. Only those Responses made in writing and timely filed and received will be considered by the Bankruptcy Court at any such hearing. The Debtor reserves the right to adjourn a hearing with respect to a specific objection set forth herein in any Response thereto.

27. If Claimant fails to file and serve a timely Response on or before the Response Deadline, the Debtor will present to the Bankruptcy Court an appropriate order without further notice to Claimant.

## VI. NOTICE

28. The Debtor will provide notice of this Objection by e-mailing and/or via first-class mail, postage prepaid, a copy of the Objection to Claimant. A copy of the Objection is also being served upon the United States Trustee, the Sub V Trustee and counsel to the Committee.

## VIII. RESERVATION OF RIGHTS

29. The Debtor expressly reserves its rights to amend, modify, or supplement this Objection, and to file additional objections to any claims (filed or not) in this case. Moreover, should the bases for objection stated in this Objection be overruled, or otherwise not sustained, the Debtor reserves the right to object to the claims on any other grounds that law or equity permit. Nothing contained herein shall be deemed to be or construed as a waiver of the Debtor's right to object to such claims.

30. Notwithstanding anything contained in this Objection or in the exhibits attached to the Proposed Order, nothing shall be construed as a waiver of any rights that the Debtor may have to exercise its rights of setoff or recoupment against the holders of claims subject to this Objection.

## IX. ADJOURNMENT OF HEARING

31. The Debtor reserves the right to adjourn the hearing on any claim subject to the Objection. In the event that the Debtor so adjourns the hearing, the adjournment will be reflected on the agenda for the hearing on this Objection.

[*Remainder of Page intentionally Left Blank*]

## XI. CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court enter the Proposed Order (a) disallowing and expunging Claim 163, and (b) granting such other and further relief as the Court may deem to be just and proper.

Dated: February 24, 2023
Wilmington, Delaware

**MORRIS JAMES LLP**

*/s/ Jeffrey R. Waxman*
Jeffrey R. Waxman (DE Bar No. 4159)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morris.james.com
E-mail: bkeilson@morrisjames.com

and

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
Alan J. Friedman (admitted *pro hac vice*)
Melissa Davis Lowe (admitted *pro hac vice*)
100 Spectrum Center Drive; Suite 600
Irvine, CA 92618
Telephone: (949) 340-3400
Facsimile: (949) 340-3000
E-mail: afriedman@shulmanbastian.com
E-mail: mlowe@shulmanbastian.com

*Counsel to the Debtor and Debtor in Possession*