# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LEAR CAPITAL, INC.,[1]<br><br>Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 22-10165 (BLS) |

## AGREED ORDER (I) APPOINTING MEDIATOR, (II) REFERRING CERTAIN MATTERS TO MEDIATION, AND (III) GRANTING RELATED RELIEF

By this order (the "Order") upon the request of the Parties,[2] the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") authorizes the appointment of the Mediator (as defined below) in the above-captioned chapter 11 case (the "Chapter 11 Case") of Lear Capital, Inc. (the "Debtor").

## RECITALS

WHEREAS, on March 2, 2022, the Debtor commenced a voluntary case under chapter 11 (subchapter v) of title 11 of the United States Code in the with the Bankruptcy Court.

WHEREAS, the subchapter v trustee in the Bankruptcy Case is Jami Nimeroff (the "Subchapter V Trustee")

WHEREAS, certain participating states include Alabama, Arizona, Arkansas, California, Colorado, Delaware, District of Columbia, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Mississippi, Missouri, Montana, Nebraska, New Hampshire, New Mexico, North Carolina, North Dakota, Ohio, Puerto Rico, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Washington, West

---

[1] The last four digits of the Debtor's federal tax identification number are 7197. The Debtor's address is 1990 S. Bundy Drive, Suite 600, Los Angeles CA 90025.
[2] The "Parties" are: (i) the Debtor; (ii) the Customer Committee; (iii) the Participating States; and (iv) the Subchapter V Trustee.

Virginia, and Wisconsin (collectively, the "Participating States") have been negotiating with the Debtor with respect to the terms of an acceptable chapter 11 plan.

WHEREAS, on June 27, 2022, the Bankruptcy Court United States Trustee for the District of Delaware entered an Order appointing an official committee of customers [Docket No. 254] (the "Customer Committee").

WHEREAS, certain issues with respect to the terms of a potential Chapter 11 plan have arisen.

WHEREAS, the Debtor, the Customer Committee, and the Participating States have agreed to mediation to see if the Parties could reach a consensual and global resolution, resulting in confirmation of a Chapter 11 plan.

WHEREAS, the Parties submit, that it is in the best interests of the Debtor, its estate, and all stakeholders, that a mediator be appointed to assist the Parties in trying to resolve, without limitation, issues relating to the Participating States' claims, the customer claims, and their respective treatment under a Chapter 11 plan (the "Mediation Issues").

**ORDER**

**IT IS HEREBY ORDERED THAT:**

1.  Subject to the provisions set forth herein, pursuant to Rule 9019-5 of the Local Rules of Bankruptcy Practice and Procedure of the Bankruptcy Court (the "Local Rules"), effective immediately upon entry of this Order, this matter is referred to mediation (the "Mediation"), and the Honorable Randal S. Mashburn (Bankr. M.D. Tenn.) is hereby appointed as mediator (the "Mediator") to conduct non-binding mediation concerning the Mediation Issues.

2.  The following Parties and/or their counsel agree to participate in the Mediation: (a) the Debtor and its principal(s); (b) the Customer Committee; and (c) the Participating States.

3. Notwithstanding the Local Rules, the Mediator may conduct the Mediation as the Mediator sees fit, establish the rules governing the Mediation, and consider and take appropriate action with respect to any matters the Mediator deems appropriate in order to conduct the Mediation, subject to the terms of this Order.

4. The Parties and/or their respective counsel shall participate in the Mediation in good faith and comply with all directions issued by the Mediator.

5. The Mediation proceedings shall be subject to the confidentiality provisions governing mediation as set forth in Local Rule 9019-5(d); *provided, however*, that nothing herein shall alter, modify or otherwise prejudice or impair any of the Parties' rights under any pre-existing confidentiality agreements or protective orders, all of which shall remain in full force and effect.

6. No transcript of any discussion had in the course of the Mediation is to be kept, nor are statements made in the Mediation to be introduced or made public in any future proceedings, absent express written agreement by the Parties; *provided, however*, that the Mediator shall be entitled to keep such records and take such notes as the Mediator deems necessary or helpful to carry out his duties; *provided, further*, that any such records and notes be subject to the confidentiality provisions governing mediation as set forth in Local Rule 9019-5(d).

7. The Parties are authorized to take all action necessary to effectuate the relief granted in this Order.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: February 27th, 2023
Wilmington, Delaware

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE