**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: : | Case No. 22-10165 |
| : | |
| **LEAR CAPITAL, INC.,** : | Chapter 11 |
| : | |
| Debtor : | Judge Brendan Linehan Shannon |
| : | |
| : | **Related Doc 551** <br> **Objection Deadline 03/24/2023 4 pm** <br> **Hearing Date 04/12/2023 1:30 PM** |

**RESPONSE IN OPPOSITION TO DEBTOR'S CLAIM OBJECTION**

The State of Ohio, Department of Taxation ("ODT") hereby responds to the *Debtor's Objection (Non-Substantive) to Ohio Department of Taxation Proof of Claim (Claim #163)* (Doc 551)(the "*Objection*").

*Relief Sought*

For the reasons outlined herein, ODT seeks to have the Objection overruled and to have its tax liability claim, Claim 163 (the "Claim"), preserved and allowed, as filed: or, in the alternative, for the Court to order Debtors to provide the documentation previously requested by ODT, including, but not limited to returns ledgers and exemptions claimed and, in so ordering to afford ODT an opportunity to respond accordingly.

*The Objection*

The Objection is a boilerplate "*books and records*" allegation made by the Debtors is deplete of any substantive evidence to "refute" ODT's Claim. Instead, Debtors cite, 11 U.S.C. § 502(b), and Fed. R. Bankr. P. 3007(a) [1]. Presumably, to buttress Debtor's claim that no tax is owed to ODT but this attempt is ineffective, as discussed below.

The Objection's main thrust is that, based upon Debtor's review of the its "books and records", the Claim contains "insufficient information" for it to be considered a valid claim before this Bankruptcy Estate. To wit:

> *"(T)he Debtor objects to Claim 163 because it lacks sufficient information or documentation to establish a prima facie valid claim, as contemplated by Bankruptcy Rule 3001(f), and Claim 163 is otherwise not supported by the Debtor's Books and Records. To wit, Claimant is not listed as a creditor on the Debtor's Schedules."* Debtors then add that "… *BakerTilly reviewed the Debtor's Books and Records and analyzed whether it had any record of any amounts owed to Claimant but could find no evidence of any taxes or other claims owed to Claimant*[2]

Debtors then collaterally offer: "*Finally, the Debtor attempted to obtain additional information or otherwise resolve Claim 163 but Claimant has generally failed to respond to the Debtor's requests.* "[3] However, this statement is misleading at best; ODT did work with Debtor to resolve this claim but Debtor fails or refuses to understand that returns and ledgers are still needed.

---

[1] See Complaint (Doc 551) at page 4-5.
[2] See Complaint (Doc 551) at page 5.
[3] See Complaint (Doc 551) at page 5.

2

***Standards for Objecting to Timely Filed Claims***

In Bankruptcy, the Courts have generally accepted and widely applied the rule: that when a claimant timely files a proof of its claim[4] pursuant to 11 USC §501, that claim is prime facie valid. "*An objecting party must raise a substantive objection, one that is contained within 11 USC § 502(b) 1-9. Even if the claims are not considered prima facie valid, the objection must still present evidence to rebut the evidence in the claims. In short, 11 U.S.C. § 501 only requires a creditor to timely file the proof of claim to establish the claim as valid*". *In re Guidry*, 321 B.R. 712 (Bankr. D. Ill. 2005).

In short, as outlined in 11 U.SC §502(a), a timely filed claim is deemed allowed unless a party- in-interest objects; however, the presumptive validity of such a claim is not altered, unless, an objection is filed and supported by substantial evidence. *Brown v. IRS (In re Brown)*, 82 F.3d 801 (8th Cir. 1996); *In re Hemingway Transp*., 993 F.2d 915, 28 C.B.C.2d 1545 (1st Cir. 1993).

Thus, in consideration of the foregoing statutory and case law, a tax claim is not "invalidated" merely because , ". . .*Claimant is not listed as a creditor on the Debtor's Schedules*"[5] In this instance, Debtor has simply misunderstood or has actively ignored its obligations for reporting and remittance of its taxable sales.

---

[4] See below, this Claim was timely filed.
[5] See Complaint (Doc 551) at page 5.

3

*The Claim is a Valid Tax Claim*

Despite Debtor's protestations to the contrary, the Claim is a valid tax claim, timely[6] presented on August 1, 2022. To wit[7]:



First, pursuant to 11 U.S.C. § 502 and, well settled case law: "in Bankruptcy, state law governs the substance of claims". *Butner v. United States*, 440 U.S. 48, 57, 59 L.Ed 136, 99S Ct. 914. Stated somewhat differently, " . . . in the absence of modification expressed in the Bankruptcy Code the burden of proof on a tax claim in bankruptcy remains where the substantive tax law puts it" *Id*. "In the absence of modification expressed in the Bankruptcy Code the burden of proof on a tax claim in bankruptcy remains where the substantive tax law puts it." *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 26, 120 S. Ct. 1951, 1958 (2000). The foregoing is consistent with the fact that Congress has traditionally permitted State Law to function within the fabric of federal bankruptcy law; namely, to

---

[6]In reviewing any governmental bar dates, the petition in this case was filed January 19, 2011. Therefore, pursuant to 11 USC §502(b) (9), the governmental claims bar date expired August, 29, 2022. Therefore, the claims, as filed, were timely filed on the same date.

[7] BMC Group was approved by the Court to act as the Claims and Noticing Agent (See, Order - Doc 25)

4

define the pre-existing, i.e. pre-bankruptcy, rights of the parties to a bankruptcy case. *In re Pruitt*, 401 B.R. 546, 564-65 (Bankr. D. Conn. 2009) Again, Courts have been well settled, from an early date, that state laws to the extent that those laws conflict with the Code, those state laws are thus suspended; but, only to the extent of the State laws actually conflict. *Butner v. United States*, 440 U.S. 48, 54 n.9, 99 S. Ct. 914, 918 (1979). Herein, there exists no conflict.

In this instance the Ohio Legislature has empowered ODT to collect sales tax pursuant to Ohio Revised Code ("ORC") §§ 5739.01 *et seq.* Specifically, ORC §5739.02 "*For the purpose of providing revenue with which to meet the needs of the state . . . an **excise tax is hereby levied on each retail sale made in this state**. (A) (1) The tax shall be collected as provided in section 5739.025 of the Revised Code. The rate of the tax shall be five and three-fourths per cent. The tax applies and is collectible when the sale is made, regardless of the time when the price is paid or delivered.*" See also, ORC §§ 5739.021, 5739.023, and 5739.026.

*Estimation of Claims is Due to Debtors' Failure to File Returns &Reports*

Further, keeping in mind that the Ohio "tax code" is a voluntary system, which relies on each entity to honestly and faithfully report the ODT Claims were estimated pursuant to ORC § 57393.13 and, 11 U.S.C. § 502 (c) so as not to *"unduly delay the administration of the case"* but the ODT Claims were estimated because Debtors have failed to file or otherwise provide documentation, such as annual reports, receipts of tax paid or,

5

certificates of exemption, for the times outlined in the Claim, as it is with any "non-reporting" taxpayer, this was a consideration.

*Conclusion*

In response to Debtors' "books and records" objection, the case law is well settled: tax claims, which are not based on a writing, but on a statutory obligation, are not subject to the requirements of Rule 3001 of the Federal Rules of Bankruptcy Procedure. The purpose of Rule 3001 is ". . . to apprise the bankruptcy court and the trustee of the terms of any writing which formed the basis of a claim." Further, and as stated above, the substance of the Claim is governed by the substantive tax law and the burden of proof on a tax claim, in bankruptcy, remains where the substantive tax law puts it, which was on petitioner. Additionally, "*. . . there is no reason why the state interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.*"[8]

In the instant case, Debtors, like every business, in or out of Bankruptcy Court, have a duty to register and report its gross receipts for items purchased and sold, in the course of operations in the State of Ohio, and to then remit those taxes, as mandated by ORC § 5739.12(A)(1): "*Each person who has or is required to have a vendor's license, on or before the twenty-third day of each month, shall make and file a return for the preceding month in the form prescribed by the tax commissioner, and shall pay the tax shown on the*

---

[8] *Butner v. United States*, 440 U.S. 48, 57, 59 L.Ed 136, 99S Ct. 914.  See also, *Raleigh v. Ill. Dep't of Revenue,* 530 U.S. 15 (U.S. 2000.)

*return to be due. The return shall be filed electronically using the Ohio business gateway, as defined in section 718.01 of the Revised Code, the Ohio telefile system, or any other electronic means prescribed by the commissioner. Payment of the tax shown on the return to be due shall be made electronically in a manner approved by the commissioner.*"

WHEREFORE, the Ohio Department of Taxation requests that the Court enter an order allowing the Claim to remain to remain against the Estate, as filed, be afforded the opportunity to recover these taxes, interest and penalties or any portion of them provided for in the approved plan, , and which orders the Debtors to provide all relevant returns, receipts, ledgers and claims of exemptions to ODT and, any other relief deemed equitable.

        Respectfully submitted,
        Dave Yost
        Ohio Attorney General

        /s/Robert L. Doty
        Robert L. Doty (0047216)
        Assistant Attorney General
        Collections Enforcement, Toledo Regional Office
        One Government Center, Suite 1340
        640 Jackson Street
        Toledo, Ohio 43604-2261
        (419) 245-2550; fax (877) 626-9294
        *Attorney for Ohio Department of Taxation*

### *Certificate of Service*

I hereby certify that on March 10, 2023, I electronically filed the foregoing *Response in Opposition* was then served true and accurate copies of it, as follows, upon the following:

**Electronic Mail Notice List**

- Upon all those so authorized to receive notice.

**Manual Notice List**

None

    /s/Robert L. Doty
Robert L. Doty (0047216),
Assistant Attorney General
*Attorney for the State of Ohio*