# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>LEAR CAPITAL, INC.,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11 (Subchapter V)<br><br>Case No. 22-10165 (BLS)<br><br>Re: D.I. 626<br><br>**Hearing Date**: April 26, 2023 at 1:30 p.m. (ET)<br><br>**Objection Deadline**: April 24, 2023 at 12:00 p.m. (ET)[2] |

**UNITED STATES TRUSTEE'S RESERVATION OF RIGHTS TO MOTION OF THE DEBTOR FOR AN ORDER (I) SCHEDULING A HEARING ON PLAN CONFIRMATION AND DEADLINES RELATED THERETO; AND (II) APPROVING THE SOLICITATION, NOTICE AND TABULATION PROCEDURES AND THE FORMS RELATED THERETO**

Andrew R. Vara, the United States Trustee for Region 3 ("U. S. Trustee"), through his counsel, files this reservation of rights (the "Reservation") to *Motion Of The Debtor For An Order (I) Scheduling A Hearing On Plan Confirmation And Deadlines Related Thereto; And (II) Approving The Solicitation, Notice And Tabulation Procedures And The Forms Related Thereto* ("Solicitation Procedures Motion") [D.I. 626], and in support of his Reservation, states:

---

[1] The last four digits of the Debtor's federal tax identification number are 7197. The Debtor's address is 1990 S. Bundy Drive, Suite 600, Los Angeles CA 90025.

[2] Undersigned counsel for the U.S. Trustee informed Debtor's counsel that this Reservation may be filed shortly after noon ET on April 24, 2023, and provided counsel for the Debtor a list of the U.S. Trustee's issues with the Motion in advance of the Objection Deadline.

1

## PRELIMINARY STATEMENT

1. Out of an abundance of caution, the U.S. Trustee files this Reservation to the Solicitation Procedures Motion to preserve his rights to object to any unresolved issues on the Motion at the Hearing. Among other issues, the U.S. Trustee has raised the following general issues with the Motion:

- Clarification on the scope of the requests in the Motion;
- The scope of creditors or parties in interest who will receive the Confirmation Hearing Notice;
- The contents of the information to be included in the forthcoming exhibits B-1, B-2, and B-3 to the Plan;
- The information to be included on the Ballot transmitted to parties who have not filed "sufficient information" to support their proof of claims;
- Conspicuous and clear clarifications/revisions to the Tabulation Procedures that clarify that customers must object to the Plan if they disagree with the proposed Allowed amount of their claim, which the Debtor admits is not the amount listed on the proof of claims and related clarification to the Rule 3018(a) mechanics;
- The content of the Voting Report;
- Revisions to the Plan Supplement filing deadline;
- Clarification and/or revisions to the finding regarding due process in the proposed order; and
- Conforming the proposed order to the previously entered Sealing Order.

2. The Debtor and U.S. Trustee are exchanging comments and documents in order to address these issues, and both parties hope to be resolved before the Hearing. However, due to the shortened timeframe and impending Objection Deadline, the U.S. Trustee files this Reservation.[3]

## JURISDICTION, VENUE, STANDING

3. This Court has jurisdiction over the above-captioned cases pursuant to 28 U.S.C. § 1334. This Court is authorized to hear and determine the Reservation and the Motion pursuant to 28 U.S.C. § 157(a, b), and the amended standing order of reference issued by the United States

---

[3] The U.S. Trustee understands that the Subchapter V Trustee has raised certain informal comments related to the U.S. Trustee issues and about the projections filed with the Plan, and that the Subchapter V trustee's rights to be heard on these issues are preserved for the Hearing.

District Court for the District of Delaware dated February 29, 2012. Venue of the cases is proper in this District pursuant to 28 U.S.C. § 1408(1).

4. Pursuant to 28 U.S.C. § 586, the U. S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U. S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U. S. Trustee as a "watchdog").

5. Pursuant to 11 U.S.C. § 307, the U. S. Trustee has standing to be heard with regard to this Objection.

**FACTS**

6. On March 2, 2022 (the "Petition Date"), the Debtor filed a voluntary bankruptcy petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") as a debtor defined in Bankruptcy Code section 1182(1) commencing this case (the "Chapter 11 Case"), and the Debtor elected to proceed under Subchapter V of chapter 11 of the Bankruptcy Code pursuant to the Small Business Debtor Reorganization Act, as amended.

7. On March 2, 2022, the U.S. Trustee appointed Jami Nimeroff as the Subchapter V trustee.

8. On April 14, 2023, the Debtor filed its Subchapter V Plan of Reorganization.

9. On April 17, 2023, the Debtor filed the Solicitation Procedures Motion to facilitate soliciting votes on the Plan.

**RESERVATION OF RIGHTS**

10. The U.S. Trustee files this Reservation to the Solicitation Procedures Motion to preserve his rights to object to any unresolved issues on the Motion at the Hearing. Among other issues, the U.S. Trustee has raised the following general issues with the Motion:

- Clarification on the scope of the requests in the Motion;
- The scope of creditors or parties in interest who will receive the Confirmation Hearing Notice;
- The contents of the information to be included in the forthcoming exhibits B-1, B-2, and B-3 to the Plan;
- The information to be included on the Ballot transmitted to parties who have not filed "sufficient information" to support their proofs of claim;
- Conspicuous and clear clarifications/revisions to the Tabulation Procedures that clarify that customers must object to the Plan if they disagree with the proposed Allowed amount of their claim, which the Debtor admits is not the amount listed on the proof of claims and related clarification to the Rule 3018(a) mechanics;
- The content of the Voting Report;
- Revisions to the Plan Supplement filing deadline;
- Clarification and/or revisions to the finding regarding due process in the proposed order; and
- Conforming the proposed order to the previously entered Sealing Order.

11. The Debtor and U.S. Trustee are exchanging comments and documents in order to address these issues, and both parties hope to be resolved before the Hearing. However, due to the shortened timeframe and impending Objection Deadline, the U.S. Trustee files this Reservation.

12. The U.S. Trustee leaves the Debtor to its burden of proof and reserves any and all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this Reservation, file an appropriate Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

| | |
|---|---|
| Dated: April 24, 2023.<br>　　　Wilmington, Delaware | Respectfully submitted,<br><br>**ANDREW R. VARA**<br>**UNITED STATES TRUSTEE, REGION 3**<br><br>By: /s/ *Rosa Sierra-Fox*<br>　　　Rosa Sierra<br>　　　Trial Attorney<br>　　　United States Department of Justice<br>　　　Office of the United States Trustee<br>　　　J. Caleb Boggs Federal Building<br>　　　844 King Street, Suite 2207, Lockbox35<br>　　　Wilmington, Delaware 19801<br>　　　Phone: (302) 573-6492<br>　　　Fax:    (302) 573-6497<br>Email: rosa.sierra-fox@usdoj.gov |

**CERTIFICATE OF SERVICE**

I, Rosa Sierra-Fox, hereby attest that on April 24, 2023, I caused to be served a copy of this Reservation by electronic service on the registered parties via the Court's CM/ECF system and upon the following parties:

| **Counsel to the Debtors**<br><br>**MORRIS JAMES LLP**<br>Jeffrey R. Waxman (DE Bar No. 4159)<br>Brya M. Keilson (DE Bar No. 4643)<br>Email: jwaxman@morrisjames.com<br>Email: bkeilson@morrisjames.com | **Counsel to the Debtors**<br><br>**SHULMAN BASTIAN FRIEDMAN & BUI LLP**<br>Alan J. Friedman (admitted pro hac vice)<br>Melissa Davis Lowe (admitted pro hac vice)<br>Email: afriedman@shulmanbastian.com<br>Email: mlowe@shulmanbastian.com |
|---|---|
| **Counsel to the Committee**<br><br>R. Stephen McNeill | Counsel<br>Potter Anderson & Corroon LLP<br>rmcneill@potteranderson.com<br><br><br>**Subchapter V Trustee**<br>Jami Nimeroff<br><JNimeroff@bmnlawyers.com> | **The Participating States**<br><br>**Karen Cordry, Bankruptcy Counsel**<br>**National Association of Attorneys General**<br>kcordry@naag.org<br><br>Max F. Brauer<br>**Assistant Attorney General**<br>**Office of the Attorney General**<br>**Securities Division**<br>mbrauer@oag.state.md.us<br>www.marylandattorneygeneral.gov |

*/s/Rosa Sierra-Fox, Esq.*
Rosa Sierra-Fox
