UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| **BRENDAN LINEHAN SHANNON**<br>**JUDGE** | **824 N. MARKET STREET**<br>**WILMINGTON, DELAWARE**<br>**(302) 252-2915** |

April 28, 2023

Jeffrey R. Waxman, Esquire  
Morris James LLP  
500 Delaware Avenue, Suite 1500  
P.O. Box 2306  
Wilmington, DE 19801  

Rosa Sierra-Fox, Esquire  
Office of the United States Trustee  
U.S. Department of Justice  
844 King Street, Suite 2207  
Wilmington, DE 19801  

Jami B. Nimeroff, Esquire  
Brown McGarry Nimeroff LLC  
919 N. Market Street  
Suite 420  
Wilmington, DE 19801  

      RE:    In re: Lear Capital, Inc.  
                <u>Case No. 22-10165 (BLS)</u>

Dear Counsel:

      This letter follows upon a hearing held on April 26, 2023 in the above matter.  The issue before the Court is whether the Debtor's proposed plan must include forward-looking financial projections.  The governing statute is 11 U.S.C. § 1190(1)(c), which only requires "projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization."  Here, the Debtor's plan will be funded in full on the effective date, and is not dependent on the Debtor's post-confirmation performance.

      The Debtor's plan conforms to the requirements of § 1190(1)(c).  The Court will not require additional disclosure or information to be included in the plan.  In so ruling, the Court acknowledges that forward projections are usually a standard disclosure item in Chapter 11 cases, but the rather unusual plan structure here arguably renders them superfluous.  The Court also accords significance to

Jeffrey R. Waxman, Esquire
Jami B. Nimeroff, Esquire
Rosa Sierra-Fox, Esquire
April 27, 2023
Page 2

the support for the plan expressed by the Committee and by the various states, who all participated in a successful judicial mediation.[1]

      The Court will enter an order approving solicitation procedures consistent with this letter and the Court's rulings at the April 26 hearing.

      Very truly yours,

      Brendan Linehan Shannon
      United States Bankruptcy Judge

BLS/jmw

---

[1] The Sub V Trustee expressed concern that the Debtor might seek non-consensual confirmation under 11 U.S.C. 1191(b), in which case the future performance of the Debtor might be relevant.  The Debtor has represented that it has no intention or expectation to seek non-consensual confirmation.