# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | Chapter 11 (Subchapter V) |
| LEAR CAPITAL, INC., a California corporation, | Case No. 22-10165 (BLS) |
| Debtor.[1] | Re D.I. 626 |

### ORDER (I) SCHEDULING A HEARING ON PLAN CONFIRMATION AND DEADLINES RELATED THERETO; AND (II) APPROVING THE SOLICITATION, NOTICE AND TABULATION PROCEDURES AND THE FORMS RELATED THERETO

Upon consideration of the motion (the "Motion") of Lear Capital, Inc., the debtor and debtor in possession herein (the "Debtor") for an Order (I) Scheduling a Hearing on Plan Confirmation and Deadlines Related Thereto; and (II) Approving the Solicitation, Notice and Tabulation Procedures and the Forms Related Thereto; it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); it appearing that venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; due, adequate and sufficient notice of the Motion having been given; and this Court having reviewed the Motion, having heard the arguments of the Subchapter V Trustee and the United States Trustee, and having heard the statements in support of the relief requested therein at a hearing before this Court; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor,

THE COURT HEREBY FINDS AS FOLLOWS:

A. The procedures set forth below for the solicitation and tabulation of votes to accept

---

[1] The last four digits of the Debtor's federal tax identification number are 7197. The Debtor's address is 1990 S. Bundy Drive, Suite 600, Los Angeles CA 90025.

or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

B. The contents of the Solicitation Package, as set forth in the Motion, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties including, without limitation, Holders of Claims and Interests in the Debtor.

C. The Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 1**, satisfies the requirements of due process with respect to all Holders of Claims and Interests.

D. The form of Ballots for Class 3, substantially in the forms attached hereto as **Exhibit 3**: (i) is sufficiently consistent with Official Form B314; (ii) adequately addresses the particular needs of the Chapter 11 Case; and (iii) is appropriate for the Voting Class.

E. The voting instructions and procedures attached to the Ballot provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the applicable Bankruptcy Rules.

F. Ballots need not be provided to Holders of Unclassified Claims. Further, Ballots need not be provided to Holders of Secured Claims, Priority Unsecured Claims, General Unsecured Claims of Ongoing Vendors and Equity Interest Holders respectively, as such non-voting classes are unimpaired and are conclusively presumed to have accepted the Plan in accordance with sections 1126(f) of the Bankruptcy Code.

G. The period during which the Debtor may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for Holders of Claims in the Voting Class to make informed decisions to accept or reject the Plan, and submit their Ballots in a timely fashion.

H. The Tabulation Procedures (as defined below) for the solicitation and tabulation of

votes to accept or reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

IT IS HEREBY FOUND AND DETERMINED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Confirmation Hearing Notice, in substantially the form attached hereto as **Exhibit 1,** is approved, and by no later than three business days after entry of this Order, the Debtor shall commence serving the Confirmation Hearing Notice on: (i) all known creditors and equity security holders (but not on any of the Debtor's customers that did not file Proofs of Claim), (ii) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in the Chapter 11 Case, (iii) state and local taxing authorities for all jurisdictions in which the Debtor did business, (iv) the Internal Revenue Service, (v) the United States Attorney for the District of Delaware, (vi) holders of Claims or Interests whether in the Voting Class or in the Non-Voting Classes, (vii) the United States Trustee, and (viii) all persons or entities listed on the Debtor's creditor mailing matrix (other than any of the Debtor's customers that did not file Proofs of Claim).

3. The forms of Ballot, in substantially the forms attached hereto as **Exhibit 3,** are approved, and by no later than three business days after entry of this Order, the Debtor shall commence serving a copy of the appropriate form of Ballot to all known Holders of Claims in Class 3.

4. The form of Notice of Unimpaired Non-Voting Status, in substantially the form attached hereto as **Exhibit 4,** is approved, and by no later than three business days after entry of this Order, the Debtor shall commence serving all known Holders of Claims in Class 1 (Secured Claims), Class 2 (Priority Unsecured Claims), Class 4 (General Unsecured Claims of Ongoing Vendors) and Class 5 (Equity Interest Holders) with the Notice of Unimpaired Non-Voting Status.

5. The form of Opt-Out Notice, in substantially the form attached hereto as **Exhibit 5,** is approved, and by no later than three business days after entry of this Order, the Debtor shall commence serving all the Participating States with the Opt-Out Notice.

6. The service of the Confirmation Hearing Notice and Solicitation Procedures Order as contemplated herein satisfies the requirements of due process with respect to all Holders of Claims and Interests, whether known or unknown.

7. Pursuant to Bankruptcy Rule 3017(d), **April 26, 2023** (the "Voting Record Date"), shall be the record date for purposes of determining which Holders of Claims are entitled to receive Solicitation Materials (as defined below) and, where applicable, vote on the Plan. With respect to any transferred claim, the transferee shall only be entitled to receive and cast a Ballot on account of such transferred claim if the parties have completed all actions necessary to affect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) by the Voting Record Date (including without limitation, the passage of any applicable objection period).

8. No later than three business days after entry of this Order, BMC Group, Inc. (the "Voting Agent") shall begin service of a copy of the following documents upon the Voting Class:

   a. the Plan and all other exhibits annexed thereto;

   b. the Solicitation Procedures Order, excluding the exhibits annexed thereto;

   c. the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 1**;

   d. a particularized Ballot, substantially in the form attached hereto as **Exhibit 3**; along with a pre-addressed return envelope;

   e. a letter to creditors substantially in the form attached hereto as **Exhibit 2** in support of the Plan; and

   f. such other materials as the Court may direct or approve, including any supplemental solicitation materials the Debtor may file with the Court.

(collectively, the "Solicitation Materials").

4

9. The exhibits to the Plan relating to the Voting Class (Exhibits B-1, B-2, and B-3) that set forth the proposed distribution to each Holder of a Claim in the Voting Class may be partially sealed as provided for in the Seal Order.[2]

10. No later than three business days after entry of this Order, the Voting Agent shall begin serving those other documents approved by the Court hereto upon the Holders of Claims and Interests in the Non-Voting Classes, and other parties in interest as set forth herein, including also the Opt-Out Notice to the Participating States. Such materials, including (a) the Confirmation Hearing Notice and (b) the Notice of Unimpaired Non-Voting Status, shall be for information purposes only and not for solicitation since such Creditors and Interest Holders shall not be entitled to vote on the Plan or shall be deemed to have accepted or rejected the Plan, as applicable. The notice to Non-Voting Classes is hereby approved.

11. To the extent that the Office of the United States Trustee, governmental units having an interest in the Chapter 11 Case or those parties requesting notice pursuant to Bankruptcy Rule 2002 have not otherwise received notice and information as described in paragraph 2 of this Order, or Solicitation Materials, by the Solicitation Commencement Date, the Debtor shall distribute, or cause to be distributed, by first-class mail to such parties the following information (collectively, the "Information Package"): (a) the Plan, together with all other exhibits annexed thereto, (b) this Order, excluding the exhibits annexed thereto, and (c) the Confirmation Hearing Notice.

12. In order to be counted as votes to accept or reject the Plan, Ballots must be properly executed, completed and delivered by (a) first class mail; (b) courier; (c) personal delivery, or (d) the Voting Agent's online Ballot submission portal, to the Voting Agent so that the Ballots are actually received no later than **May 30, 2023 at 4:00 p.m. (ET)** (the "Voting Deadline").

5

---

[2] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion.

13. Ballots transmitted by facsimile, e-mail, or other electronic means will not be counted, unless such Ballots are transmitted through the Voting Agent's online Ballot submission portal. Instructions for uploading a Ballot are on the Voting Agent's website.

14. In tabulating votes, the following procedures shall be used to determine the voting amount for each Voting Claim (the "Tabulation Hierarchy"):

a. The amount of the Claim listed in the Debtor's schedules of assets and liabilities; unless (i) such Claim is scheduled but listed (x) as contingent, unliquidated, undetermined, or disputed or (y) in the amount of $0.00, (ii) a Proof of Claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law), (iii) such Claim has been satisfied by the Debtor, (iv) a Proof of Claim has been asserted in the amount of $0, or (v) such Claim has been resolved pursuant to a stipulation or order entered by the Court.

b. The undisputed, non-contingent and liquidated amount specified in a Proof of Claim timely filed with the Court or the Voting Agent (or otherwise deemed timely filed by the Court under applicable law) to the extent such Proof of Claim has not been amended or superseded by another Proof of Claim filed on or before the Voting Record Date and is not the subject of an objection (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, or otherwise resolved by the Court, the amount set forth in such stipulation or order).

c. If a Proof of Claim timely filed with the Court or the Voting Agent (or otherwise deemed timely filed by the Court under applicable law) has been amended by a later Proof of Claim filed on or before the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed Proof of Claim shall be disallowed for voting purposes, regardless of whether the Debtor has objected to such amended claim.

d. If a Proof of Claim has been timely filed with the Court or the Voting Agent (or otherwise deemed timely filed by the Court under applicable law) and such claim is asserted in the amount of $0.00, such claim shall not be entitled to vote.

e. If a claim is proposed to be treated as Allowed under the Plan, such claim is allowed for voting purposes in the deemed Allowed amount set forth in the Plan. The Allowed amount of Class 3 Claims for voting purposes shall be the amount set forth in the Proof of Claim filed by such the Holder of the Class 3 Claim. If such Holder disagrees with the proposed distribution under the Plan as set forth in Exhibit B, he/she/it must file an objection to the Plan.

f. If a claim is temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018, such claim is allowed for voting purposes in the amount permitted by the Court's order.

g. Except as otherwise provided in subsection (c) hereof, a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim in a wholly unliquidated, unknown, or

uncertain amount that is not the subject of a claim objection filed on or before the Voting Deadline shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and shall be ascribed a value of one dollar ($1.00) for voting purposes only in determining whether the aggregate Claim amount requirement of Bankruptcy Code Section 1126(c) has been met.

h.      Except as otherwise provided in subsection (c) hereof, if a Creditor casts a Ballot and has timely filed a Proof of Claim (or has otherwise had a Proof of Claim deemed timely filed by the Court under applicable law), but the Creditor's Claim is the subject of a claim objection filed by the Voting Deadline, the Debtor may request, in accordance with Bankruptcy Rule 3018(a), that the Creditor's Ballot not be counted. Notwithstanding the above, the Recovery Calculation used to determine the distribution to be made to Class 3 Creditors shall not be treated as an objection to Class 3 Claims and as such, the Debtor shall not request that the Ballot of any Class 3 Creditor not be counted on the basis set forth in Bankruptcy Rule 3018(a).

15.     The following procedures and standard assumptions shall be utilized in tabulating the votes to accept or reject the Plan (the "Tabulation Procedures"):

a.      Creditors with multiple Claims within the Voting Class must vote all such Claims in the Voting Class to either accept or reject the Plan, and may not split their vote(s). Accordingly, an individual Ballot that partially rejects and partially accepts the Plan on account of multiple Claims within the Voting Class will not be counted.

b.      In the event a Claim is transferred after the transferor has executed and submitted a Ballot to the Voting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Voting Record Date.

c.      The delivery of a Ballot will be deemed made only when the Voting Agent has actually received the original, executed Ballot or the Ballot is accepted through the Voting Agent's online Ballot submission portal on the Voting Agent's website.

d.      If a Holder of a Claim casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last properly executed Ballot received before the Voting Deadline shall supersede and revoke any earlier received Ballot, and only the last Ballot received before the Voting Deadline shall be counted.

e.      If a Holder of a Claim casts multiple Ballots on account of the same Claim or Class of Claims, which are received by the Voting Agent on the same day in the case of mailed submissions, but which are voted inconsistently, such Ballots shall not be counted.

f.      If a Holder of a Claim submits a duplicate paper Ballot and an electronic Ballot (as provided for using the E-Ballot platform on the Voting Agent's website), only the electronic Ballot will be counted.

7

g. Unless otherwise provided, any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection only by filing a noticed motion as provided for in Rule 3018(a).

h. Subject to any contrary order of the Court, the Debtor reserves the right to reject any and all Ballots that are not in proper form.

i. Subject to any contrary order of the Court, the Debtor reserves the right to waive any defects, irregularities, or conditions of delivery as to any particular Ballot, including failure to timely file such Ballot.

j. Unless otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtor (or the Court) determines, and delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

k. Neither the Debtor nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor will any such party incur any liability for failure to provide such notification. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted (except as set forth in subsection (j) above).

l. The following Ballots shall not be counted in determining acceptance or rejection of the Plan:

(i) any Ballot that is otherwise properly completed, executed and timely returned to the Voting Agent, but does not indicate an acceptance or rejection of the Plan, or indicates both an acceptance and a rejection of the Plan;

(ii) any Ballot received after the Voting Deadline, except in the Debtor's discretion, or by order of this Court;

(iii) any Ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code;

(iv) any Ballot that is illegible or contains insufficient information to permit the identification of the Creditor;

(v) any Ballot that partially accepts, or partially rejects, the Plan;

(vi) any Ballot cast by a Person or Entity that does not hold a Claim in the Voting Class;

(vii) any unsigned Ballot or Ballot without an original signature, except for ballots cast using the Voting Agent's electronic portal and except in the Debtor's discretion; and

(viii) any Ballot transmitted to the Voting Agent by facsimile, e-mail, or other electronic means, except for ballots cast using the Voting Agent's electronic portal or otherwise permitted.

16. To the extent a Holder of a Claim in the Voting Class has filed (i) duplicate Proofs of Claim with respect to a single Claim against the Debtor, or (ii) Proofs of Claim amending previous Proofs of Claim with respect to the Debtor, such Holder of a Claim shall be entitled to receive only one Solicitation Package and one Ballot for voting such Claim, whether or not the Debtor has objected to such Claim(s).

17. To the extent the Debtor has no information on a Claim filed by a Holder of a Claim in the Voting Class (because the Proof of Claim does not attach any information and the Debtor cannot locate the Creditor in its records) such that the Debtor is unable to calculate the amount of the proposed payment to such Holder, such Holder shall provide the detailed backup in support of the Claim by no later than May 23, 2023 . Further, if such Holder fails to do so, then the Holder shall be deemed to have waived any right to recovery under the Plan.

18. Objections to confirmation of the Plan, if any, must: (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, and (iii) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, no later than **May 30, 2023 at 4:00 p.m. (ET)**, and (iv) a copy must be served upon: (1) counsel to the Debtor, Shulman Bastian Friedman & Bui LLP, 100 Spectrum Center Drive, Suite 600, Irvine, California 92618, Attn: Alan J. Friedman and Melissa Lowe, afriedman@shulmanbastian.com and mlowe@shulmanbastian.com, and Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801, Attn: Jeffrey Waxman and Brya Keilson, jwaxman@morrisjames.com and bkeilson@morrisjames.com; (2) counsel to the Committee, R. Stephen McNeill at rmcneill@potteranderson.com; (3) the United States Trustee to Rosa Sierra-Fox at rosa.sierra-fox@usdoj.gov; and (4) the Subchapter V Trustee, Jami Nimeroff at jnimeroff@bmnlawyers.com.

Unless an objection is timely Filed and served, it may not be considered by the Bankruptcy Court at the Confirmation Hearing.

19. On or before **June 1, 2023**, the Voting Agent will file a signed declaration setting forth the final voting results and methodology used to tabulate the votes, including which parties, if any, opted out of the Release, including whether any Ballots were not accepted, or were rejected, and the reason for such, and whether the Debtor accepted any ballots after the Voting Deadline (the "<u>Voting Declaration</u>").

20. No later than **June 5, 2023 at 4:00 p.m. (prevailing Eastern time)**, any party in interest may file a brief in support and submit any evidence in support of confirmation of the Plan, as well as respond to any objections or responses filed in opposition to the Plan.

21. The Confirmation Hearing is hereby scheduled for **June 8, 2023 at 11:00 a.m. (prevailing Eastern time).** The Confirmation Hearing may be continued from time to time by the Debtor without further notice other than by (i) announcing the adjourned date(s) at the Confirmation Hearing (or any continued hearing), or (ii) filing a notice with the Court.

22. The Debtor is authorized to make non-substantive and ministerial changes to any notices, packages or documents approved hereunder, including those in the Solicitation Materials, without further approval of the Court prior to their dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes to the Plan and any other notices, packages or documents approved hereunder, including those in the Solicitation Materials, prior to their distribution. If the Debtor makes any such changes, the Debtor shall file the revised documents with the Court prior to dissemination.

23. The Debtor is authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

24. The Court shall retain jurisdiction as to all matters relating to the interpretation, implementation, and enforcement of this Order.

25. This Order is effective immediately upon entry.

**Dated: May 2nd, 2023**
**Wilmington, Delaware**

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE