## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 – Sub V |
| LEAR CAPITAL, INC., | Case No.: 22-10165-BLS |
| Debtor. | |

**SUPPLEMENTAL DECLARATION OF BRAD DANIEL OF BMC GROUP REGARDING VOTING AND TABULATION OF BALLOTS FOR SMALL BUSINESS DEBTOR'S PLAN OF REORGANIZATION PROPOSED BY THE DEBTOR**

I, Brad Daniel, hereby submit this supplemental declaration (the "Supplemental Declaration") under penalty of perjury:

1.      I am a Director of BMC Group, Inc. ("BMC") and am authorized to make this Declaration on behalf of BMC.  Pursuant to an order entered on April 25, 2022 [Docket No. 146], BMC was employed as the Administrative Agent for Lear Capital, Inc. (the "Debtor").

2.      I submit this Supplemental Declaration in connection with the *Declaration of Brad Daniel of BMC Group Regarding Voting and Tabulation of Ballots for Small Business Debtor's Plan of Reorganization Proposed by the Debtor* filed on June 1, 2023 [Docket No. 691], and with respect to the vote amounts described therein for accepting and rejecting the *Small Business Debtor's Plan of Reorganization Proposed by the Debtor* [Docket No. 655] (the "Plan").

3.      To tabulate the dollar amount of votes to accept or reject the Plan BMC followed the *Order (I) Scheduling a Hearing on Plan Confirmation and Deadlines Related Thereto; and (II) Approving the Solicitation, Notice, and Tabulation Procedures, and the Forms Related Thereto* [Docket No. 658, entered May 2, 2023] (the "Solicitation Procedures Order") at Paragraph 14.

4.      Properly executed ballots from parties entitled to vote on the Plan that BMC tabulated for an amount of $1.00 were treated as such in accordance with the provision of the

Solicitation Procedures Order, Paragraph 14(g) "a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim in a wholly unliquidated, unknown, or uncertain amount that is not the subject of a claim objection filed on or before the Voting Deadline shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and shall be ascribed a value of one dollar ($1.00) for voting purposes only in determining whether the aggregate Claim amount requirement of Bankruptcy Code Section 1126(c) has been met."

5.      All other properly executed ballots from parties entitled to vote on the Plan were tabulated by BMC in accordance with the provision of the Solicitation Procedures Order at Paragraph 14(b), wherein the Voting Amount is ordered to be "[t]he undisputed, non-contingent and liquidated amount specified in a Proof of Claim timely filed with the Court or the Voting Agent (or otherwise deemed timely filed by the Court under applicable law) to the extent such Proof of Claim has not been amended or superseded by another Proof of Claim filed on or before the Voting Record Date and is not the subject of an objection (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, or otherwise resolved by the Court, the amount set forth in such stipulation or order)."

//
//
//
//
//
//
//

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America, that the foregoing statements are true and correct.

Respectfully submitted,

Dated: June 5, 2023

_____/s/___Brad Daniel_____
Brad Daniel